```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/16/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INDYMAC BANK, F.S.B., :

            Plaintiff, :

  – against – :

NATIONAL SETTLEMENT AGENCY, INC.; :
STEVEN M. LEFF; RACHEL M. LEFF;
RICHARD A. LEFF; JOHN DOES 1–100, :

            Defendants. :

Case No.: 07 cv 6865 (LTS)

**ORDER TO SHOW CAUSE FOR
(1) ORDER OF ATTACHMENT,
(2) PRELIMINARY INJUNCTION,
AND (3) EXPEDITED DISCOVERY,
WITH TEMPORARY RESTRAINTS**

---

Upon the pleadings and the previously-submitted affidavit of Nicholas J. Nyland, sworn to on August 1, 2007, the Declaration of Eric Weinstein, dated August 16, 2007, and the Memorandum of Law dated August 16, 2007, it is hereby:

**ORDERED THAT,** defendant Rachel Leff or her attorneys show cause before this Court at Room 17-C, United States Courthouse 500 Pearl Street, New York, NY 10007 on the 21st day of August 2007 at 11:00 a.m./~~p.m.~~, or as soon thereafter as counsel can be heard:

(1)    Why an order of attachment pursuant to Fed. R. Civ. P. 64 and C.P.L.R. § 6201 should not be entered against the assets of Rachel M. Leff, and any interest of her in personal or real property (personal and custodial) or any debt owed to her in the State of New York sufficient to ensure satisfaction of a judgment of $2,349,150.00 plus interest, costs, disbursements, and fees; and

(2)    Why a preliminary injunction should not be entered pursuant to Fed. R. Civ. P. 65 enjoining Rachel M. Leff, her garnishees, agents, assigns, and any entities or individuals acting

on her behalf, during the pendency of this action, from directly or indirectly secreting, transferring, selling, alienating, concealing, encumbering, or otherwise dissipating any of her assets, or paying any debt owed by her, up to $2,349,150 plus interest, costs, disbursements, and fees, but excluding ordinary and usual living expenses; and

(3)    Why an order allowing expedited discovery should not be entered; and

(4)    Why an order awarding any other relief this Court may deem just and proper should not be entered.

**AND** it appearing that the plaintiff has good cause for not notifying Rachel M. Leff of this application, because of concern that such notice would give her or any of the other named defendants an opportunity to secrete assets and frustrate plaintiff's collection efforts, and that plaintiff will suffer immediate and irreparable injury by reason of its inability to determine the whereabouts of, and to collect from the named defendants, money which has inexplicably been removed from escrow accounts in which plaintiff has a beneficial and superior interest;

**AND** a prior application having been made to this Court by order to show cause, and Rachel M. Leff having been represented at the hearing on August 7, 2007 by counsel Lawrence F. Morrison, Esq., and plaintiff having agreed to forebear, in part, from pursuing the requested relief until taking expedited discovery; it is hereby

**ORDERED** that, pending the hearing, determination, and resolution of the within motion, that Rachel M. Leff, her garnishees, agents, assigns, and any entities or individuals acting on their behalf, are hereby restrained and enjoined from directly or indirectly secreting, transferring, selling, alienating, concealing, encumbering, or otherwise dissipating any of Rachel M. Leff's assets, or paying any debt owed by Rachel M. Leff, up to $2,349,150 plus interest, costs, disbursements, and fees, but excluding ordinary and usual living expenses; and it is further

ORDERED that, pursuant to C.P.L.R. § 6212(b), the undertaking currently filed with this Court in the amount of $10,000.00, shall be sufficient to secure this temporary restraining order; and it is further

ORDERED that a copy of this Order and of the papers upon which it is based shall be served by hand or overnight delivery, so that the papers are received on or before August 20, at 5:00 p.m. 2007, upon Rachel Leff through her counsel, Larry Morrison at 220 East 72nd Street, 25th Fl., New York, NY 10021; and it is further

ORDERED that any opposition papers be served upon counsel for the plaintiff ~~by~~ two hours before ~~overnight delivery within ___ days~~ of the return date and time on this order to show cause and that any reply papers be served upon the named defendants by overnight delivery within one day of the return date on this order to show cause.

**SO ORDERED:**

_Kimba M. Wood_
Kimba M. Wood
United States District Judge
PART I

Date and Time: 8-16-07
3:58 p.m.

**FELDMAN WEINSTEIN & SMITH LLP**
Attorneys for Plaintiff IndyMac Bank, F.S.B.

By: _[signature]_
Eric Weinstein (EW 5423)
David J. Galalis (DG 1654)
420 Lexington Avenue, Ste. 2620
New York, NY 10170
(212) 869-7000

3