UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INDYMAC BANK, F.S.B.,

         Plaintiff,

– against –

NATIONAL SETTLEMENT AGENCY, INC.;
STEVEN M. LEFF; RACHEL M. LEFF;
RICHARD A. LEFF; JOHN DOES 1–100,

         Defendants.

Case No.: 07 cv 6865 (LTS)

**ORDER TO SHOW CAUSE FOR ORDER OF ATTACHMENT, TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND EXPEDITED THIRD-PARTY DISCOVERY**

---

Upon the accompanying affidavit of Nicholas J. Nyland, sworn to on August 1, 2007, the Declaration of David J. Galalis dated August 6, 2007, the Memorandum of Law dated August 6, 2007, and a copy of the complaint, it is hereby:

**ORDERED THAT,** the named defendants or their attorneys show cause before this Court at Room 15B, United States Courthouse 500 Pearl Street, New York, NY 10007 on the 7 day of August 2007 at 3 p.m.; or as soon thereafter as counsel can be heard:

(1) Why an order of attachment pursuant to Fed. R. Civ. P. 64 and C.P.L.R. § 6201 should not be entered against the assets of the named defendants, and any interest of the named defendants in personal or real property or any debt owed to the named defendants situated in the State of New York sufficient to ensure satisfaction of a judgment of $2,349,150 plus interest, costs, disbursements, and fees; and

(2) Why a preliminary injunction should not be entered pursuant to Fed. R. Civ. P. 65 enjoining the named defendants, their garnishees, officers, directors, partners, affiliates, agents,

employees, assigns, and any entities or individuals acting on their behalf, during the pendency of this action, from directly or indirectly secreting, transferring, selling, alienating, concealing, encumbering, or otherwise dissipating any of the named defendants' assets, or paying any debt owed to the named defendants, up to $2,349,150 plus interest, costs, disbursements, and fees, but excluding the ordinary and usual living and business expenses of the named defendants; and

(3)   Why an order allowing continued expedited third-party discovery should not be entered; and

(4)   Why an order awarding any other relief this Court may deem just and proper should not be entered.

**AND** it appearing that the plaintiff has good cause for not notifying the named defendants of this application, because of concern that such notice would give the named defendants an opportunity to further secrete assets and frustrate plaintiff's collection efforts, and that plaintiff will suffer immediate and irreparable injury by reason of its inability to determine the whereabouts of, and to collect from the named defendants, money which has inexplicably been removed from two attorney trust or escrow accounts in which plaintiff has a beneficial and superior interest;

**AND** prior application having been made to this Court for *ex parte* relief on August 2, 2007, before Judge George B. Daniels and Judge Daniels having denied that request, without prejudice, with leave to re-move before Judge Laura T. Swain; it is hereby

**ORDERED** that, pending the hearing, determination, and resolution of the within motion, that the named defendants, their garnishees, officers, directors, partners, affiliates, members, agents, employees, assigns and any entities or individuals acting on their behalf, are hereby restrained and enjoined from directly or indirectly secreting, transferring, selling,

alienating, concealing, encumbering, or otherwise dissipating any of the named defendants' assets, or paying any debt owed by ~~to~~ the named defendants, up to $2,349,150 plus interest, costs, disbursements, and fees, but excluding the ordinary and usual living and business expenses of the named defendants; and it is further

**ORDERED** that, pending the hearing, determination, and resolution of the within motion, the plaintiff may serve subpoenas upon JP Morgan Chase Bank, and any other third party, for any purpose, including but not limited to, locating and identifying the money that IndyMac entrusted to National Settlement Agency, locating and identifying any assets of the defendants, and locating and identifying other parties responsible for IndyMac's loss; and it is further

**ORDERED** that, pursuant to C.P.L.R. § 6212(b), on or before 5:00 p.m. on August 6, 2007, plaintiff shall post an undertaking in the amount of $10,000, ~~for which _____ is conditioned on plaintiff paying any costs and damages, including reasonable attorney's fees, which may be sustained by reason of the attachment if the defendant recovers judgment or if it is finally decided that the plaintiff was not entitled to an attachment of the named defendants' property, and the balance conditioned that the plaintiff shall pay to the Marshal all of his allowable fees. The attorney for the plaintiff shall not be liable to the Marshal for such fees. The surety on the undertaking shall not be discharged except upon notice to the Marshal; and it is further~~ -KMW

**ORDERED** that a copy of this Order and of the papers upon which it is based shall be served by ~~overnight delivery, on or before~~ hand by 5 p.m. on August 6, 2007, upon: (a) National Settlement -KMW Agency, Inc. and Richard A. Leff at the offices of National Settlement Agency, Inc. located at 404 Park Avenue South, 5th Floor, New York, NY 10016 and 575 Madison Avenue, Suite 1006,

3

New York, NY 10022, (b) Steven M. Leff by his counsel Larry H. Krantz, Krantz & Berman LLP, 747 Third Avenue, 32nd Floor, New York, NY 10017, (c) Rachel M. Leff by her counsel Larry Morrison at 220 East 72nd Street, 25th Fl., New York, NY 10021, and (d) additional service upon Richard A. Leff at his residence at 10 Park Road, Short Hills, NJ 07078; and it is further

**ORDERED** that any opposition papers be served upon counsel for the plaintiff ~~by overnight delivery within three days of the return date on this order to show cause and that any reply papers be served upon the named defendants by overnight delivery within one day of the return date on this order to show cause.~~ on a schedule to be determined at the August 7, 2007 hearing.

Dated: New York, New York
August 6, 2007

ENTER: _Laura M. Wood_
United States District Judge
Part I

FELDMAN WEINSTEIN & SMITH LLP
Attorneys for Plaintiff IndyMac Bank, F.S.B.

By: _____
Eric Weinstein (EW 5423)
David J. Galalis (DG 1654)
420 Lexington Avenue, Ste. 2620
New York, NY 10170
(212) 869-7000

4