Michelle S. Feldman, Esq. (MF-3029)
LAMB & BARNOSKY, LLP
534 Broadhollow Road
Melville, New York 11747
Telephone: (631)694-2300
Facsimile: (631)694-2309

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
ENCORE CREDIT CORP. d/b/a ECC ENCORE CREDIT,

                               Plaintiff,

      -against-

JOSEPH LAMATTINA, LAMATTINA & ASSOCIATES,
INC., JOSEPH W. LAFORTE, JAMES LAFORTE, JR.,
TINA LAFORTE, JAMES LAFORTE, TARA GIBSON,
JAIME LYNN GULI, FRANCIS ALFIERI and
MICHAEL O'LEARY,

                             Defendants.
-------------------------------------------------------------------- X

**COMPLAINT**
(Jury Trial Demanded)

      Plaintiff, ENCORE CREDIT CORP. d/b/a ECC ENCORE CREDIT ("Plaintiff" or

"Encore"), by its attorneys, Lamb & Barnosky, LLP, as and for its complaint against the

defendants, alleges as follows:

## NATURE OF PLAINTIFF'S CLAIMS

    1.     This lawsuit arises out of an apparent fraud scheme and defendants' wrongful

actions as the closing attorney for Encore, a mortgage lender, in three residential real estate

mortgage transactions. As the closing attorney, defendants JOSEPH LAMATTINA and

LAMATTINA & ASSOCIATES, INC. received and escrowed funds belonging to Encore

pending completion of the mortgage transactions. Upon information and belief, rather than

applying the funds to the transactions, defendants used the funds for their own benefit.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) in that the amount in controversy is in excess of $75,000, exclusive of interest and costs, and pursuant to 28 U.S.C. §1332(c) because there is diversity between the parties.

3.      Venue is proper pursuant to 28 U.S.C. §1391(a).

## THE PARTIES

4.      Encore is a California corporation registered to do business in the State of New York, with its principal place of business at 1833 Alton Parkway, Irvine, CA 02606.

5.      Upon information and belief, defendant JOSEPH LAMATTINA ("LaMattina") is an attorney licensed to practice law in the State of New York , resides at 81 Allison Avenue, Staten Island, New York and is a shareholder, officer or director of defendant LaMattina & Associates, Inc. or is otherwise affiliated with LaMattina & Associates, Inc.

6.      Upon information and belief, defendant LAMATTINA & ASSOCIATES, INC. ("L&A") is a law firm and a corporation organized and existing under the laws of the State of New York, with its principal place of business at 220 Old Country Road, Mineola, New York and also maintaining offices at 2071 Clove Road, Suite 206, Staten Island, New York 10304 and 88 New Dorp Plaza, Suite 304, Staten Island, New York.

7.      Upon information and belief, defendant JOSEPH W. LAFORTE, is an individual residing at 15 Galveston Loop, Staten Island, New York, and at all relevant times was a shareholder, officer, employee or agent of L&A.

8.      Upon information and belief, defendant JAMES LAFORTE, JR. is an individual residing at 65 Tuckahoe, Avenue, Staten Island, New York, and at all relevant times was a shareholder, officer, employee or agent of L&A.

2

9.  Upon information and belief, defendant TINA LAFORTE is an individual residing at 69 Darnell Lane, Staten Island, New York, and at all relevant times was a shareholder, officer, employee or agent of L&A.

10.  Upon information and belief, defendant JAMES LAFORTE is an individual residing at 69 Locust Avenue, Staten Island, New York, and at all relevant times was a shareholder, officer, employee or agent of L&A.

11.  Upon information and belief, defendant TARA GIBSON is an individual residing at 11 Frank Court, Staten Island, New York, and at all relevant times was a shareholder, officer, employee or agent of L&A.

12.  Upon information and belief, defendant JAIME LYNN GULI is an individual residing at 15AGalveston Loop, Staten Island, New York, and at all relevant times was a shareholder, officer, employee or agent of L&A.

13.  Upon information and belief, defendant FRANCIS ALFIERI is an individual residing at 18 Hillis Street, Staten Island, New York, and at all relevant times was a shareholder, officer, employee or agent of L&A.

14.  Upon information and belief, defendant MICHAEL O'LEARY is an individual residing at 120 Poillon Avenue, Staten Island, New York, and at all relevant times was a shareholder, officer, employee or agent of L&A.

## FACTS

15.  Encore is a licensed mortgage banker which provides loans that are secured by real property.

16.  A significant source of Encore's business comes from mortgage brokers who submit loan applications to Encore on behalf of potential borrowers.

17.     If a loan application is approved by Encore, a loan closing is then scheduled whereby the loan documents, mortgage and other necessary documents are executed and the funds are disbursed in accordance with the closing instructions issued by Encore to the closing attorney.  Typically, funds are disbursed to satisfy existing mortgages and/or other obligations of the borrower.

18.     Due to the volume of loans closing and the expansive territory where loans are made and can occur, Encore retains outside counsel to represent Encore's interests at the closings.

19.     The closing attorney is provided with closing instructions which, among other things, identifies the documents to be signed at closing and directs how the settlement funds are to be disbursed.

20.     Upon the confirmation of a closing and the scheduled date of disbursement of the settlement funds, Encore's warehouse lender (on Encore's behalf) wire transfers to the closing attorney's trust account, the monies necessary to effectuate a closing.

21.     In or about July and August, 2005, Encore approved the loan applications of three (3) potential borrowers and engaged defendants LAMATTINA and L&A to act as its closing attorney.  The potential borrowers were: (1) Attilio Guarino ("Guarino"), (2) Raul Ivan Guazhambo ("Guazhambo"), and (3) Wayne Smalls ("Smalls") (collectively the "Borrowers" and individually the "Borrower").

22.     After the approval of each of the Borrowers' loan applications, loan closings were scheduled for each of the Borrowers and defendants LaMattina and L&A were engaged to represent Encore at the closings.

23.     At all relevant times, defendants LaMattina and/or L&A maintained a settlement trust account titled "LaMattina & Associates, Inc, Joseph LaMattina Settlement Trust Account", number 004-002648 (the "Settlement Trust Account") which was maintained at Victory State Bank, Staten Island, New York and the monies necessary to fund and close the loans were wire transferred into the Settlement Trust Account.

24.     The aggregate of the monies that were wired to the Settlement Trust Account in connection with the Borrowers' loans totals $1,086,027.94.

25.     To the extent that all or a portion of the loan proceeds for each of the loans (the "Funds") were not disbursed as set forth in the closing instructions, the location of such monies are unknown to plaintiff.

The Guarino Loan

26.     Guarino was approved for a loan in the principal sum of $266,000 and the closing was held on or about July 7, 2005.

27.     Pursuant to the closing instructions, the loan proceeds were to be disbursed by LaMattina and/or L&A to satisfy the existing lender's mortgage and certain consumer debt of the Borrower, to provide cash to the Borrower and to pay various closing costs.

28.     In connection with the Guarino closing, on July 14, 2005 the sum of $269,683.60 was wire transferred into Settlement Trust Account, to be disbursed on behalf of Encore, or to or on behalf of the Borrower.

29.     Subsequent to the Guarino closing, Encore learned that all or a portion of the loan proceeds that were to be used to pay off the existing lender's mortgage and the Borrower's consumer debt, to pay cash to the Borrower and to pay for various closing expenses, were not used for these purposes, and all or some of such payments were not made.

30.     To date, some or all of the aforesaid payments have not been made by LaMattina and/or L&A and the Funds have not been repaid to Encore and Encore will incur additional costs thereby.

The Guazhambo Loan

31.     Guazhambo was approved for a loan in the principal sum of $428,000 and the closing was held on or about July 29, 2005.

32.     Pursuant to the closing instructions, the loan proceeds were to be disbursed by LaMattina and/or L&A to satisfy the existing lender's mortgage and certain consumer debt of the Borrower, to provide cash to the Borrower and to pay various closing costs.

33.     In connection with the Guazhambo closing, on July 29, 2005 the sum of $429,782.25 was wire transferred into the Settlement Trust Account, to be disbursed on behalf of Encore, or to or on behalf of the Borrower.

34.     Subsequent to the Guazhambo closing Encore learned that all or a portion of the loan proceeds that were to be used to pay off the existing lender's mortgage and the Borrower's consumer debt, to pay cash to the Borrower and to pay for various closing expenses, were not used for these purposes, and all or some of such payments were not made.

35.     To date, some or all of the aforesaid payments have not been made by LaMattina and/or L&A and the Funds have not been repaid to Encore and Encore has or will incur additional costs thereby.

The Smalls Loan

36.     Smalls was approved for a loan in the principal sum of $382,500 and the closing was held on or about August 1, 2005.

37.     Pursuant to the closing instructions, the loan proceeds were to be disbursed by LaMattina and/or L&A to satisfy the existing lender's mortgage and certain consumer debt of the Borrower, to provide cash to the Borrower and to pay various closing costs.

38.     In connection with the Smalls closing, on August 3, 2005 the sum of $386,562.09 was wire transferred into the Settlement Trust Account, to be disbursed on behalf of Encore, or to or on behalf of the Borrower.

39.     Subsequent to the Smalls closing, Encore learned that all or a portion of the loan proceeds that were to be used to pay off the existing lender's mortgage and the Borrower's consumer debt, to pay cash to the Borrower and to pay for various closing expenses, were not used for these purposes, and all or some of such payments were not made.

40.     To date, some or all of the aforesaid payments have not been made by LaMattina and/or L&A and the Funds have not been repaid to Encore and Encore has or will incur additional costs thereby.

### FIRST CLAIM FOR RELIEF
#### (Conversion)

41.     Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

42.     The Funds wired to the Settlement Trust Account were monies intended for the sole benefit of the Borrowers and/or Encore.

43.     From the time of the deposit into the Settlement Trust Account, until disbursement to the Borrowers or on the Borrowers' behalf, Encore had an immediate and superior right to the Funds over all other persons.

44.     Upon information and belief, at all relevant times, each of the defendants knew that they had no personal claim, right, title or interest in the Funds.

45.    Upon information and belief, the defendants improperly and unlawfully exercised improper and unauthorized dominion and control over all or a portion of the Funds, to the exclusion of Encore's rights and the rights of the Borrowers thereto.

46.    Upon information and belief, the defendants have converted the Funds for their own use and benefit and to the exclusion of the rights and interests of Encore and the Borrowers in the Funds.

47.    As a result of the defendant's conversion of the Funds, Encore has been damaged in an amount to be established upon the trial of this matter, but believed to be no less than $1,086,027.94 and such other costs and expenses that have been incurred or will be incurred by Encore by reason thereof.

48.    Due to the deliberate, willful, malicious and extreme and/or outrageous conduct of the defendants, Encore is entitled to an award of punitive damages in an amount to be determined at trial, but in any event no less than $1,000,000.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

49.    Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

50.    The Funds were the property of Encore from the time that they were wired into the Settlement Trust Account until such time as they were released pursuant to the closing instructions.

51.    Upon information and belief the defendants have taken possession and control of the Funds.

52.    Upon information and belief the defendants have been unjustly enriched thereby in that they have obtained a monetary benefit to which they are not entitled.

53. Based upon the aforesaid, Encore has been damaged in an amount to be established upon the trial of this matter, but believed to be no less than $1,086,027.94 and all such other costs and expenses that have been incurred or will be incurred by Encore by reason thereof.

54. Due to the deliberate, willful, malicious and extreme and/or outrageous conduct of the defendants, Encore is entitled to an award of punitive damages in an amount to be determined at trial, but in any event no less than $1,000,000.

### THIRD CLAIM FOR RELIEF
(Money Had and Received)

55. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

56. Upon information and belief defendants received the Funds to which Encore has an immediate and superior right of possession.

57. Upon information and belief the defendants benefited from the receipt of the Funds.

58. Under the relevant principles of law, equity and good conscience the defendants should not be permitted to retain the Funds.

59. Based upon the aforesaid, plaintiff has been damaged in an amount to be established upon the trial of this matter, but believed to be no less than $1,086,027.94 and all such other costs and expenses that have been incurred or will be incurred by Encore by reason thereof.

60. Due to the deliberate, willful, malicious and extreme and/or outrageous conduct of the defendants, Encore is entitled to an award of punitive damages in an amount to be determined at trial, but in no event less than $1,000,000.

## FOURTH CLAIM FOR RELIEF
(Negligence)

61.    Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

62.    The defendants accepted the employment by Encore and agreed to represent Encore's interests in a proper, skillful and diligent manner and owed a duty to Encore to perform their duties in connection with the closing of the loans to Borrowers in a proper, skillful and diligent manner.

63.    Defendants were negligent in performing their duties to Encore by failing to disburse the Funds in accordance with the closing instructions and retaining all or a portion of the Funds for their own use and benefit.

64.    As a proximate result of the defendants' negligence, Encore has been damaged.

65.    Based upon the aforesaid, Encore has been damaged in an amount to be established upon the trial of this matter, but believed to be no less than $1,086,027.94 and all such other costs and expenses that have been incurred or will be incurred by Encore by reason thereof.

## FIFTH CLAIM AGAINST FOR RELIEF
(Breach of Fiduciary Duty)

66.    Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

67.    At all relevant times, defendants were acting as an agent of and on behalf of Encore in respect to the loan closings.

68.     Defendants did not act in good faith or in the best interests of its principal Encore by disregarding and failing to follow the closing instructions and failing to properly disburse the Funds.

69.     Defendants failed to act with undivided and unqualified loyalty to Encore and breached their fiduciary duties to Encore, and Encore has been damaged thereby.

70.     Based upon the aforesaid, Encore has been damaged in an amount to be established upon the trial of this matter, but believed to be no less than $1,086,027.94 and all such other costs and expenses that have been incurred or will be incurred by Encore by reason thereof.

## SIXTH CLAIM FOR RELIEF
### (Fraud)

71.     Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

72.     Encore wired the Funds to the Settlement Trust Account for the purposes of funding the mortgage loans for each of the Borrowers.

73.     Upon information and belief defendants fraudulently misrepresented to Encore that the Funds would be used to fund the Borrowers' mortgage loans.

74.     Upon information and belief, defendants made this misrepresentation to Encore with the intent to deceive Encore.

75.     Encore, with no knowledge to the contrary, believed and relied on the foregoing misrepresentation made by the Defendants to its detriment.

76.     Based upon the aforesaid, Encore has been damaged in an amount to be established upon the trial of this matter, but believed to be no less than $1,086,027.94 and all

such other costs and expenses that have been incurred or will be incurred by Encore by reason thereof.

77.     Due to the deliberate, willful, malicious and extreme and/or outrageous conduct of the defendants, Encore is entitled to an award of punitive damages in an amount to be determined at trial, but in any event no less than $1,000,000.

## SEVENTH CLAIM FOR RELIEF
### (Fraud)

78.     Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

79.     Upon information and belief, defendants entered into a conspiracy and scheme maliciously to defraud and deceive Encore and to procure for their own use and benefit all of Encore's rights in and to the Funds.

80.     Upon information and belief, at all relevant times defendants represented to Encore that defendant Joseph LaMattina was affiliated with L&A and that the Funds would be used to fund the Borrowers' mortgage loans.

81.     Upon information and belief defendants made such representation for the purpose of perpetuating a fraud on Encore so that Encore would engage L&A to facilitate closing of the Borrowers' loans and so that the defendants could procure the Funds for their own use and benefit, all to the detriment of Encore.

82.     Encore, with no knowledge to the contrary, believed and relied upon all of the misrepresentations made by the defendants, to its detriment.

83.     Upon information and belief, defendants received, accepted and retained the Funds and have deprived Encore and/or the Borrowers of their rights thereto.

84.    Based upon the aforesaid, Encore has been damaged in an amount to be established upon the trial of this matter, but believed to be no less than $1,086,027.94 and all such other costs and expenses that have been incurred or will be incurred by Encore by reason thereof.

85.    Due to the deliberate, willful, malicious and extreme and/or outrageous conduct of the defendants, Encore is entitled to an award of punitive damages in an amount to be determined at trial, but in any event no less than $1,000,000.

WHEREFORE, plaintiff ENCORE CREDIT CORP. d/b/a ECC ENCORE CREDIT, respectfully demands judgment against defendants JOSEPH LAMATTINA, LAMATTINA & ASSOCIATES, INC., JOSEPH W. LAFORTE, JAMES LAFORTE, JR., TINA LAFORTE, JAMES LAFORTE, TARA GIBSON, JAIME LYNN GULI, FRANCIS ALFIERI AND MICHAEL O'LEARY as follows:

(a) On the First Claim in an amount to be determined at trial, but believed to be in an amount not less than $1,086,027.94, plus interest thereon;

(b) On the Second Claim in an amount to be determined at trial, but believed to be in an amount not less than $1,086,027.94, plus interest thereon;

(c) On the Third Claim in an amount to be determined at trial, but believed to be in an amount not less than $1,086,027.94, plus interest thereon;

(d) On the Fourth Claim in an amount to be determined at trial, but believed to be in an amount not less than $1,086,027.94, plus interest thereon;

(e) On the Fifth Claim in an amount to be determined at trial, but believed to be in an amount not less than $1,086,027.94, plus interest thereon;

(f) On the Sixth Claim in an amount to be determined at trial, but believed to be in an amount not less than $1,086,027.94, plus interest thereon;

(g) On the Seventh Claim in an amount to be determined at trial, but believed to be in an amount not less than $1,086,027.94, plus interest thereon;

(h) On the First, Second, Third, Sixth and Seventh Claims, punitive damages as a result of the deliberate, willful, malicious, extreme and/or outrageous conduct of the defendants in an amount to be determined at trial but in any event in an amount not less than $1,000,000; and

(i) On all Claims, attorneys' fees, the costs and disbursements of this action and such other, further and different relief as this Court may deem just and proper.

Dated: Melville, New York
      November 15, 2005

                          LAMB & BARNOSKY, LLP
                          Attorneys for Plaintiff
                          534 Broad hollow Road
                          P.O. Box 9034
                          Melville, New York 11747-9034
                          (631) 694-2300

                    By: _____
                          Michelle S. Feldman(MF-3029)

Michelle S. Feldman, Esq. (MF-3029)
LAMB & BARNOSKY, LLP
534 Broadhollow Road
Melville, New York 11747
Telephone: (631)694-2300
Facsimile: (631)694-2309

**CV-05     5442   1**

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**SIFTON  J**

**xMATSUMOTO, M.J**

----------------------------------------------------------------

ENCORE CREDIT CORP. d/b/a ECC ENCORE CREDIT,

                                    Plaintiff,        Case No.:

-against-

                                                  **ORDER TO SHOW**

JOSEPH LAMATTINA, LAMATTINA & ASSOCIATES,        **CAUSE WITH**
INC., JOSEPH W. LAFORTE, JAMES LAFORTE, JR.,        **TEMPORARY**
TINA LAFORTE, JAMES LAFORTE, TARA GIBSON,        **RESTRAINING ORDER**
JAIME LYNN GULI, FRANCIS ALFIERI and
MICHAEL O'LEARY,

                                    Defendants.

----------------------------------------------------------------  X

        UPON the Complaint dated November 15, 2005, the Declaration of Alanna Darling, Esq.

of Encore Credit Corp. ("Encore") dated November 15, 2005, and the exhibits annexed thereto

and the Memorandum of Law in Support of Plaintiff's Motion for an Order of Attachment and

for a Temporary Restraining Order;

        LET defendants JOSEPH LAMATTINA, LAMATTINA & ASSOCIATES, INC.,

JOSEPH W. LAFORTE, JAMES LAFORTE, JR., TINA LAFORTE, JAMES LAFORTE,

TARA GIBSON, JAIME LYNN GULI, FRANCIS ALFIERI AND MICHAEL O'LEARY or

their attorneys show cause at the United States Courthouse, 225 Cadman Plaza East, Brooklyn,

New York, on ~~November~~ December 5, 2005 at Courtroom TWO at 4:30 o'clock in the

afternoon of that day, or as soon thereafter as counsel can be heard, why the following relief should not be granted:

    (a)    pursuant to Fed R. Civ. P. 64 and N.Y.C.P.L.R §6201(3) an Order attaching the real and personal property of defendants and any debt owed to the defendants in an amount sufficient to ensure satisfaction of a judgment of $1,086,027.94 in favor of plaintiff against defendants;

    (b) preliminarily and permanently enjoining the defendants, their officers, directors, partners, affiliates, members, agents, employee, assigns and garnishees, and any entities or individuals acting on their behalf, from directly or indirectly, transferring, selling, alienating, concealing, converting, liquidating or otherwise dissipating any of their assets and/or property, wherever located, in an amount up to $1,086,027.94;

    (b)    pursuant to Fed. R. Civ. P. 64 and N.Y.C.P.L.R. §6201(3) an Order attaching L&A's account titled "LaMattina & Associates, Inc., Joseph LaMattina Settlement Trust Account", held at Victory State Bank, 3155 Amboy Road, Staten Island, New York 10306, Account Number 004-002648 (the "Settlement Trust Account").

    (c)    pursuant to Fed. R. Civ. P. 64 and N.Y.C.P.L.R. §6220 an Order requiring each of the defendants to appear immediately and give testimony before counsel for Plaintiff as to (i) the location and/or disposition of the monies improperly withdrawn from the Settlement Trust Account or not used for their intended purpose (the "Funds"); and (ii) the nature, status and actual location of the assets of each of the defendants and to bring with each of them to the deposition all documents, books, correspondence, records and tax returns maintained in connection with the Funds and/or their assets; and

(d)    awarding to Plaintiff such other, further and different relief as this Court may

deem just and proper. *that plaintiff has made reasonable*

AND, it appearing ~~that plaintiff is entitled to an order of attachment of the property of~~ *efforts without success to notify defendants* ~~defendants on the grounds that defendants have assigned, disposed of, encumbered or secreted~~ *of this application and that* ~~property or removed it from the state or area or are about to do any of said acts, and~~ that plaintiff

will suffer immediate and irreparable injury by reason of its inability to determine the

whereabouts of and collect from defendants, monies which have inexplicably been removed

from a trust account in which plaintiff has a beneficial interest, ~~or which inexplicably have not~~

~~been used for their intended purpose,~~ and which monies are under the sole control of one or more

of the defendants: it is

ORDERED, that pending the hearing and determination of the within motion that

defendants, their officers, directors, partners, affiliates, members, agents, employees, assigns and

garnishees, and any entities or individuals acting on their behalf, be and they hereby are enjoined

and restrained from selling, transferring, disposing or otherwise conveying any real or personal

property belonging to any of the defendants, or in which any of the defendants has any interest, *other than in the ordinary and regular course of business or to* and it is further *pay for the ordinary and regular necessities of life*

ORDERED, that plaintiff's undertaking be in the sum $ __5000.00__ conditioned

that plaintiff, if it is finally determined that it was not entitled to an order of attachment, will pay

to defendants all damages and costs which may be sustained by reason thereof, and conditioned

that the Plaintiff shall pay to the Sheriff and/or U.S. Marshall all of his allowable fees. *defendants and by overnight mail to*

LET/service of a copy of this Order and of the papers on which it is based on Joseph

LaMattina; LaMattina & Associates, Inc., Joseph W. LaForte, James LaForte, Jr., Tina LaForte,

3

James LaForte, Tara Gibson, Jaime Lynn Guli; and Francis Alfieri, . on or before November

__21__, 2005 be deemed good and sufficient service thereof.

_____  U.S.D.C. Judge

Brooklyn NY
November 18, 2006
at 2:45 P.M

#70066 v1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

ENCORE CREDIT CORP. d/b/a ECC ENCORE CREDIT,

                                          Plaintiff,          Case No.: 05-5442

                    -against-

JOSEPH LAMATTINA, LAMATTINA & ASSOCIATES,                    ORDER
INC., JOSEPH W. LAFORTE, JAMES LAFORTE, JR.,              **FILED**
TINA LAFORTE, JAMES LAFORTE, TARA GIBSON,               IN CLERK'S OFFICE
JAIME LYNN GULI, FRANCIS ALFIERI and                  U.S. DISTRICT COURT E.D.N.Y.
MICHAEL O'LEARY,                                         ★    JAN 23 2006    ★

                                          Defendants.              P.M.
-------------------------------------------------------------- X       TIME A.M. _____

Upon the Order to Show Cause signed on November 21, 2005, the Declaration of Alanna

Darling, Esq. and the Memorandum of Law in Support thereof and the parties having been heard

on December 5, 2005 and defendant Jaime Lynn Guli having appeared by her counsel

Christopher Nally, Esq. and the remaining defendants having failed to appear, and due

deliberation having been had thereon,

Now, on application of Lamb & Barnosky, LLP, attorneys for plaintiff Encore Credit

Corp. d/b/a ECC Encore Credit, it is

**ORDERED**, that plaintiff's motion is granted as to all of the defendants except defendant

Jaime Lynn Guli (the "Defendants"); and it is

**ORDERED**, that during the pendency of this action that the Defendants, their officers,

directors, partners, affiliates, members, agents, employee, assigns and garnishees, and any

entities or individuals acting on their behalf, from directly or indirectly, transferring, selling,

alienating, concealing, converting, liquidating or otherwise dissipating any of their assets and/or

property, wherever located, in an amount up to $1,086,027.94; and it is further

Case 1:07-cv-06865-LTS-GWG     Document 9-3     Filed 08/20/2007     Page 20 of 21
Case 1:05-cv-05442-CPS-KAM     Document 26     Filed 01/23/2006     Page 2 of 3
Case 1:05-cv-05442-CPS-KAM     Document 9     Filed 12/09/2005     Page 5 of 6

**ORDERED,** that pursuant to Fed. R. Civ. P. 64 and N.Y.C.P.L.R §6201(3) that the Sheriff of the City of New York or of any county in the State of New York attach defendant LaMattina & Associates, Inc.'s bank account titled "LaMattina & Associates, Inc., Joseph LaMattina Settlement Trust Account", held at Victory State Bank, 3155 Amboy Road, Staten Island, New York 10306, Account Number 004-002648 (the "Settlement Trust Account") and attach property of the Defendants, within his or her jurisdiction, at any time before final judgment, by levy upon any interest of any such defendant, in personal property or upon any debt owed to any Defendant, and upon any interest of any defendant in real property within his or her jurisdiction as will satisfy the sum of $1,086,027.94 and that he or she hold and safely keep all such property and debts paid, delivered, transferred or assigned to him or her o taken into his or her custody, to any judgment that may be obtained against the Defendants in this action, and that he or she proceed herein, otherwise, in a manner required by law; and it is further

**ORDERED,** that pursuant to Fed. R. Civ. P. 64 and N.Y.C.P.L.R. §6220 each of the Defendants are to appear and give testimony before counsel for Plaintiff at the time and place to be noticed by plaintiff, as to (i) the location and/or disposition of the monies improperly withdrawn from the Settlement Trust Account or not used for their intended purpose (the "Funds"); and (ii) the nature, status and actual location of the assets of each of the Defendants and to bring with each of them to the deposition all documents, books, correspondence, records and tax returns maintained in connection with the funds that are the subject of this action and/or their assets.

Jan. 17, 2006

CHARLES P. SIFTON, U.S.D.J.

75488

Schuyler Blake Kraus, Esq.
Hinshaw & Culbertson
780 Third Avenue
4th Floor
New York, New York 1001-2024
Attorneys for Plaintiff in
Case No. 05 CV 04796

Allan N. Taffet, Esq.
Joshua C. Klein, Esq.
Duval & Stachenfeld LLP
300 East 42nd Street
New York, New York 10017
Attorneys for Plaintiff in
Case No. 05 CV 4350

David T. Azrin, Esq.
Gallet Dreyer & Berkey, LLP
845 Third Avenue
New York, New York 10022
Attorneys for Defendant Victory State Bank in
Case No. 05 CV 4350

Sworn to before me this
9th day of December, 2005

_____
Notary Public

MICHELLE S. FELDMAN
NOTARY PUBLIC, State of New York
No. 4852364
Qualified in Nassau County
Commission Expires January 13, 2026