UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INDYMAC BANK, F.S.B.,

      Plaintiff,

— against —

NATIONAL SETTLEMENT AGENCY, INC.;
STEVEN M. LEFF; RACHEL M. LEFF;
RICHARD A. LEFF; JOHN DOES 1–100,

      Defendants.

Case No.:

**AFFIDAVIT OF NICHOLAS J. NYLAND IN SUPPORT OF INDYMAC'S MOTION FOR AN ORDER OF ATTACHMENT**

---

State of California )
       ) ss.:
County of Los Angeles )

  Nicholas J. Nyland, being duly sworn, deposes and states the following under penalty of perjury:

  1. I am a First Vice President for Risk Management/Quality Control for the plaintiff, IndyMac Bank, F.S.B. ("IndyMac"). In that capacity, I affirm the within facts based on my personal knowledge, unless otherwise stated upon information and belief.

  2. I submit this affidavit in support of IndyMac's Order to Show Cause why an order of attachment should not be issued against the assets of the defendants.

  3. Defendant National Settlement Agency agreed to act as the closing agent in connection with the closings of certain residential mortgage loans funded by IndyMac in June and July of 2007.

4.   In connection with these loans, IndyMac wired money into one of two accounts at JPMorgan Chase Bank: "National Settlement Agency, Inc., Attorney Escrow Funding Account" Account No. 904613917, ABA No. 021000021; or (2) "National Settlement Agency, Inc., Attorney Funding Account – Gen" Account No. 987096757765, ABA No. 021000021. **See Exhibit A.**

5.   In connection with these loans, IndyMac also provided National Settlement Agency with written closing instructions, directing that National Settlement Agency and its agents disburse the loan funds at each respective closing to the beneficiaries which IndyMac and its borrower had designated. **See Exhibit B.**

6.   National Settlement Agency did not follow IndyMac's closing instructions, as several payees that should have been paid at closing were later discovered to be unpaid, as described in detail below, and in the attached complaint **(see Exhibit C):**

   a. <u>The Holder Mortgage #1 (Loan No. 126888382)</u>
      i. $471,478 to America's Servicing Co.
      ii. $8,298 to Discover Financial
      iii. $7,685 to HFC-USA
      iv. $6,236 to American Express
      v. $5,920 to American Express
      vi. $3,334 to Sears
      vii. $2,548 to Sears
      viii. $2,343 to Capital One Bank
      ix. $390 to American Express

  b. <u>The Holder Mortgage #2 (Loan No. 126852120)</u>

    i. $453,421 to AMC Mortgage Services

  c. <u>The Packard Mortgage (Loan No. 126712948)</u>

    i. $1,074,111 to Chase Home Finance

  d. <u>The Penny Mortgage (Loan No. 126383851)</u>

    i. $277,926 to Option One Mortgage

    ii. $33,716 to Honda Finance

  e. <u>The Scali Mortgage (Loan No. 126739313)</u>

    i. $1,744 to Nationwide Insurance

7. The total amount of these unpaid items is $2,349,150 and exceeds all known counterclaims.

8. Calls to National Settlement Agency by IndyMac have not been returned. Those whom IndyMac believes to be National Settlement Agency's officers—Steven Leff (President), Rachel Leff (Chief Executive Officer), and Richard Leff (In-House Counsel)—have not given IndyMac an explanation for why these outstanding items have not been paid.

9. IndyMac learned of the apparent misappropriation when borrowers for the loans or other intended distributees contacted IndyMac inquiring as to why senior liens had not been paid off, or why checks remitted to them had been rejected upon presentment for insufficient funds.

10. The location of the funds wired to National Settlement Agency is currently unknown to IndyMac.

11. National Settlement Agency, under apparent direction and control of its President Steven Leff, Chief Executive Officer Rachel Leff, and In-House Counsel Richard Leff, have

already, with intent to defraud IndyMac, assigned, disposed of, encumbered, secreted, and/or removed from the state IndyMac's mortgage disbursement funds intended to be paid-out at various closings as described above. For this reason, IndyMac believes that National Settlement Agency and its officers are about to further dissipate this money, thus necessitating an order of attachment.

12. No prior request for this or similar relief has been made in this action.

**WHEREFORE**, it is respectfully requested that this court grant IndyMac's motion for an order of attachment in the amount of $2,349,150 plus interest, costs, fees and disbursements, together with such other relief as the court deems proper.

_____
Nicholas J. Nyland
For IndyMac Bank, F.S.B.

Sworn to before me this __1__ day of August, 2007
at __Austin_____, ~~California~~. Texas

_____
Notary Public   MAI L. THAO

Stamp/Seal:



MAI LA THAO
Notary Public, State of Texas
My Commission Expires
June 15, 2011