# EXHIBIT B

## LENDER'S CLOSING INSTRUCTIONS
RETURN LOAN DOCUMENTS TO THE ADDRESS INDICATED BELOW

IndyMac Bank, F.S.B.
401 Rte 73 North - 40 Lake Ctr Exec Park #400, Marlton, NJ 08053

RETURN RECORDED DOCUMENTS TO THE ADDRESS INDICATED ON THE SECURITY INSTRUMENT

| | | | |
|---|---|---|---|
| FUNDER: Melanie Williams | | LOAN NUMBER: 126888382 | |
| PHONE NUMBER: 800-300-9266 | Ext. 3456 | BORROWER LAST NAME: BOLDER | |
| FAX NUMBER: 626-229-6021 | | LOAN TYPE: IndyMac-WS:(ID51LIBIO) 5/1yr | |
| DOCUMENT DATE: June 26, 2007 | | LOAN PURPOSE: REFINANCE | |
| COMMITMENT EXPIRATION DATE: July 11, 2007 | | PROPERTY ADDRESS: 1072 E 14TH STREET | |
| MUST FUND BY: June 26, 2007 | | Brooklyn, NY 11230 | |

DOCUMENTS MUST BE RETURNED BY: ORIGINAL SIGNED DOCUMENTS MUST BE RETURNED TO US NO LATER THAN 24 HOURS AFTER LOAN DISBURSEMENT ON NON RESCINDABLE WET FUNDING TRANSACTIONS AND NO LATER THAN 48 HOURS PRIOR TO LOAN DISBURSEMENT FOR RESCINDABLE WET FUNDING TRANSACTIONS AND FOR ALL TRANSACTIONS IN DRY FUNDING STATES.

| | |
|---|---|
| SETTLEMENT AGENT/ CLOSING AGENT: | National Settlement Agency<br>404 Park Ave S<br>New York, NY 10016 |
| ATTN: | |
| | PHONE NUMBER: 212-457-8181 |
| SETTLEMENT AGENT NUMBER: CSA295 | FAX NUMBER: 212-457-8182 |

| | |
|---|---|
| TITLE COMPANY: | Commonwealth Land Title Insurance Company<br>981 Bay Street 2nd floor<br>Staten Island, NY 10305 |
| ATTN: Clerk | PHONE NUMBER: 718-981-0200 |
| TITLE ORDER NUMBER #: CSA295 | FAX NUMBER: 718-981-0216 |

Enclosed herewith are documents relating to the above referenced loan.

These are the lender's instructions to you for closing. You are directed to follow these instructions in full, at which time you may request funds. You are not authorized to close this transaction unless you can strictly comply with these instructions. These instructions can only be changed, modified or waived in writing and delivered or telecopied to you by an authorized agent of the lender.

You are to make no changes to the documents without lender's written authorization. All approved changes must be initialed by the borrowers and any other party to the instrument being changed. Detailed instructions regarding documents to be returned and disbursement procedures are found at the end of this document.

CLOSING DOCUMENT REQUIREMENTS:
1. Truth-In-Lending Statement must be executed by the borrowers and title holders prior to all other documents.
2. If a construction loan, the Loan Construction Agreement must contain Exhibits A, B, C and D.
3. The Security Agreement, with attached legal description, if required, and all applicable Riders must have the originals sent for recording.
4. If Notice of Right to Cancel is enclosed, have it signed and dated concurrently with the Security Instrument by all borrowers and title holders.
5. Notice of Right to Cancel - Each person granting a security interest in the property must be furnished two completed copies of the Notice of Right to Cancel. You are to insert the appropriate rescission date where indicated on this form advising Borrower(s) that if they choose to cancel this loan transaction, they must send the signed Notice to Cancel to the lender no later than midnight of the third business day following the date they received and executed this notice. (For purposes of rescission, Saturdays are considered business days, Sundays and federal holidays are not.)
6. Estimated and final HUD-1 must include the names and addresses of all parties to the settlement and must be faxed to the IndyMac Bank Funder at the Fax number listed above. A certified copy of the final HUD-1 must be included with the signed documents when returned to us.
7. All fees and charges on the HUD-1/1A must be correct without any typeovers or crossouts including INTERIM INTEREST. Additionally the HUD-1 must REFLECT AN ITEMIZATION OF ALL DISBURSEMENTS FROM THE SELLER'S PROCEEDS.
8. Comply with Title Insurance and Hazard Insurance requirements as shown on page 2 and page 3.
9. Copy of Conveyance instrument(s) and Excise Affidavits.
10. Copy of Escrow Instructions and all amendments which are signed by all parties and certified by the settlement agent.
11. All documents must be signed and dated where applicable.
12. Do not show any credits from seller to buyer without consulting our office.
13. Make NO changes on the documents without our written permission. Call for instructions.
14. If we give permission to make changes on the documents, all changes must be initialed by all signatories to the documents.
15. Do not use a Power of Attorney without prior written approval from us.
16. If we allow the use of a Power of Attorney, the person using that authority must sign as, for example, "Jane Doe by John Doe, her attorney-in-fact", or per state requirements.
17. We assume no liability as to the identity of any person executing or acknowledging any instruments or documents delivered to you in connection with this transaction.
18. SIGNATURES: The documents must be signed exactly as the names appear on the document, even if this is not their usual signature. If a person's name is not on a document then he/she must NOT sign that specific document. Please pay special attention to middle initials, middle names, and generation identification (Jr., Sr., II, III, etc.). You should review the signature on each document carefully.
19. Verify that if initials are required, for example, on each page of the note, that the appropriate initials are obtained.
20. Do not provide us with pictorial verification of signors' identities such as copies of driver licenses. However, all signors must provide a pictorial identification, to be inspected by you, for verification of identity prior to signing the documents.
21. TAX INFORMATION: Tax information sheet required unless tax information provided on title or tax certificate.

Jun.22. 2007 4:18PM                                    No.1634  P. 2

**Tabitha Davis**

From:     NSA_Closing_Advisor [NSA_Closing_Advisor@closingrocket.com]
Sent:     Wednesday, June 20, 2007 10:39 AM
To:       NSA_Closing_Advisor; Tabitha Davis; Maureen McKinney
Cc:       Kerrilynn Villafane
Subject:  Title Cleared for HOLDER, Loan#:00000, Addr: 1072 East 14th Street, Brooklyn, NY,11230

The title has been cleared for HOLDER, Loan#:00000, Addr: 1072 East 14th Street, Brooklyn, NY11230. Please note that there is one mortgage to be paid off at closing. Cleared by: Villafane, Kerrilyn

You can check with www.ClosingRocket.com on current status or contact our closing department at (212)4578181.

BORROWER NAME: HOLDER                                    LOAN NUMBER: 126888382

## LENDER'S CLOSING INSTRUCTIONS

22. REVIEW: Please include three (3) certified copies each of the note and security instrument and provide copies of all other executed documents sent for recording such as a warranty deed, excise affidavit, quit-claim deed, buyer or seller power of attorney, etc. Additionally, for loan transactions where funds are not provided with closing documents (Dry Funding States), all documents must be in our office for review a minimum of two (2) days prior to the day you wish to record.
23. You are responsible for ensuring the borrowers receive a complete set of all *signed* documents. This includes the two (2) copies to each title owner of the Notice of Right to Cancel (if applicable).
24. Settlement Agent must notify us, in writing, if there are indications that funds to close or the earnest money deposit did not come from Borrower.

INITIAL CLOSING INSTRUCTIONS : YOU ARE NOT AUTHORIZED TO CLOSE THIS LOAN IF :
1. We have not received and approved a preliminary commitment for title insurance and an estimated closing statement.
2. You are past the expiration date of our legal documents which is June 26, 2007
3. You have not signed a copy of these instructions plus any amendments, and given a copy to the borrowers.
4. There is any change to the original sales contract which we have not approved in writing.
5. We have not received and accepted / approved: a. Security Instruments conformed and certified plus three copies. b. Note plus three certified copies. c. Any other items sent for execution and / or notarization. We will not accept witnessed acknowledgments on notarized items.
6. We have not received and reviewed acceptable evidence of hazard insurance. Our requirements are detailed in the Hazard Insurance Section of these instructions.
7. All conditions of our loan commitment have not been met.
8. If there is a "Lender Credit", closing agent must asterisk on the HUD-1 those fees paid through this credit.
9. The closing fee charged by the closing agent cannot exceed $ 750.00
   If closing fees increase, a delay in closing will occur. The closing agent is required to notify the lender if fees have changed prior to the closing of the transaction.
10. A transaction becomes known to you on or before the date of closing that involves the borrower(s) or if you have knowledge of a transaction involving the subject property in the last 180 days. Notify the lender, in writing, of the additional transaction to verify that it has been considered in our loan approval decision.
11. If you are notified that a title owner has rescinded this transaction, our authorization to close the loan is revoked, and you must 1) notify us immediately of the borrower's reported rescission, and 2) return all funds to us immediately.

HAZARD INSURANCE:
A Hazard Insurance binder / certificate / policy must be furnished at the time of closing in the amount not less than the loan amount, or the replacement cost of the structure, whichever is less.
The policy must meet the following requirements :
1. Original policy or facsimile signed by an authorized agent identifying the full, correct borrower(s) names, the property address, the agent's name and address, the premium amount and our loan number.
2. The required coverage amount is determined as follows:
   - If the unpaid principal balance of the Loan is equal to or greater than the value of the improvements, then the minimum coverage amount must be 100% of the value of the improvements.   Improvement Value: $ 671,560.00
   - If the unpaid principal balance of the Loan is less than the value of the improvements, then the minimum coverage amount must be the greater of the principal balance or 80% of the value of the improvements.
   - The value of the improvements is the total estimated reproduction cost shown on the appraisal or the insurable value of the improvements as established by the insurer. If the policy provides for full replacement cost, then the value of the improvements is not used, and the named coverage amount will be deemed sufficient.
3. Paid receipt for first year premium attached or shown on HUD-1 as paid in closing.
4. Earthquake insurance (if required) use same identifying criteria as for Flood Insurance.
5. Insurer must have rating in Best's insurance guide of at least Class VI or B rating.
6. On condominiums, we must have an individual endorsement meeting the criteria above.
7. Flood Insurance (if required) : Standard policy issued by member of National Flood Insurers Association for not less than our loan amount or the cost of improvements, or the maximum amount available under National Flood Insurance Program, whichever is less. The name(s) of the borrower(s), legal description, street address, city, state, county and zip code of security property on these policies must be identical to those of the loan instruments.
8. Loss Payable Clause to: IndyMac Bank, F.S.B. its successors and/or assigns, P.O. Box 2971, Phoenix, AZ 85062-2971

   (Note: Lender will accept Lender Loss Payee not yet converted to above for all non-HELOC or non-Construction loans. Post-funding, Lender will distribute Lender Loss Payee notification letters to the Insurance carriers for such non-HELOC or non-Construction transactions).

9. If a Construction loan the following is required 1) Course of Action Construction Coverage 2) General liability certificate from the contractor which names the contractor as the Insured. The Borrower and Lender must be named as Additional Insured under the contractor's liability policy. 3) Worker's compensation certificate naming the contractor as the named Insured.   If a Lot Loan, no insurance is required.
10. For refinance transactions, if the expiration date of the insurance policy is not at least 60 days from the closing date of the loan, the hazard premium must be paid for the following year at closing. You must provide acceptable evidence that the insurance policy is paid. If coverage is modified to meet the requirements under the Hazard Insurance section, provide evidence of the premium adjustment and that it has been paid or will be paid at closing.

TITLE POLICY REQUIREMENTS :
THE TOTAL CONSIDERATION IN THIS TRANSACTION EXCEPT FOR OUR LOAN PROCEEDS AND APPROVED SECONDARY FINANCING MUST PASS TO YOU IN THE FORM OF CASH. DO NOT PROCEED WITH CLOSING, AND NOTIFY OUR OFFICES IMMEDIATELY, IF YOU HAVE KNOWLEDGE OF A SALE OR TRANSFER OF THE SUBJECT PROPERTY ON OR BEFORE THE DATE OF OUR TRANSACTION, OR IF YOU HAVE KNOWLEDGE OF A CONCURRENT OR SUBSEQUENT TRANSACTION WHICH WOULD TRANSFER THE SUBJECT PROPERTY UPON COMPLETION OF THIS LOAN.
Insured Name, as it is to appears on the final title policy: IndyMac Bank, F.S.B., a federally chartered savings bank
Vesting:   Cedric P Holder and Joan Holder

First lien financing has been approved for   $   555,000.00
Secondary (subordinate) lien financing has been approved for   N/A
1. The lender's purpose in making this loan is to obtain a valid first or second lien mortgage loan suitable for sale in the secondary mortgage market. Unless this purpose is achieved, the Lender will sustain a substantial monetary loss. To avoid such a loss, you must follow these closing instructions and issue a mortgage policy of title insurance insuring the Lender's lien as a valid first or second lien according to the rules and forms promulgated by the state insurance regulatory authority.
2. Except as otherwise specifically provided in these instructions, the Lender is not to incur any expense in this transaction. The total consideration in this transaction except for the loan and approved secondary financing must pass in the form of cash through the settlement.

BORROWER NAME: HOLDER                                LOAN NUMBER: 126888382

# LENDER'S CLOSING INSTRUCTIONS

3. The lender reserves the right to cancel or amend this loan or these instructions at any time prior to closing and to demand the return of all monies and documents provided by lender.
4. This transaction has been approved for the above listed financing. No other liens against the property are permitted. We must approve any changes to these amounts in writing.
5. The title policy must insure this mortgage as a valid **first** lien subject only to the exceptions numbered See Additional Title Insurance Requirements on Page 6. as shown on the preliminary title report/commitment dated: **June 19, 2007**. If secondary (subordinate) lien financing has been approved for this transaction, our lien must be in the appropriate position.
6. If this loan is for a secondary (subordinate) lien transaction, see attached addendum.
7. We require title insurance of $ **555,000.00**. ☐ If this box is checked, then the loan program allows for negative amortization and the amount of title insurance indicated represents **N/A** % of the loan amount.
8. The title policy must accurately reflect the marital status of the vestee. In addition, vesting on the title and vesting on the security instrument must be exactly the same.
9. You must contact our office prior to closing to discuss and, if permitted, secure written approval for any impediments/exceptions to title that are not specifically addressed in these instructions.
    a. **Taxes and Special Assessments:** No past due taxes or special assessments are to be shown as exceptions. The title policy must show current year's taxes "not yet due and payable" or "current installment paid".
    b. **Encroachments:** The policy must contain affirmative coverage against loss or damage in the event of an encroachment.
    c. **Unlocated Easements:** Any unlocated easements must be identified as to purpose, be of determined width and insured. Otherwise, they must be deleted from the final title policy.
    d. **Survey Exceptions:** Survey exceptions are not acceptable. If surveys are not commonly required in this property's jurisdiction, provide an Alta 9 or 100 or it's equivalent. (Restrictions, Encroachments and Minerals)
    e. **Legal and Property Address:** The legal description and common property address specified in the title policy must agree with the closing documents.
    f. **Water, oil, gas, or mineral reservations:** A comprehensive endorsement is required to insure us against damage or loss of improvements, including landscaping, in the event that water, oil, gas, or mineral reservations exist and that they allow for the right of surface.
    g. **Environmental Protection Lien Endorsements:** This endorsement (Alta 8 or 8.1 or its equivalent) must be included in the lender's title policy.
10. The following endorsements must be included in the lender's policy: **8 or 8.1, 9 or 100, ARM Endorsement, EPL Endorsement,**

    Contact us if you have questions regarding the endorsements required for this transaction.
11. If a plat or survey is required in this jurisdiction, it must show the complete road name and reference all points used in the legal description.
12. All necessary instruments must be properly executed and recorded to assure the issuance of a lender's title policy, which meets the criteria outlined in these instructions.
13. Have the title company forward the owner's policy to the borrowers at the property or mailing address.
14. We require the original and one copy of the final lender's title policy. Send the final lender's title policy directly to:
    INDYMAC BANK F.S.B., 901 East 104th Street, Building B, Suite 400/500, Kansas City, MO 64131
    ATTENTION: DOCUMENT MANAGEMENT

**BORROWER COST REQUIREMENTS**
Downpayment in cash from borrower(s) must go through settlement. We require documentation of ALL funds received by the settlement agent. Borrowers cannot pay the following:

| VA LOANS | FHA LOANS |
|---|---|
| 1. Photos and Inspection Fees more than allowed by VA. | 1. Inspection Fees more than allowed by FHA. |
| 2. Messenger Service and Overnight Delivery Fees. | 2. Messenger Service and Overnight Delivery Fees. |
| 3. Recording of any document other than Deed/Security Deed and any attachments thereto. | 3. Recording of any document other than Deed/Security Deed and any attachments thereto. |
| 4. Photocopy or Fax Fees. | 4. Photocopy or Fax Fees. |
| 5. Escrow/Settlement Fees, Sub-Escrow, Signing Fee or Loan Tie-in. | 5. Sub-escrow, Signing or Loan Tie-In Fees. |
| 6. Termite Inspection (purchase). | 6. Wire Fees. |
| 7. Document Preparation Fees. | |
| 8. Notary Fees. | |

**DISBURSEMENT**
1. It shall be the responsibility of the Closing Agent to request proceeds from the lender at such time as the Closing Agent is prepared to comply with all the terms and conditions of the Purchase / Sale Agreement / Escrow Instructions and/or Lender's Closing Instructions. Such a request, by the Closing Agent, for funds shall be deemed a certification to the lender that all terms and conditions have been met and that the documents will be properly recorded no later than the next business day after the day the closing agent has received the proceeds check or wire transfer. In the event that the documents are not recorded within one business day of receipt of the lender's proceeds, the Closing Agent will immediately return the funds to the lender in the form of a Certified or Cashier's Check or wire transfer (see Wire Instructions form for return wire instructions), at the lender's discretion. The funds returned shall include the Closing Agent's fee. Closing Agent shall defend, indemnify and hold Lender harmless from and against, and shall reimburse it for, any liabilities, obligations, losses, damages, claims, penalties, actions, suits, causes of action or expenses of any nature (including attorney's fees and costs) asserted against Lender, which arise out of or are based on Closing Agent, within 24 hours of receipt of funds, failing to either (i) cause the documents necessary for issuance of the lender's title policy to be properly recorded, or (ii) immediately return such funds to Lender in the manner provided above.
2. **HUD SETTLEMENT DATE:**
    a. **GOVERNMENT LOANS:** The HUD-1 settlement date must be the date on which the lender disburses proceeds to the Closing Agent and NOT the date on which proceeds are disbursed to the seller. These two dates must be the same day.
    b. **CONVENTIONAL LOANS:** The settlement date on the HUD-1 statement may reflect the date on which the Closing Agent disburses the proceeds, which usually is the day after the Agent received loan proceeds from the lender. But in no event on a rescindable transaction can the closing agent disburse the proceeds earlier than the day after midnight of the third business day following execution of the Notice of Right to Cancel by all title owners.

ADDITIONAL INSTRUCTIONS, IF ANY, ARE ATTACHED AS DOCUMENT AND CONDITION ADDENDUMS.

BORROWER NAME: HOLDER          LOAN NUMBER: 126888382

# LENDER'S CLOSING INSTRUCTIONS

Collect all fees as indicated below and on the following page and reflect on the HUD-1 / 1A settlement statement. Please notify the lender if you have any questions regarding charges shown below. The term "Deducted" means that the fee has been subtracted from the lender's funds. The fee must be collected from the indicated parties.

If broker or any other interested party requests an additional fee or increase in any fee or charge, or a change to the sales price, appraised value, loan amount, or LTV, other than what is specifically stated below, do not close until lender has agreed, in writing, to all changes. If you do close with figures other than what is presented below, we may refuse to fund this loan or seek recourse to the closing agent.

Notify the lender immediately if the loan has not been recorded by 2:00 p.m. the day following the lender's disbursement of funds unless area policy mandates that recording occur prior to disbursement of funds or the state is a round table closing state.

SALES PRICE: 0.00                                LOAN AMOUNT: 555,000.00
***ESTIMATED MARKET VALUE: 875,000.00            LTV: 63.429

| Description | | BORROWER | SELLER | LENDER/THIRD PARTY |
|---|---|---|---|---|
| Appraisal Fee | | 550.00 | | |
| Broker Compensation (POC by Lender) | :Deducted | | | -7,631.25 |
| Funding Fee | :Deducted | 725.00 | | |
| Tax Service Fee | :Deducted | 75.00 | | |
| LOL Flood Determination Fee | :Deducted | 7.00 | | |
| *B Broker Processing Fee | | 500.00 | | |
| *B Broker Application Fee | | 500.00 | | |
| Broker Credit Report Fee | | 13.61 | | |
| *B Broker Origination Fee | | 8,325.00 | | |
| Escrow/Closing Agent Fee | | 750.00 | | |
| Title Search/Abstract Fee | | 505.00 | | |
| Title Policy Premium Fee | | 1,682.00 | | |
| Sub Escrow | | 40.00 | | |
| Title Endorsements Fee | | 150.00 | | |
| Pickup Fee | | 225.00 | | |
| Courier / Overnight Fee | | 45.00 | | |
| Recording Fees | | 200.00 | | |
| Lender New York Mortgate Tax paid by Lender (POC) | :Deducted | | | -1,387.50 |
| NY Borrower Paid Mortgage Tax | | 10,683.75 | | |
| MERS Transfer Fee | :Deducted | 4.95 | | |
| Lender's Attorney Fee | | 625.00 | | |

Sub-Total of Items Deducted:                    -7,657.58
Amount of Net Funding:                          562,657.58
All Hud-1 items must list Service Providers.

Interest From  06/26/2007  To  07/01/2007  @ $  109.8438  For  5.00  = $  549.22

MORTGAGE BROKER COMPENSATION FEE PAID TO MORTGAGE BROKER BY LENDER POC - MUST BE SHOWN ON HUD-1/1A.

Paid To Optamerica Mortgage                                        $ 7,631.25
*B-fees paid to Broker
* Prepaid Finance Charge
** POC - Paid Outside of Closing                   | Projected Wire Amount: | $ 562,657.58 |
L-fees paid to Lender, B-fees paid to Broker, O-fees paid to Others.
*** This is the value of your property that we have used to underwrite your loan. This value may differ from the amount reflected on your appraisal.
FIMB                                                                                      1005
Lender's Closing Instructions                Page 4 of 8                              (rev. 05/07)

BORROWER NAME: HOLDER                                    LOAN NUMBER: 126888382

# LENDER'S CLOSING INSTRUCTIONS

In accordance with the Real Estate Settlement Procedures Act (RESPA), you must comply with all provisions of RESPA to complete the HUD-1 / 1A, including the Service Providers listed below must be shown on the HUD-1 or HUD-1 / 1A Settlement Statement.

| FEES | SERVICE PROVIDER | DESCRIPTION |
|---|---|---|
| 550.00 | FULTON APPRAISALS | Appraisal Fee |
| -7,631.25 | Optamerica Mortgage | Broker Compensation |
| 725.00 | IndyMac Bank | Funding Fee |
| 75.00 | IndyMac Bank | Tax Service Fee |
| 7.00 | LSI/FIS (Fidelity) | LOL Flood Determination Fee |
| 500.00 | Optamerica Mortgage | Broker Processing Fee |
| 500.00 | Optamerica Mortgage | Broker Application Fee |
| 13.61 | CIS INFORMATION | Broker Credit Report Fee |
| 8,325.00 | Optamerica Mortgage | Broker Origination Fee |
| 750.00 | CLOSING AGENT | Escrow/Closing Agent Fee |
| 505.00 | CLOSING AGENT | Title Search/Abstract Fee |
| 1,682.00 | CLOSING AGENT | Title Policy Premium Fee |
| 40.00 | CLOSING AGENT | Sub Escrow |
| 150.00 | CLOSING AGENT | Title Endorsements Fee |
| 225.00 | CLOSING AGENT | Pickup Fee |
| 45.00 | CLOSING AGENT | Courier / Overnight Fee |
| 200.00 | TBD | Recording Fees |
| -1,387.50 | State of New York | Lender New York Mortgate Tax paid by Lender (POC) |
| 10,683.75 | State of New York | NY Borrower Paid Mortgage Tax |
| 4.95 | Mortgage Electronic Registration Systems | MERS Transfer Fee |
| 625.00 | TBD | Lender's Attorney Fee |

| ESCROW / IMPOUND FEES | NUMBER OF MONTHS | AMOUNT PER MONTH | TOTAL AMOUNT |
|---|---|---|---|
| | | | |

The undersigned borrower(s)
1. Direct that the loan proceeds be payable to the order of the Settlement Agent.
2. Acknowledge 1st payment date of: August 1, 2007
3. Acknowledge that the lender may cancel or amend these instructions without my / our approval.
4. Acknowledge all fees and requirements to close the loan transaction including the attached condition addendum(s).
5. Acknowledge Estimated Monthly Payment of:

Interest        $ 3,295.31
                $ 0.00
                $ 0.00
                $ 0.00
Other/Flood Insurance $ 0.00
                $ 3,295.31

_[signature]_ 6/26/07
Cedric HOLDER                              Date

_[signature] Holder_ 6/26/07
JOAN HOLDER                                Date

                                           Date

                                           Date

Aggregate Adjustment [          ]

SETTLEMENT AGENT SHALL: (i) TREAT ALL INFORMATION REGARDING THIS LOAN TRANSACTION, INCLUDING INFORMATION RELATING TO THE BORROWERS AND CONSUMERS DOING BUSINESS WITH US, AS CONFIDENTIAL INFORMATION (SUCH BORROWER AND CONSUMER INFORMATION, THE "CUSTOMER INFORMATION"); (ii) NOT USE OR DISCLOSE ANY CONFIDENTIAL INFORMATION, EXCEPT AS REQUESTED BY US IN CONNECTION WITH PERFORMING THESE LENDER'S INSTRUCTIONS AND PROVIDING THE SETTLEMENT SERVICES CONTEMPLATED HEREIN; AND (iii) COMPLY AT ALL TIMES WITH TITLE V OF THE GRAMM-LEACH-BLILEY ACT (PUB. L. 106-102), ALL CURRENT AND FUTURE APPLICABLE REGULATORY IMPLEMENTATIONS THEREOF, AND ALL OTHER APPLICABLE FEDERAL, STATE AND LOCAL LAWS, RULES, REGULATIONS AND ORDERS REGARDING THE CUSTOMER INFORMATION. WITHOUT LIMITING THE FOREGOING, SETTLEMENT AGENT AGREES TO SECURE AND MAINTAIN THE SECURITY OF ALL SUCH CUSTOMER INFORMATION IN ITS POSSESSION AT ALL TIMES SUCH CUSTOMER INFORMATION IS IN THE POSSESSION, CUSTODY OR CONTROL OF SETTLEMENT AGENT OR ANY OF ITS PERSONNEL, AGENTS, CONTRACTORS OR SUBCONTRACTORS. VIOLATION OF THESE COVENANTS MAY INVOKE CIVIL OR CRIMINAL REMEDIES UNDER THE PROVISIONS OF FEDERAL AND/OR STATE FINANCIAL PRIVACY LAWS.

ADDITIONALLY, CLOSING AGENT HEREBY CONFIRMS THAT ALL FUNDS RECEIVED FROM LENDER FOR THE DISBURSEMENT OF THE REFERENCED LOAN(S) WILL BE WIRED TO AND MAINTAINED IN A TRUST ACCOUNT, AND NOT IN A GENERAL OPERATING ACCOUNT, AND DISBURSED IN ACCORDANCE WITH THE LENDER'S INSTRUCTIONS HEREIN.

SETTLEMENT AGENT AGREES TO CLOSE THIS LOAN IN ACCORDANCE WITH ALL OF THE INSTRUCTIONS.

By: _[signature]_ 6/26/07
    Settlement Agent               Date

FIMB
Lender's Closing Instructions              Page 5 of 8                                        1005
                                                                                        (rev. 05/07)

BORROWER NAME: HOLDER             LOAN NUMBER: 126888382

# ADDENDUM TO LENDER'S CLOSING INSTRUCTIONS

The following is a list of documents that are enclosed.

****************************ATTENTION CLOSING AGENT****************************
DO NOT ALLOW CUSTOMERS TO SIGN ANY DOCUMENTS THAT CONTAIN BLANKS WHERE INFORMATION SHOULD BE ENTERED. REPORT THIS IMMEDIATELY TO YOUR INDYMAC CONTACT.

* Truth in Lending
* Note
* Security Instrument
* Adjustable Rate Rider
* 1-4 Family Rider
* W-9'S
* Servicing Disclosure Statement
* ID: Lender's Closing Instructions
* ID: Wire Instructions
* ID: Insurance Requirements
* ID: First Payment Letter and Mailing Address Certification
* ID: Borrower's Cert. & Authorization
* ID: Error's and Omissions/Compliance Agreement
* ID: Signature/Name Affidavit
* Interest Deductibility Disclosure Notice
* Escrow Account Disclosure
* Notice of Right to Receive a Copy of the Appraisal Report
* ID: Itemization of Amount Financed
* Closing Agent Checklist and Important Funding Messages
* ARM DISCLOSURE
* Anti-Predatory Lending Disclosure
* Market Based Pricing Disclosure
* Credit Score Notice to the Home Loan Applicant

## ADDITIONAL TITLE INSURANCE REQUIREMENTS

1. ___ Installment of Current taxes and all prior installments must be shown as paid.
2. ___ Borrower's names to read the same as on the security instrument.
3. ___ Loan amount should be the same as the note and security instrument.
4. ___ The proposed insured should be the Lender named in the security instrument.
5. ___ Clear all exceptions on Schedule "B/C".

BORROWER NAME: HOLDER                    LOAN NUMBER: 126888382

# ADDENDUM TO LENDER'S CLOSING INSTRUCTIONS

The following Lender conditions must be completed prior to the closing of the loan. Some conditions may be printed twice.

INDYMAC CONDITIONS:

11. ___ A copy of the preliminary title report, commitment, abstract or binder is required. A Lender's ALTA policy will be required at closing. TITLE MUST SHOW INDYMAC BANK INSURED FOR $555K

17. ___ Final signed HUD-1, Note, Security Instrument (1st, Signature & Notary Pages), TIL, Prepayment Addendum, if applicable, and Closing Instructions must be approved prior to disbursement. Fax these documents to the Indymac Bank Funder listed on the Closing Instructions. Upon approval, the Funder will release the Disbursement Authorization Number to the Closing Agent. The Closing Agent is authorized to disburse the funds only upon receipt of the Disbursement Authorization Number from the Indymac Bank Funder. Original, signed documents must be delivered to Indymac Bank within 48 hours of disbursement

18. ___ LIABILITIES: All debts as indicated on 1003 must be paid through closing.
LIABILITIES: All debts as indicated on 1003 must be paid through closing. BORROWER IS PAYING OFF ALL DEBTS ON EMITS CREDIT REPORT

19. ___ LIABILITIES: All liens, judgments, garnishments and other legal actions must be satisfied and delinquent debts must be brought current at or before closing.
LIABILITIES: All liens, judgments, garnishments and other legal actions must be satisfied and delinquent debts must be brought current at or before closing.

23. ___ CLOSING DOCUMENT: Provide supporting documentation for the following:
IMPORTANT.....PLEASE SEND ALL BROKER CHECKS TO THE "BROKER"...ALSO THE SIGNED AND DATED FINAL 1003 MUST BE OBTAINED FROM THE BROKER AND RETURNED WITH OUR CLOSING PACKAGE...CLOSING PACKAGE MUST BE RETURNED WITHIN 24 HOURS

24. ___ APPLICATION: Signed and dated 1003..

BORROWER NAME: HOLDER                                      LOAN NUMBER: 126888382

# ADDENDUM TO LENDER'S CLOSING INSTRUCTIONS

The following conditions must be completed prior to the closing of the loan. Some conditions may be printed twice.

LOAN CONDITIONS

1. __ SETTLEMENT AGENT TO CALCULATE AND APPLY ANY REISSUE OR DISCOUNTED RATE TO THE TITLE POLICY FOR WHICH THE BORROWER MAY BE ELIGIBLE.
2. __ Settlement Agent to Prepare and Fully Execute...Borrower's and Seller's HUD-1 Settlement Statement with Certification of Receipts and Disbursements. Remit three (3) signed certified copies and one (1) original.
3. __ Borrower(s) must sign and date the Residential Loan Application (1003). Closer must approve any revisions and any corrections to be initialed by borrower(s). Return with closing documents.
4. __ Settlement Agent to complete, if applicable, the required information at the bottom of the legal description for all recorded documents in the following states: Assessor's Identification Number (CA), Assessor's Parcel Number (NV), Assessor's Property Tax Parcel of Account Number (WA), Parcel Identification Number (KY, PA, VA & WI), Parcel Number (DE (Kent County), FL, IL, MT, NC, OH, & TN), Tax Map Number (HI, NJ & NY).
5. __ The escrow fee (or the fee charged for conducting or attending the closing) charged to Borrower by Settlement Agent has been included as a prepaid finance charge in the Truth in Lending disclosure pursuant to federal regulations effective October 1, 1998. Do not increase or decrease this fee without Lender's prior written consent. If no escrow fee is shown in these closing instructions, then no escrow fee will be charged to Borrower by Settlement Agent.
6. __ The Settlement Agent must insure that the Truth-in-Lending Disclosure is signed prior to the execution of the Note and/or Contract.
7. __ If required, Settlement Agent must ensure that the complete legal description is attached to the Security Instrument prior to being sent for recordation.
8. __ If this transaction is a refinance, confirm that the vesting on the security instrument matches the current vesting as shown on Title (unless a deed has been prepared for recording to alter current vesting). If this transaction is a purchase, confirm that the vesting is in the name of all borrowers/non-obligors signing the security instrument. Vesting may not be in a trust (except in California) or other legal entity unless expressly approved by IndyMac Bank. Closing Agent to confirm vesting conforms to these guidelines and contact IndyMac Bank immediately if the vesting is not proper.

# LENDER'S CLOSING INSTRUCTIONS
RETURN LOAN DOCUMENTS TO THE ADDRESS INDICATED BELOW

IndyMac Bank, F.S.B.
401 Rte 73 North - 40 Lake Ctr Exec Park #400, Marlton, NJ 08053

RETURN RECORDED DOCUMENTS TO THE ADDRESS INDICATED ON THE SECURITY INSTRUMENT

| | |
|---|---|
| FUNDER: Joann Stokes | LOAN NUMBER: 126852120 |
| PHONE NUMBER: 800-300-9266  Ext. 3512 | BORROWER LAST NAME: Holder |
| FAX NUMBER: 626-229-6113 | LOAN TYPE: IndyMac-WS: (IDFIXI010) Fxd Rate |
| DOCUMENT DATE: June 26, 2007 | LOAN PURPOSE: REFINANCE |
| COMMITMENT EXPIRATION DATE: July 9, 2007 | PROPERTY ADDRESS: 1074 East 14th Street |
| MUST FUND BY: July 2, 2007 | Brooklyn, NY 11230 |

DOCUMENTS MUST BE RETURNED BY: ORIGINAL SIGNED DOCUMENTS MUST BE RETURNED TO US NO LATER THAN 24 HOURS AFTER LOAN DISBURSEMENT ON NON RESCINDABLE WET FUNDING TRANSACTIONS AND NO LATER THAN 48 HOURS PRIOR TO LOAN DISBURSEMENT FOR RESCINDABLE WET FUNDING TRANSACTIONS AND FOR ALL TRANSACTIONS IN DRY FUNDING STATES.

| | |
|---|---|
| SETTLEMENT AGENT/ CLOSING AGENT: | National Settlement Agency<br>404 Park Ave S<br>New York, NY 10016 |
| ATTN: | PHONE NUMBER: 212-457-8181 |
| SETTLEMENT AGENT NUMBER: CSA292 | FAX NUMBER: 212-457-8182 |

| | |
|---|---|
| TITLE COMPANY: | Commonwealth Land Title Insurance Company<br>981 bay street<br>Staten Island, NY 10305 |
| ATTN: Closing | PHONE NUMBER: 718-981-0200 |
| TITLE ORDER NUMBER #: csa292 | FAX NUMBER: 718-981-0216 |

Enclosed herewith are documents relating to the above referenced loan.

These are the lender's instructions to you for closing. You are directed to follow these instructions in full, at which time you may request funds. You are not authorized to close this transaction unless you can strictly comply with these instructions. These instructions can only be changed, modified or waived in writing and delivered or telecopied to you by an authorized agent of the lender.

You are to make no changes to the documents without lender's written authorization. All approved changes must be initialed by the borrowers and any other party to the instrument being changed. Detailed instructions regarding documents to be returned and disbursement procedures are found at the end of this document.

CLOSING DOCUMENT REQUIREMENTS:
1. Truth-In-Lending Statement must be executed by the borrowers and title holders prior to all other documents.
2. If a construction loan, the Loan Construction Agreement must contain Exhibits A, B, C and D.
3. The Security Agreement, with attached legal description, if required, and all applicable Riders must have the originals sent for recording.
4. If Notice of Right to Cancel is enclosed, have it signed and dated concurrently with the Security Instrument by all borrowers and title holders.
5. Notice of Right to Cancel - Each person granting a security interest in the property must be furnished two completed copies of the Notice of Right to Cancel. You are to insert the appropriate rescission date where indicated on this form advising Borrower(s) that if they choose to cancel this loan transaction, they must send the signed Notice to Cancel to the lender no later than midnight of the third business day following the date they received and executed this notice. (For purposes of rescission, Saturdays are considered business days, Sundays and federal holidays are not.)
6. Estimated and final HUD-1 must include the names and addresses of all parties to the settlement and must be faxed to the IndyMac Bank Funder at the Fax number listed above. A certified copy of the final HUD-1 must be included with the signed documents when returned to us.
7. All fees and charges on the HUD-1/1A must be correct without any typeovers or crossouts including INTERIM INTEREST. Additionally the HUD-1 must REFLECT AN ITEMIZATION OF ALL DISBURSEMENTS FROM THE SELLER'S PROCEEDS.
8. Comply with Title Insurance and Hazard Insurance requirements as shown on page 2 and page 3.
9. Copy of Conveyance instrument(s) and Excise Affidavits.
10. Copy of Escrow Instructions and all amendments which are signed by all parties and certified by the settlement agent.
11. All documents must be signed and dated where applicable.
12. Do not show any credits from seller to buyer without consulting our office.
13. Make NO changes on the documents without our written permission. Call for instructions.
14. If we give permission to make changes on the documents, all changes must be initialed by all signatories to the documents.
15. Do not use a Power of Attorney without prior written approval from us.
16. If we allow the use of a Power of Attorney, the person using that authority must sign as, for example, "Jane Doe by John Doe, her attorney-in-fact", or per state requirements.
17. We assume no liability as to the identity of any person executing or acknowledging any instruments or documents delivered to you in connection with this transaction.
18. SIGNATURES: The documents must be signed exactly as the names appear on the document, even if this is not their usual signature. If a person's name is not on a document then he/she must NOT sign that specific document. Please pay special attention to middle initials, middle names, and generation identification (Jr., Sr., II, III, etc.). You should review the signature on each document carefully.
19. Verify that if initials are required, for example, on each page of the note, that the appropriate initials are obtained.
20. Do not provide us with pictorial verification of signors' identities such as copies of driver licenses. However, all signors must provide a pictorial identification, to be inspected by you, for verification of identity prior to signing the documents.
21. TAX INFORMATION: Tax information sheet required unless tax information provided on title or tax certificate. 126091

FIMB
Lender's Closing Instructions
Page 1 of 8
1005
(rev. 05/07)

BORROWER NAME: Holder                                                LOAN NUMBER: 126852120

## LENDER'S CLOSING INSTRUCTIONS

22. REVIEW: Please include three (3) certified copies each of the note and security instrument and provide copies of all other executed documents sent for recording such as a warranty deed, excise affidavit, quit-claim deed, buyer or seller power of attorney, etc. Additionally, for loan transactions where funds are not provided with closing documents (Dry Funding States), all documents must be in our office for review a minimum of two (2) days prior to the day you wish to record.
23. You are responsible for ensuring the borrowers receive a complete set of all *signed* documents. This includes the two (2) copies to each title owner of the Notice of Right to Cancel (if applicable).
24. Settlement Agent must notify us, in writing, if there are indications that funds to close or the earnest money deposit did not come from Borrower.

INITIAL CLOSING INSTRUCTIONS : YOU ARE NOT AUTHORIZED TO CLOSE THIS LOAN IF :
1. We have not received and approved a preliminary commitment for title insurance and an estimated closing statement.
2. You are past the expiration date of our legal documents which is  July 2, 2007
3. You have not signed a copy of these instructions plus any amendments, and given a copy to the borrowers.
4. There is any change to the original sales contract which we have not approved in writing.
5. We have not received and accepted / approved: a. Security Instruments conformed and certified plus three copies. b. Note plus three certified copies. c. Any other items sent for execution and / or notarization. We will not accept witnessed acknowledgments on notarized items.
6. We have not received and reviewed acceptable evidence of hazard insurance. Our requirements are detailed in the Hazard Insurance Section of these instructions.
7. All conditions of our loan commitment have not been met.
8. If there is a "Lender Credit", closing agent must asterisk on the HUD-1 those fees paid through this credit.
9. The closing fee charged by the closing agent cannot exceed $ 650.00
   If closing fees increase, a delay in closing will occur. The closing agent is required to notify the lender if fees have changed prior to the closing of the transaction.
10. A transaction becomes known to you on or before the date of closing that involves the borrower(s) or if you have knowledge of a transaction involving the subject property in the last 180 days. Notify the lender, in writing, of the additional transaction to verify that it has been considered in our loan approval decision.
11. If you are notified that a title owner has rescinded this transaction, our authorization to close the loan is revoked, and you must 1) notify us immediately of the borrower's reported rescission, and 2) return all funds to us immediately.

HAZARD INSURANCE:
A Hazard Insurance binder / certificate / policy must be furnished at the time of closing in the amount not less than the loan amount, or the replacement cost of the structure, whichever is less.
The policy must meet the following requirements :
1. Original policy or facsimile signed by an authorized agent identifying the full, correct borrower(s) names, the property address, the agent's name and address, the premium amount and our loan number.
2. The required coverage amount is determined as follows:
   - If the unpaid principal balance of the Loan is equal to or greater than the value of the improvements, then the minimum coverage amount must be 100% of the value of the improvements.   Improvement Value: $ 671,560.00
   - If the unpaid principal balance of the Loan is less than the value of the improvements, then the minimum coverage amount must be the greater of the principal balance or 80% of the value of the improvements.
   - The value of the improvements is the total estimated reproduction cost shown on the appraisal or the insurable value of the improvements as established by the insurer. If the policy provides for full replacement cost, then the value of the improvements is not used, and the named coverage amount will be deemed sufficient.
3. Paid receipt for first year premium attached or shown on HUD-1 as paid in closing.
4. Earthquake insurance (if required) use same identifying criteria as for Flood Insurance.
5. Insurer must have rating in Best's insurance guide of at least Class VI or B rating.
6. On condominiums, we must have an individual endorsement meeting the criteria above.
7. Flood Insurance (if required) : Standard policy issued by member of National Flood Insurers Association for not less than our loan amount or the cost of improvements, or the maximum amount available under National Flood Insurance Program, whichever is less. The name(s) of the borrower(s), legal description, street address, city, state, county and zip code of security property on these policies must be identical to those of the loan instruments.
8. Loss Payable Clause to: IndyMac Bank, F.S.B. its successors and/or assigns, P.O. Box 2971, Phoenix, AZ 85062-2971

   (Note: Lender will accept Lender Loss Payee not yet converted to above for all non-HELOC or non-Construction loans. Post-funding, Lender will distribute Lender Loss Payee notification letters to the insurance carriers for such non-HELOC or non-Construction transactions).
9. If a Construction loan the following is required 1) Course of Action Construction Coverage 2) General liability certificate from the contractor which names the contractor as the Insured. The Borrower and Lender must be named as Additional Insured under the contractor's liability policy 3) Worker's compensation certificate naming the contractor as the named Insured.  If a Lot Loan, no insurance is required.
10. For refinance transactions, if the expiration date of the insurance policy is not at least 60 days from the closing date of the loan, the hazard premium must be paid for the following year at closing.  You must provide acceptable evidence that the insurance policy is paid.  If coverage is modified to meet the requirements under the Hazard Insurance section, provide evidence of the premium adjustment and that it has been paid or will be paid at closing.

TITLE POLICY REQUIREMENTS :
THE TOTAL CONSIDERATION IN THIS TRANSACTION EXCEPT FOR OUR LOAN PROCEEDS AND APPROVED SECONDARY FINANCING MUST PASS TO YOU IN THE FORM OF CASH.  DO NOT PROCEED WITH CLOSING, AND NOTIFY OUR OFFICES IMMEDIATELY, IF YOU HAVE KNOWLEDGE OF A SALE OR TRANSFER OF THE SUBJECT PROPERTY ON OR BEFORE THE DATE OF OUR TRANSACTION, OR IF YOU HAVE KNOWLEDGE OF A CONCURRENT OR SUBSEQUENT TRANSACTION WHICH WOULD TRANSFER THE SUBJECT PROPERTY UPON COMPLETION OF THIS LOAN.
Insured Name, as it is to appears on the final title policy:  IndyMac Bank, F.S.B., a federally chartered savings bank
Vesting:    Cedric P Holder and Joan Holder

First lien financing has been approved for   $  495,000.00
Secondary (subordinate) lien financing has been approved for    N/A
1. The lender's purpose in making this loan is to obtain a valid first or second lien mortgage loan suitable for sale in the secondary mortgage market.  Unless this purpose is achieved, the Lender will sustain a substantial monetary loss.  To avoid such a loss, you must follow these closing instructions and issue a mortgage policy of title insurance insuring the Lender's lien as a valid first or second lien according to the rules and forms promulgated by the state insurance regulatory authority.
2. Except as otherwise specifically provided in these instructions, the Lender is not to incur any expense in this transaction. The total consideration in this transaction except for the loan and approved secondary financing must pass in the form of cash through the settlement.

BORROWER NAME: Holder                                                LOAN NUMBER: 126852120

# LENDER'S CLOSING INSTRUCTIONS

3. The lender reserves the right to cancel or amend this loan or these instructions at any time prior to closing and to demand the return of all monies and documents provided by lender.
4. This transaction has been approved for the above listed financing. No other liens against the property are permitted. We must approve any changes to these amounts in writing.
5. The title policy must insure this mortgage as a valid **first** lien subject only to the exceptions numbered **See Additional Title Insurance Requirements on Page 6.** as shown on the preliminary title report/commitment dated **May 20, 2007**. If secondary (subordinate) lien financing has been approved for this transaction, our lien must be in the appropriate position.
6. If this loan is for a secondary (subordinate) lien transaction, see attached addendum.
7. We require title insurance of $ **495,000.00**. ☐ If this box is checked, then the loan program allows for negative amortization and the amount of title insurance indicated represents **N/A** % of the loan amount.
8. The title policy must accurately reflect the marital status of the vestee. In addition, vesting on the title and vesting on the security instrument must be exactly the same.
9. You must contact our office prior to closing to discuss and, if permitted, secure written approval for any impediments/exceptions to title that are not specifically addressed in these instructions.
   a. **Taxes and Special Assessments**: No past due taxes or special assessments are to be shown as exceptions. The title policy must show current year's taxes "not yet due and payable" or "current installment paid".
   b. **Encroachments**: The policy must contain affirmative coverage against loss or damage in the event of an encroachment.
   c. **Unlocated Easements**: Any unlocated easements must be identified as to purpose, be of determined width and insured. Otherwise, they must be deleted from the final title policy.
   d. **Survey Exceptions**: Survey exceptions are not acceptable. If surveys are not commonly required in this property's jurisdiction, provide an Alta 9 or 100 or it's equivalent. (Restrictions, Encroachments and Minerals)
   e. **Legal and Property Address**: The legal description and common property address specified in the title policy must agree with the closing documents.
   f. **Water, oil, gas, or mineral reservations**: A comprehensive endorsement is required to insure us against damage or loss of improvements, including landscaping, in the event that water, oil, gas, or mineral reservations exist and that they allow for the right of surface.
   g. **Environmental Protection Lien Endorsements**: This endorsement (Alta 8 or 8.1 or its equivalent) must be included in the lender's title policy.
10. The following endorsements must be included in the lender's policy: **8 or 8.1, 9 or 100, EPL Endorsement,**

    Contact us if you have questions regarding the endorsements required for this transaction.
11. If a plat or survey is required in this jurisdiction, it must show the complete road name and reference all points used in the legal description.
12. All necessary instruments must be properly executed and recorded to assure the issuance of a lender's title policy, which meets the criteria outlined in these instructions.
13. Have the title company forward the owner's policy to the borrowers at the property or mailing address.
14. We require the original and one copy of the final lender's title policy. Send the final lender's title policy directly to:
    INDYMAC BANK F.S.B., 901 East 104th Street, Building B, Suite 400/500, Kansas City, MO 64131
    ATTENTION: DOCUMENT MANAGEMENT

**BORROWER COST REQUIREMENTS**
Downpayment in cash from borrower(s) must go through settlement. We require documentation of ALL funds received by the settlement agent. Borrowers cannot pay the following:

| VA LOANS | FHA LOANS |
|---|---|
| 1. Photos and Inspection Fees more than allowed by VA. | 1. Inspection Fees more than allowed by FHA. |
| 2. Messenger Service and Overnight Delivery Fees. | 2. Messenger Service and Overnight Delivery Fees. |
| 3. Recording of any document other than Deed/Security Deed and any attachments thereto. | 3. Recording of any document other than Deed/Security Deed and any attachments thereto. |
| 4. Photocopy or Fax Fees. | 4. Photocopy or Fax Fees. |
| 5. Escrow/Settlement Fees, Sub-Escrow, Signing Fee or Loan Tie-In. | 5. Sub-escrow, Signing or Loan Tie-In Fees. |
| 6. Termite Inspection (purchase). | 6. Wire Fees. |
| 7. Document Preparation Fees. | |
| 8. Notary Fees. | |

**DISBURSEMENT**
1. It shall be the responsibility of the Closing Agent to request proceeds from the lender at such time as the Closing Agent is prepared to comply with all the terms and conditions of the Purchase / Sale Agreement / Escrow Instructions and/or Lender's Closing Instructions. Such a request, by the Closing Agent, for funds shall be deemed a certification to the lender that all terms and conditions have been met and that the documents will be properly recorded no later than the next business day after the day the closing agent has received the proceeds check or wire transfer. In the event that the documents are not recorded within one business day of receipt of the lender's proceeds, the Closing Agent will immediately return the funds to the lender in the form of a Certified or Cashier's Check or wire transfer (see Wire Instructions form for return wire instructions), at the lender's discretion. The funds returned shall include the Closing Agent's fee. Closing Agent shall defend, indemnify and hold Lender harmless from and against, and shall reimburse it for, any liabilities, obligations, losses, damages, claims, penalties, actions, suits, causes of action or expenses of any nature (including attorney's fees and costs) asserted against Lender, which arise out of or are based on Closing Agent, within 24 hours of receipt of funds, failing to either (i) cause the documents necessary for issuance of the lender's title policy to be properly recorded, or (ii) immediately return such funds to Lender in the manner provided above.
2. HUD SETTLEMENT DATE:
   a. GOVERNMENT LOANS: The HUD-1 settlement date must be the date on which the lender disburses proceeds to the Closing Agent and NOT the date on which proceeds are disbursed to the seller. These two dates must be the same day.
   b. CONVENTIONAL LOANS: The settlement date on the HUD-1 statement may reflect the date on which the Closing Agent disburses the proceeds, which usually is the day after the Agent received loan proceeds from the lender. But in no event on a rescindable transaction can the closing agent disburse the proceeds earlier than the day after midnight of the third business day following execution of the Notice of Right to Cancel by all title owners.

ADDITIONAL INSTRUCTIONS, IF ANY, ARE ATTACHED AS DOCUMENT AND CONDITION ADDENDUMS.

BORROWER NAME: Holder                                    LOAN NUMBER: 126852120

## LENDER'S CLOSING INSTRUCTIONS

Collect all fees as indicated below and on the following page and reflect on the HUD-1 / 1A settlement statement. Please notify the lender if you have any questions regarding charges shown below. The term "Deducted" means that the fee has been subtracted from the lender's funds. The fee must be collected from the indicated parties.

If broker or any other interested party requests an additional fee or increase in any fee or charge, or a change to the sales price, appraised value, loan amount, or LTV, other than what is specifically stated below, do not close until lender has agreed, in writing, to all changes. If you do close with figures other than what is presented below, we may refuse to fund this loan or seek recourse to the closing agent.

Notify the lender immediately if the loan has not been recorded by 2:00 p.m. the day following the lender's disbursement of funds unless area policy mandates that recording occur prior to disbursement of funds or the state is a round table closing state.

SALES PRICE: 0.00                           LOAN AMOUNT: 495,000.00
***ESTIMATED MARKET VALUE: 960,000.00       LTV: 51.563

| Description | | BORROWER | SELLER | LENDER/THIRD PARTY |
|---|---|---|---|---|
| Appraisal Fee | :POC | 500.00 | | |
| Broker Compensation (POC by Lender) | :Deducted | | | -2,475.00 |
| Funding Fee | :Deducted | 725.00 | | |
| Tax Service Fee | :Deducted | 75.00 | | |
| LOL Flood Determination Fee | :Deducted | 7.00 | | |
| *B Broker Processing Fee | | 500.00 | | |
| *B Broker Application Fee | | 500.00 | | |
| *B Broker Credit Report Fee | | 29.62 | | |
| *B 3rd Party Courier Fee | | 13.26 | | |
| *B Broker Origination Fee | | 9,900.00 | | |
| Hazard Insurance Reserves | :Deducted | 940.00 | | |
| Property Tax Reserves | :Deducted | 1,287.51 | | |
| Aggregate Accounting Adjustment | :Deducted | -235.04 | | |
| Escrow/Closing Agent Fee | | 650.00 | | |
| Title Search/Abstract Fee | | 435.00 | | |
| Title Policy Premium Fee | | 1,512.00 | | |
| Title Endorsements Fee | | 75.00 | | |
| Signing Fee | | 100.00 | | |
| Pickup Fee | | 250.00 | | |
| Courier / Overnight Fee | | 50.00 | | |
| Escrow Service Charge | | 50.00 | | |
| Bankruptcy | | 70.00 | | |
| Recording Fees | | 300.00 | | |
| Lender New York Mortgage Tax paid by Lender (POC) | :Deducted | | | -1,237.50 |
| NY Borrower Paid Mortgage Tax | | 8,880.00 | | |
| MERS Transfer Fee | :Deducted | 4.95 | | |
| Departmentals | | 375.00 | | |

Sub-Total of Items Deducted:       -1,004.33
Amount of Net Funding:             496,004.33
All Hud-1 items must list Service Providers.

Interest From 07/02/2007 To 07/01/2007 @ $ 96.2500   For  -1.00  =$ -96.25

MORTGAGE BROKER COMPENSATION FEE PAID TO MORTGAGE BROKER BY LENDER POC - MUST BE SHOWN ON HUD-1/1A:
Paid To Optamerica Mortgage                                        $ 2,475.00

*B-fees paid to Broker
* Prepaid Finance Charge
** POC - Paid Outside of Closing                    Projected Wire Amount:  $496,004.33
L-fees paid to Lender, B-fees paid to Broker, O-fees paid to Others.
*** This is the value of your property that we have used to underwrite your loan. This value may differ from the amount reflected on your appraisal.

FIMB                                                                          X005
Lender's Closing Instructions              Page 4 of 8                       (rev. 05/07)

BORROWER NAME: Holder                                        LOAN NUMBER: 126852120

# LENDER'S CLOSING INSTRUCTIONS

In accordance with the Real Estate Settlement Procedures Act (RESPA), you must comply with all provisions of RESPA to complete the HUD-1 / 1A, including the Service Providers listed below must be shown on the HUD-1 or HUD-1 / 1A Settlement Statement.

| FEES | SERVICE PROVIDER | DESCRIPTION |
|---|---|---|
| 500.00 | On Time Appraisal Solutions | Appraisal Fee |
| -2,475.00 | Optamerica Mortgage | Broker Compensation |
| 725.00 | IndyMac Bank | Funding Fee |
| 75.00 | IndyMac Bank | Tax Service Fee |
| 7.00 | LSI/FIS (Fidelity) | LOL Flood Determination Fee |
| 500.00 | Optamerica Mortgage | Broker Processing Fee |
| 500.00 | Optamerica Mortgage | Broker Application Fee |
| 29.62 | CIS | Broker Credit Report Fee |
| 13.26 | Optamerica Mortgage | 3rd Party Courier Fee |
| 9,900.00 | Optamerica Mortgage | Broker Origination Fee |
| 650.00 | National Settlement Agency, Inc., | Escrow/Closing Agent Fee |
| 435.00 | National Settlement Agency, Inc., | Title Search/Abstract Fee |
| 1,512.00 | National Settlement Agency, Inc., | Title Policy Premium Fee |
| 75.00 | National Settlement Agency, Inc., | Title Endorsements Fee |
| 100.00 | National Settlement Agency, Inc., | Signing Fee |
| 250.00 | National Settlement Agency, Inc., | Pickup Fee |
| 50.00 | National Settlement Agency, Inc., | Courier / Overnight Fee |
| 50.00 | National Settlement Agency, Inc., | Escrow Service Charge |
| 70.00 | National Settlement Agency, Inc., | Bankruptcy |
| 300.00 | County Clerk | Recording Fees |
| -1,237.50 | State of New York | Lender New York Mortgage Tax paid by Lender (POC) |
| 8,880.00 | State of New York | NY Borrower Paid Mortgage Tax |
| 4.95 | Mortgage Electronic Registration Systems | MERS Transfer Fee |
| 375.00 | National Settlement Agency, Inc., | Departmentals |

| ESCROW / IMPOUND FEES | NUMBER OF MONTHS | AMOUNT PER MONTH | TOTAL AMOUNT |
|---|---|---|---|
| Taxes | 3 | 429.17 | 1,287.51 |
| Hazard | 4 | 235.00 | 940.00 |

The undersigned borrower(s):
1. Direct that the loan proceeds be payable to the order of the Settlement Agent.
2. Acknowledge 1st payment date of: August 1, 2007
3. Acknowledge that the lender may cancel or amend these instructions without my / our approval.
4. Acknowledge all fees and requirements to close the loan transaction including the attached condition addendum(s).
5. Acknowledge Estimated Monthly Payment of:

| | |
|---|---|
| Interest | $ 2,887.50 |
| Hazard | $ 235.00 |
| Taxes | $ 429.17 |
| | $ 0.00 |
| Other/Flood Insurance | $ 0.00 |
| | $ 3,551.67 |

Cedric P Holder       6/26/07
Joan Holder           6/26/07

| Aggregate Adjustment | -235.04 |
|---|---|

SETTLEMENT AGENT SHALL: (i) TREAT ALL INFORMATION REGARDING THIS LOAN TRANSACTION, INCLUDING INFORMATION RELATING TO THE BORROWERS AND CONSUMERS DOING BUSINESS WITH US, AS CONFIDENTIAL INFORMATION (SUCH BORROWER AND CONSUMER INFORMATION, THE "CUSTOMER INFORMATION"); (ii) NOT USE OR DISCLOSE ANY CONFIDENTIAL INFORMATION, EXCEPT AS REQUESTED BY US IN CONNECTION WITH PERFORMING THESE LENDER'S INSTRUCTIONS AND PROVIDING THE SETTLEMENT SERVICES CONTEMPLATED HEREIN; AND (iii) COMPLY AT ALL TIMES WITH TITLE V OF THE GRAMM-LEACH-BLILEY ACT (PUB. L. 106-102), ALL CURRENT AND FUTURE APPLICABLE REGULATORY IMPLEMENTATIONS THEREOF, AND ALL OTHER APPLICABLE FEDERAL, STATE AND LOCAL LAWS, RULES, REGULATIONS AND ORDERS REGARDING THE CUSTOMER INFORMATION. WITHOUT LIMITING THE FOREGOING, SETTLEMENT AGENT AGREES TO SECURE AND MAINTAIN THE SECURITY OF ALL SUCH CUSTOMER INFORMATION IN ITS POSSESSION AT ALL TIMES SUCH CUSTOMER INFORMATION IS IN THE POSSESSION, CUSTODY OR CONTROL OF SETTLEMENT AGENT OR ANY OF ITS PERSONNEL, AGENTS, CONTRACTORS OR SUBCONTRACTORS. VIOLATION OF THESE COVENANTS MAY INVOKE CIVIL OR CRIMINAL REMEDIES UNDER THE PROVISIONS OF FEDERAL AND/OR STATE FINANCIAL PRIVACY LAWS.

ADDITIONALLY, CLOSING AGENT HEREBY CONFIRMS THAT ALL FUNDS RECEIVED FROM LENDER FOR THE DISBURSEMENT OF THE REFERENCED LOAN(S) WILL BE WIRED TO AND MAINTAINED IN A TRUST ACCOUNT, AND NOT IN A GENERAL OPERATING ACCOUNT, AND DISBURSED IN ACCORDANCE WITH THE LENDER'S INSTRUCTIONS HEREIN.

SETTLEMENT AGENT AGREES TO CLOSE THIS LOAN IN ACCORDANCE WITH ALL OF THE INSTRUCTIONS.

By: _____  6/26/07
    Settlement Agent          Date

FIMB
Lender's Closing Instructions        Page 5 of 8                    1005
                                                                    (rev. 05/07)

BORROWER NAME: Holder             LOAN NUMBER: 126852120

## ADDENDUM TO LENDER'S CLOSING INSTRUCTIONS

The following is a list of documents that are enclosed.

*************************ATTENTION CLOSING AGENT*************************
DO NOT ALLOW CUSTOMERS TO SIGN ANY DOCUMENTS THAT CONTAIN BLANKS WHERE INFORMATION SHOULD BE ENTERED. REPORT THIS IMMEDIATELY TO YOUR INDYMAC CONTACT.

* Truth in Lending
* Notice of Right to Cancel
* Note
* Security Instrument
* 1-4 Family Rider
* W-9's
* Servicing Disclosure Statement
* ID: Rescission Instructions to Closing Agent
* ID: Lender's Closing Instructions
* ID: Wire Instructions
* ID: Insurance Requirements
* ID: First Payment Letter and Mailing Address Certification
* ID: Borrower's Cert. & Authorization
* ID: Error's and Omissions/Compliance Agreement
* ID: Signature/Name Affidavit
* Initial Escrow Account Disclosure Statement
* Interest Deductibility Disclosure Notice
* Occupancy Declaration
* Notice of Right to Receive a Copy of the Appraisal Report
* Tax Escrow Account Designation of Mortgage Investing Institution to Receive Tax Bills
* ID: Itemization of Amount Financed
* Closing Agent Checklist and Important Funding Messages
* Anti-Predatory Lending Disclosure
* Market Based Pricing Disclosure
* Credit Score Notice to the Home Loan Applicant

### ADDITIONAL TITLE INSURANCE REQUIREMENTS

1. __ Installment of Current taxes and all prior installments must be shown as paid.
2. __ Borrower's names to read the same as on the security instrument.
3. __ Loan amount should be the same as the note and security instrument.
4. __ The proposed insured should be the Lender named in the security instrument.
5. __ Clear all exceptions on Schedule "B/C".

BORROWER NAME: Holder                                   LOAN NUMBER: 126852120

# ADDENDUM TO LENDER'S CLOSING INSTRUCTIONS

The following Lender conditions must be completed prior to the closing
of the loan. Some conditions may be printed twice.

INDYMAC CONDITIONS:
5. ___  PF#223- Internal Condition: Customer Contact Log:
18. ___ CIP: Borrower to provide AKA Statement:
19. ___ FUNDING ADVICE: Cash out not to exceed: $ Maximum cash out amounts for product are specified in Section 2104 of the Seller Guide.
20. ___ Funding Advice: Copy of ARM Disclosure, if applicable NO 0 ARM DISCLOSure required - A 1-4 FAMILY RIDER IS REQUIRED AS SUBJECT IS A 2 UNIT
21. ___ LIABILITIES: All debts as indicated on 1003 must be paid through closing. ****PRIOR TO FUNDING LOAN**FUNDER WILL NEED THE CP OVERNITED WITHIN 24 HOURS AFTER THE CLOSING IN ORDER TO SET WIRE 7/2/07*****FUNDER JOANN STOKES @ 856-396-3512 Fax#626-685-5593****** ******FINAL 1003 MUST COME FROM THE BROKER & TO BE SIGNED @ CLOSING**
22. ___ LIABILITIES: Judgments, garnishments, liens or other legal actions must be satisfied at or before closing.
24. ___ If the transaction requires a Consolidation, Extension and Modification Agreement (CEMA), the following documents must be faxed to the Funding fax number indicated on the Conditional Approval Notice 5 business days prior to the requested wire date:1) Indymac Bank to Indymac Bank (Indymac Bank currently services existing loan): CEMA Agreement2) Other Lender to Indymac Bank: a) CEMA Agreement, b) existing Notes with complete chain of endorsements, c) existing mortgages (all pages required), d) all assignments, e) payoff letter from existing lender
25. ___ If applicable, a copy of the flood insurance policy or application is required Prior to Doc for non-rescindable transactions in wet states or if impounds are required or requested. If an application is submitted, include evidence of payment.

BORROWER NAME: Holder      LOAN NUMBER: 126852120

# ADDENDUM TO LENDER'S CLOSING INSTRUCTIONS

The following conditions must be completed prior to the closing of the loan. Some conditions may be printed twice.

**LOAN CONDITIONS**

1. \_\_ SETTLEMENT AGENT TO CALCULATE AND APPLY ANY REISSUE OR DISCOUNTED RATE TO THE TITLE POLICY FOR WHICH THE BORROWER MAY BE ELIGIBLE.
2. \_\_ Settlement Agent to Prepare and Fully Execute...Borrower's and Seller's HUD-1 Settlement Statement with Certification of Receipts and Disbursements. Remit three (3) signed certified copies and one (1) original.
3. \_\_ Borrower(s) must sign and date the Residential Loan Application (1003). Closer must approve any revisions and any corrections to be initialed by borrower(s). Return with closing documents.
4. \_\_ Settlement Agent to complete, if applicable, the required information at the bottom of the legal description for all recorded documents in the following states: Assessor's Identification Number (CA), Assessor's Parcel Number (NV), Assessor's Property Tax Parcel of Account Number (WA), Parcel Identification Number (KY, PA, VA & WI), Parcel Number (DE (Kent County), FL, IL, MI, NC, OH, & TN), Tax Map Number (HI, NJ & NY).
5. \_\_ The escrow fee (or the fee charged for conducting or attending the closing) charged to Borrower by Settlement Agent has been included as a prepaid finance charge in the Truth in Lending disclosure pursuant to federal regulations effective October 1, 1998. Do not increase or decrease this fee without Lender's prior written consent. If no escrow fee is shown in these closing instructions, then no escrow fee will be charged to Borrower by Settlement Agent.
6. \_\_ The Settlement Agent must insure that the Truth-in-Lending Disclosure is signed prior to the execution of the Note and/or Contract.
7. \_\_ If required, Settlement Agent must ensure that the complete legal description is attached to the Security Instrument prior to being sent for recordation.
8. \_\_ If this transaction is a refinance, confirm that the vesting on the security instrument matches the current vesting as shown on Title (unless a deed has been prepared for recording to alter current vesting). If this transaction is a purchase, confirm that the vesting is in the name of all borrowers/non-obligors signing the security instrument. Vesting may not be in a trust (except in California) or other legal entity unless expressly approved by IndyMac Bank. Closing Agent to confirm vesting conforms to these guidelines and contact IndyMac Bank immediately if the vesting is not proper.