UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INDYMAC BANK, F.S.B,

                Plaintiff,                Case No.  07 CIV 7657 (LTS)

              -against-

NATIONAL SETTLEMENT AGENCY, INC.,      **ANSWER**
STEVEN M. LEFF, RACHEL M. LEFF and
RICHARD A. LEFF,

                Defendants.

Defendant, RACHEL M. LEFF (hereinafter referred to as "Defendant"), by and through her attorneys, Lawrence F. Morrison  responds to Plaintiff's Complaint against her as follows:

## **PARTIES**

1.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Plaintiff's Complaint.

2.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" of the Plaintiff's Complaint

3.     The Defendant admits the Steven M. Leff was the president of NSA, but denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "3" of the Plaintiff's Complaint.

4.     The Defendant admits to the allegations contained in paragraph "4" of the Plaintiff's Complaint.

5.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of the Plaintiff's Complaint.

NEWYORK/#185122.1

## JURISDICTION AND VENUE

6.      The Defendant denies the allegations contained in paragraph "6" of the Plaintiff's Complaint and respectfully refers all questions of law to the court for judicial determination.

7.      The Defendant denies the allegations contained in paragraph "7" of the Plaintiff's Complaint and respectfully refers all questions of law to the court for judicial determination.

## FACTUAL ALLEGATIONS

8.      The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of the Plaintiff's Complaint.

9.      The Defendant denies she was IndyMac's closing agent and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "9" of the Plaintiff's Complaint.

10.     The Defendant denies she was IndyMac's closing agent, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "10" of the Plaintiff's Complaint and respectfully refers all questions of law to the court for judicial determination.

11.     The Defendant denies the allegations contained in paragraph "11" of the Plaintiff's Complaint.

The Holder of Mortgage # 1 (Loan No. 126888382)

12.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of the Plaintiff's Complaint.

13.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13" of the Plaintiff's Complaint.

NEWYORK/#185122.1

14.     The Defendant denies the allegations contained in paragraph "14" of the Plaintiff's Complaint.

15.     The Defendant denies receiving any instruction from Plaintiff and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "15" of the Plaintiff's Complaint.

16.     The Defendant denies drawing checks or being required to draw checks and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "16" of the Plaintiff's Complaint.

17.     The Defendant denies the allegations contained in paragraph "17" of the Plaintiff's Complaint.

The Holder of Mortgage #2 (Loan No. 126852120)

18.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "18" of the Plaintiff's Complaint.

19.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19" of the Plaintiff's Complaint.

20.     The Defendant denies the allegations contained in paragraph "20" of the Plaintiff's Complaint.

21.     The Defendant denies receiving any instruction from Plaintiff and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "21" of the Plaintiff's Complaint.

22.     The Defendant denies drawing checks or being required to draw checks and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "22" of the Plaintiff's Complaint.

NEWYORK/#185122.1

23.     The Defendant denies the allegations contained in paragraph "23" of the Plaintiff's Complaint.

The Packard Mortgage (Loan No. 126712948)

24.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "24" of the Plaintiff's Complaint.

25.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "25" of the Plaintiff's Complaint.

26.     The Defendant denies the allegations contained in paragraph "26" of the Plaintiff's Complaint.

27.     The Defendant denies receiving any instruction from Plaintiff and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "27" of the Plaintiff's Complaint.

28.     The Defendant denies drawing checks or being required to draw checks and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "28" of the Plaintiff's Complaint.

29.     The Defendant denies the allegations contained in paragraph "29" of the Plaintiff's Complaint.

The Penny Mortgage (Loan No. 126383851)

30.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "30" of the Plaintiff's Complaint.

31.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "31" of the Plaintiff's Complaint.

NEWYORK/#185122.1

32.     The Defendant denies the allegations contained in paragraph "32" of the Plaintiff's Complaint.

33.     The Defendant denies receiving any instruction from Plaintiff and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "33" of the Plaintiff's Complaint.

34.     The Defendant denies drawing checks or being required to draw checks and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "34" of the Plaintiff's Complaint.

35.     The Defendant denies the allegations contained in paragraph "35" of the Plaintiff's Complaint.

The Scali Mortgages (Loan No. 126738313)

36.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "36" of the Plaintiff's Complaint.

37.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "37" of the Plaintiff's Complaint.

38.     The Defendant denies the allegations contained in paragraph "38" of the Plaintiff's Complaint.

39.     The Defendant denies receiving any instructions from Plaintiff and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "39" of the Plaintiff's Complaint.

40.     The Defendant denies drawing checks or being required to draw checks and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "40" of the Plaintiff's Complaint.

NEWYORK/#185122.1

41.     The Defendant denies the allegations contained in paragraph "41" of the Plaintiff's Complaint.

## FIRST PURPORTED CLAIM FOR RELIEF
### (Breach of Contract)

42.     The Defendant repeats, reiterates and realleges each and every response to the allegation in the Plaintiff's Complaint, as if each were set forth verbatim herein.

43.     The Defendant denies the allegations contained in paragraph "43" of the Plaintiff's Complaint.

44.     The Defendant denies the allegations contained in paragraph "44" of the Plaintiff's Complaint.

45.     The Defendant denies the allegations contained in paragraph "45" of the Plaintiff's Complaint.

46.     The Defendant denies the allegations contained in paragraph "46" of the Plaintiff's Complaint.

## SECOND PURPORTED CLAIM FOR RELIEF
### (Conversion)

47.     The Defendant repeats, reiterates and realleges each and every response to the allegation in the Plaintiff's Complaint, as if each were set forth verbatim herein.

48.     The Defendant denies the allegations contained in paragraph "48" of the Plaintiff's Complaint.

49.     The Defendant denies the allegations contained in paragraph "49" of the Plaintiff's Complaint.

50.     The Defendant denies the allegations contained in paragraph "50" of the Plaintiff's Complaint.

NEWYORK/#185122.1

51.    The Defendant denies the allegations contained in paragraph "51" of the Plaintiff's Complaint.

## THIRD PURPORTED CLAIM FOR RELIEF
### (Fraud)

52.    The Defendant repeats, reiterates and realleges each and every response to the allegation in the Plaintiff's Complaint, as if each were set forth verbatim herein.

53.    The Defendant denies the allegations contained in paragraph "53" of the Plaintiff's Complaint.

54.    The Defendant denies the allegations contained in paragraph "54" of the Plaintiff's Complaint.

55.    The Defendant denies the allegations contained in paragraph "55" of the Plaintiff's Complaint.

56.    The Defendant denies the allegations contained in paragraph "56" of the Plaintiff's Complaint.

57.    The Defendant denies the allegations contained in paragraph "57" of the Plaintiff's Complaint.

## FOURTH PURPORTED CLAIM FOR RELIEF
### (Breach of Fiduciary Duty)

58.    The Defendant repeats, reiterates and realleges each and every response to the allegation in the Plaintiff's Complaint, as if each were set forth verbatim herein.

59.    The Defendant denies the allegations contained in paragraph "59" of the Plaintiff's Complaint and respectfully refers all questions of law to the Court for judicial determination.

60.    The Defendant denies the allegations contained in paragraph "60" of the Plaintiff's Complaint.

NEWYORK/#185122.1

61.    The Defendant denies the allegations contained in paragraph "61" of the Plaintiff's Complaint.

62.    The Defendant denies the allegations contained in paragraph "62" of the Plaintiff's Complaint.

63.    The Defendant denies the allegations contained in paragraph "63" of the Plaintiff's Complaint.

64.    The Defendant denies the allegations contained in paragraph "64" of the Plaintiff's Complaint.

## FIFTH PURPORTED CLAIM FOR RELIEF
### (Negligence)

65.    The Defendant repeats, reiterates and realleges each and every response to the allegation in the Plaintiff's Complaint, as if each were set forth verbatim herein.

66.    The Defendant denies the allegations contained in paragraph "66" of the Plaintiff's Complaint and respectfully refers all questions of law to the Court for judicial determination.

67.    The Defendant denies the allegations contained in paragraph "67" of the Plaintiff's Complaint.

68.    The Defendant denies the allegations contained in paragraph "68" of the Plaintiff's Complaint.

## SIXTH PURPORTED CLAIM FOR RELIEF
### (Unjust Enrichment)

69.    The Defendant repeats, reiterates and realleges each and every response to the allegation in the Plaintiff's Complaint, as if each were set forth verbatim herein.

70.    The Defendant denies the allegations contained in paragraph "70" of the Plaintiff's Complaint.

NEWYORK/#185122.1

71.     The Defendant denies the allegations contained in paragraph "71" of the Plaintiff's Complaint.

72.     The Defendant denies the allegations contained in paragraph "72" of the Plaintiff's Complaint.

73.     The Defendant denies the allegations contained in paragraph "73" of the Plaintiff's Complaint.

**SEVENTH PURPORTED CLAIM FOR RELIEF**
**(Money Had and Received Against All Defendants)**

74.     The Defendant repeats, reiterates and realleges each and every response to the allegation in the Plaintiff's Complaint, as if each were set forth more fully at length verbatim herein.

75.     The Defendant denies the allegations contained in paragraph "75" of the Plaintiff's Complaint.

76.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "76" of the Plaintiff's Complaint and respectfully refers all questions of law to the Court for judicial determination.

77.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "77" of the Plaintiff's Complaint and respectfully refers all questions of law to the Court for judicial determination.

78.     The Defendant denies she is or ever was in possession, custody or control of Plaintiff's money and therefore denies the allegations contained in paragraph "78" of the Plaintiff's Complaint.

79.     The Defendant denies the allegations contained in paragraph "79" of the Plaintiff's Complaint.

NEWYORK/#185122.1

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action for which relief may be granted against the Defendant and should be dismissed.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Defendant exercised due care and diligence in all matters alleged in the Plaintiff's Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Any damages to the Plaintiff are the result of the acts or omissions of third persons or entities over which the Defendant exercised no direction or control.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's purported breach of contract claim must be dismissed pursuant to the Statute of Frauds.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Defendant was not the proximate cause of the Plaintiff's alleged damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to comport with Rule 9(b) and should be dismissed.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to establish actionable damages resulting from the Defendant's alleged acts/omissions.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to establish that the Defendant's conduct fell below the applicable standard of care.

10

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to join persons needed for just adjudication.

**WHEREFORE**, Defendant Rachel M. Leff hereby demands judgment dismissing the Plaintiff's Complaint in its entirety, together with the costs and disbursements of this action, including attorneys' fees and for such other, further and different result as this court may deem just and proper.

Dated: New York, New York          **LAW OFFICES OF LAWRENCE F. MORRISON**
        November 1 2007


By /s/ Lawrence F. Morrison
   Lawrence F. Morrison(lm7568)
   220 E. 72nd Street, 25th Floor
   New York, New York  10021
   (212) 861-1224

   *Attorney for Defendant Rachel Leff*

To: Kaufman Borgeest & Ryan LLP
   Attorneys for Defendant Richard A. Leff
   99 Park Avenue, 19th Floor
   New York, NY  10016
   (212) 980-9600

   Eric Weinstein, Esq.
   David J. Galalis, Esq.
   Feldman Weinstein & Smith LLP
   420 Lexington Avenue, Suite 2620
   New York, NY  10170
   (212) 869-7000

   Michael L. Soshick, Esq.
   Attorney for Steven M. Leff
   190 Willis Avenue, Suite 112
   Mineola, NY  11501
   (516) 294-1111

NEWYORK/#185122.1

NEWYORK/#185122.1