UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INDYMAC BANK, F.S.B.,

                    Plaintiff,

  – against –

NATIONAL SETTLEMENT AGENCY, INC.;
STEVEN M. LEFF; RACHEL M. LEFF;
RICHARD A. LEFF; JOHN DOES 1–100,

                   Defendants.

---

Case No.: 07 cv 6865 (LTS)

**DECLARATION OF ERIC
WEINSTEIN RE: MOTION
FOR DEFAULT JUDGMENT**

---

Eric Weinstein, pursuant to 28 U.S.C. § 1746, declares and states under penalty of perjury as follows:

1.    I am a partner with the firm Feldman Weinstein & Smith LLP, attorneys for plaintiff IndyMac Bank, F.S.B. ("IndyMac"). I submit this declaration in support of IndyMac's motion for judgment by default, pursuant to Fed. R. Civ. P. 55(b)(2) and Local Civil Rule 55.2(b), against defendants National Settlement Agency, Inc. ("NSA") and Steven Leff.

2.    A copy of this Court's order that plaintiff may make a motion for default judgment against NSA and Steven Leff is annexed hereto as Exhibit A.

3.    A copy of the clerk's certificate of default is annexed as Exhibit B.

4.    A copy of the claim to which no response was made (to wit, the complaint) is annexed as Exhibit C.

5.    Copies of the affidavits of service of the summons and complaint upon NSA and Steven Leff, as well as the certificate of service for the motion for default judgment, are annexed as Exhibit D.

6.    On several occasions, I have spoken with Michael L. Soshnick, attorney for defendant Steven M. Leff.  Mr. Soshnick told me, more than once, that his client would be taking a default in this action.

7.    Steven M. Leff was deposed, pursuant to an order of this Court, on October 10, 2007.  My examination of him appears on pages 207-08 of the transcript, wherein he invoked the Fifth Amendment privilege to all of the questions posed to him regarding the IndyMac loans.  A copy of those pages is annexed as Exhibit E.

8.    A proposed form of default judgment is annexed as Exhibit F.

Dated: New York, New York
      November 20, 2007

                                                                 Eric Weinstein

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

INDYMAC BANK, F.S.B.,

        Plaintiff,

    -v-

NATIONAL SETTLEMENT AGENCY, INC.
et al.,

        Defendants.

------------------------------------------------------------x

No. 07 Civ. 6865 (LTS)(GWG)


ORDER

      This matter having been commenced by the filing of a Complaint on July 31, 2007, and the Defendants National Settlement Agency, Inc. and Steven Leff having failed to interpose a timely answer to the Complaint or otherwise move in this proceeding, and the plaintiff having sought permission to move for a default judgment, it is hereby

      ORDERED, that the plaintiff may make a motion for a default judgment as against Defendants National Settlement Agency, Inc. and Steven Leff; and it is further

      ORDERED, that such motion for default judgment shall be served on the defendants and shall be accompanied by copies of the Clerk's Certificate and of proof of service of the summons and complaint and the motion for default judgment as provided by the undersigned's Individual Practices Rules; and it is further

      ORDERED, that said motion shall be briefed in accordance with the schedule set forth in Local Civil Rule 6.1 and will be taken on submission unless otherwise directed by the Court; and it is further

      ORDERED, that plaintiff shall serve a copy of this Order on defendants and file proof of such service within ten (10) days from the date hereof.

Dated: New York, New York
      November 20, 2007

                            LAURA TAYLOR SWAIN
                            United States District Judge

DEFPROVE.FRM

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INDYMAC BANK, F.S.B.,                          :        Case No.: 07 cv 6865 (LTS)

                           Plaintiff,     :

      – against –                                 :        **CERTIFICATE OF DEFAULT**

NATIONAL SETTLEMENT AGENCY, INC.;              :
STEVEN M. LEFF; RACHEL M. LEFF;                :
RICHARD A. LEFF; JOHN DOES 1–100,              :

                    Defendants.    :

---

I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on July 31, 2007, with the filing of a summons and complaint; a copy of the summons and complaint was served upon defendant National Settlement Agency, Inc. on August 20, 2007, through the Secretary of State, and upon defendant Steven M. Leff on August 8, 2007 through an authorized agent; and proofs of service upon both defendants were filed on September 7, 2007.

I further certify that the docket entries indicate that defendants National Settlement Agency, Inc. and Steven M. Leff have not filed an answer or otherwise moved with respect to the complaint. The defaults of defendants National Settlement Agency, Inc. and Steven M. Leff are hereby noted.

Dated: New York, New York
       November 20, 2007

                                  J. MICHAEL MCMAHON
                                  Clerk of Court

                         By:
                                Deputy Clerk

**EXHIBIT C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE SWAIN**

———————————————— :

INDYMAC BANK, F.S.B.,                    :    Case No **07 CIV 6865**

                Plaintiff,    :

  – against –                              :

NATIONAL  SETTLEMENT  AGENCY, INC.; :
STEVEN  M.  LEFF;  RACHEL  M.  LEFF;
RICHARD A. LEFF; JOHN DOES 1–100,    :

                Defendants.    :

                             :

**COMPLAINT**
**(WITH JURY DEMAND)**



RECEIVED
JUL 3 1 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff IndyMac Bank, F.S.B., by its attorneys, for its complaint, alleges as follows:

### Parties

1.    Plaintiff IndyMac Bank, F.S.B. ("IndyMac") is a federal savings bank, maintaining a principal place of business at 155 North Lake Avenue, Pasadena, California 91101.

2.    Defendant National Settlement Agency, Inc. ("National Settlement") is a domestic business corporation, and upon information and belief, maintains or maintained a principal place of business at 404 Park Avenue South, 5th Floor, New York, NY 10016 and also did or does business out of 575 Madison Avenue, Suite 1006, New York, NY 10022 and 15 Anvil Ct. 15, East Hampton, NY 11937.

3.    Defendant Steven M. Leff is an individual and, upon information and belief, is the president of National Settlement, and maintains a principal residence at 15 Anvil Ct. 15, East Hampton, NY 11937.

4.    Defendant Rachel M. Leff is an individual and, upon information and belief, is the chief executive officer of National Settlement, is the wife of Steven M. Leff, and maintains a principal residence at 15 Anvil Ct. 15, East Hampton, NY 11937.

5.    Defendant Richard A. Leff is an individual and, upon information and belief, is an attorney licensed in the State of New York, the brother of Steven M. Leff, and resides at 10 Park Road, Short Hills, NJ 07078.

### Jurisdiction

6.    This court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a) because IndyMac, a citizen of the State of California pursuant to 12 U.S.C. §§ 1462(5) and 1464(x), and the defendants are citizens of different states, and the value of the matter in controversy exceeds $75,000, exclusive of interest and costs.

7.    Venue in this court is proper under 28 U.S.C. § 1391(a).

### Facts

8.    IndyMac is in the business of funding residential mortgages.

9.    In connection with the funding of certain mortgages in June and July of 2007, defendants undertook to act, and acted as, IndyMac's closing agents.

10.    Defendants, acting as IndyMac's closing agents, had the legal obligation, at the time of the closing of each mortgage, to disburse to IndyMac's borrowers and other payees, according to IndyMac's closing instructions, the specific funds that IndyMac had wired in trust to one of National Settlement's accounts at the Chase Manhattan Bank: (1) "National Settlement Agency, Inc., Attorney Escrow Funding Account" Account No. 904613917, ABA No. 021000021; or (2) "National Settlement Agency, Inc., Attorney Funding Account – Gen" Account No. 987096757765, ABA No. 021000021 (collectively "the accounts").

2

11.    In June and July of 2007, upon information and belief, defendants converted or allowed to be converted, approximately $2.3 million of IndyMac's funds that had been wired into the accounts for defendants to disburse or cause to be disbursed to IndyMac's borrowers and other designated payees at several mortgage closings. Those mortgage closings are described in more detail below.

The Holder Mortgage #1 (Loan No. 126888382)

12.    IndyMac agreed to make a loan to Cedric and Joan Holder ("Holder") in the amount of $555,000, to be secured by a mortgage on the real property located at 1072 E. 14th Street, Brooklyn, NY 11230.

13.    This mortgage was scheduled to close on or about June 26, 2007.

14.    Defendants acted as the closing agents for this mortgage.

15.    IndyMac wired funds to Account No. 987096757765 and provided defendants with specific instructions for its disbursement to Holder and other payees.

16.    Several checks were drawn, or should have been drawn, by defendants upon these funds, totaling $508,232; these checks were either dishonored upon presentment because of insufficient funds in Account No. 987096757765, or were never sent to the payee:

   a.    $471,478 to America's Servicing Co.;

   b.    $8,298 to Discover Financial;

   c.    $7,685 to HFC-USA;

   d.    $6,236 to American Express;

   e.    $5,920 to American Express;

   f.    $3,334 to Sears;

   g.    $2,548 to Sears;

    h.  $2,343 to Capital One Bank;

    i.  $390 to American Express

17.    Upon information and belief, defendants secreted this $508,232 for their own personal uses instead of disbursing this money as IndyMac had directed.

The Holder Mortgage #2 (Loan No. 126852120)

18.    IndyMac agreed to make a loan to Cedric and Joan Holder ("Holder") in the amount of $495,000, to be secured by a mortgage on the real property located at 1074 E. 14th Street, Brooklyn NY 11230.

19.    This mortgage was scheduled to close on or about June 26, 2007.

20.    Defendants acted as the closing agents for this mortgage.

21.    IndyMac wired funds to Account No. 987096757765 and provided defendants with specific instructions for its disbursement to Holder and other payees.

22.    A check drawn, or that should have been drawn, by defendants upon these funds, in the amount of $453,421 to AMC Mortgage Services was either never sent to the payee or was dishonored upon presentment because of insufficient funds in Account No. 987096757765.

23.    Upon information and belief, defendants secreted this $453,421 for their own personal uses instead of disbursing this money as IndyMac had directed.

The Packard Mortgage (Loan No. 126712948)

24.    IndyMac agreed to make a loan to John and Rae Packard ("Packard") in the amount of $1,435,000, to be secured by a mortgage on the real property located at 747 Remsens Lane, Muttontown, NY 11771.

25.    This mortgage was scheduled to close on or about June 29, 2007.

26.    Defendants acted as the closing agents for this mortgage.

27.    IndyMac wired funds to Account No. 904613917 and provided defendants with specific instructions for its disbursement to Packard and other payees.

28.    A check drawn, or that should have been drawn, by defendants upon these funds, in the amount of $1,074,111 to Chase Home Finance was either never sent to the payee or was dishonored upon presentment because of insufficient funds in Account No. 904613917.

29.    Upon information and belief, defendants secreted this $1,074,111 for their own personal uses instead of disbursing this money as IndyMac had directed.

The Penny Mortgage (Loan No. 126383851)

30.    IndyMac agreed to make a loan to Marcia Penny and Juanita Bartley ("Penny") in the amount of $369,000, to be secured by a mortgage on the real property located at 315 State Avenue, Wyandanch, NY 11798.

31.    This mortgage was scheduled to close on or about June 13, 2007.

32.    Defendants acted as the closing agents for this mortgage.

33.    IndyMac wired funds to Account No. 904613917 and provided defendants with specific instructions for its disbursement to Penny and other payees.

34.    Two checks drawn, or that should have been drawn, by defendants upon these funds, totaling $311,642 were either never sent to the payees or were dishonored upon presentment because of insufficient funds in Account No. 987096757765:

    a.    $277,926 to Option One Mortgage;

    b.    $33,716 to Honda Finance.

35.    Upon information and belief, defendants secreted this $311,642 for their own personal uses instead of disbursing this money as IndyMac had directed.

The Scali Mortgage (Loan No. 126739313)

36.    IndyMac agreed to make a loan to Rocco Scali ("Scali") in the amount of $200,000, to be secured by a mortgage on the real property located at 260 Holdridge Ave, Staten Island, NY 10312.

37.    This mortgage was scheduled to close on or about June 15, 2007.

38.    Defendants acted as the closing agents for this mortgage.

39.    IndyMac wired funds to Account No. 904613917 and provided defendants with specific instructions for its disbursement to Scali and other payees.

40.    A check drawn, or that should have been drawn, by defendants upon these funds, in the amount of $1,744 to Nationwide Insurance was either never sent to the payee or was dishonored upon presentment because of insufficient funds in Account No. 904613917.

41.    Upon information and belief, defendants secreted this $1,744 for their own personal uses instead of disbursing this money as IndyMac had directed.

**Count I**
**Breach of Contract**
**Against all Defendants**

42.    IndyMac incorporates paragraphs 1–41 as if fully set-forth herein.

43.    Defendants had an implied-in-fact contract with IndyMac whereby defendants would act as the closing agents for IndyMac at and in connection with the above specified closings in exchange for a fee.

44.    Defendants, as part of their contract with IndyMac, agreed to hold in trust the funds that IndyMac would wire into the accounts, and to disburse those funds only in accordance with IndyMac's instructions.

45.    By failing to disburse, and converting, funds wired to defendants by IndyMac,

defendants breached their contract with IndyMac.

46.    By reason of this breach, IndyMac has been damaged in a sum to be proven upon the trial of this matter, but believed to be no less than $2,349,150.

**Count II**
**Conversion**
**Against all Defendants**

47.    IndyMac incorporates paragraphs 1–46 as if fully set-forth herein.

48.    IndyMac entrusted funds to defendants for the express and sole purpose of disbursing those funds in connection with the above described mortgages.

49.    Rather than the funds being disbursed to the payees designated by IndyMac, defendants, upon information and belief, each individually and jointly exercised dominion and control over IndyMac's funds by using those funds for their own purposes.

50.    Defendants had no legal, equitable, or other right to use the funds for anything other than disbursement in connection with the mortgages in accordance with IndyMac's instructions.

51.    As a result of this conversion, IndyMac has been damaged in a sum to be proven upon the trial of this matter, but believed to be no less than $2,349,150.

**Count III**
**Fraud**
**Against all Defendants**

52.    IndyMac incorporates paragraphs 1–51 as if fully set-forth herein.

53.    Upon information and belief, defendants agreed to conduct the above mortgage closings for IndyMac, while having no present intention to actually close the mortgages according to IndyMac's instructions.

54.    Upon information and belief, defendants thereby knowingly and intentionally

7

misrepresented to IndyMac that they would disburse funds as instructed.

55.    Defendants made these misrepresentations with the intent to induce IndyMac into wiring funds to defendants so that they could convert those funds.

56.    IndyMac, reasonably relying upon these material misrepresentations, wired funds to defendants to be disbursed by defendants at the mortgage closings.

57.    Upon information and belief, defendants, as was their intention when they agreed to close the mortgages for IndyMac, did not disburse the funds according to IndyMac's instructions, and thereby damaged IndyMac in an amount to be determined upon the trial of this matter, but believed to be no less than $2,349,150.

**Count IV**
**Breach of Fiduciary Duty**
**Against all Defendants**

58.    IndyMac incorporates paragraphs 1–57 as if fully set-forth herein.

59.    Defendants, having undertaken to act, and having acted as, IndyMac's closing agents in connection with the above described mortgages, owed a duty to IndyMac to perform their closing functions with the utmost degree of care, skill, and diligence.

60.    Defendants breached their fiduciary duty by drawing checks upon insufficient funds.

61.    Defendants breached their fiduciary duty by converting the funds that had been wired in trust into the account.

62.    Defendants breached their fiduciary duty by not redrawing dishonored checks, or checks that were never delivered to the designated payees, upon good funds.

63.    Defendants breached their fiduciary duty by failing to supervise those under their control who contributed to IndyMac's losses.

64.    These breaches of fiduciary duty were the proximate cause of IndyMac's losses, in an amount to be determined upon the trial of this matter, but believed to be no less than $2,349,150.

**Count V**
**Negligence**
**Against all Defendants**

65.    IndyMac incorporates paragraphs 1–64 as if fully set-forth herein.

66.    Defendants each jointly and severally owed a duty to IndyMac to ensure that the funds entrusted to defendants for disbursement at the mortgage closings described herein were in fact present in the accounts upon which checks were drawn, and to ensure that all necessary checks were drawn and sent to the designated payees at or immediately after closing.

67.    Defendants breached this duty by not ensuring that sufficient funds were available in defendants' accounts to cover the checks drawn by defendants at the closings described herein and by failing to deliver checks to the designated payees.

68.    As a proximate cause of this breach of the duty of care, IndyMac has been damaged in an amount to be determined upon the trial of this matter, but believed to be no less than $2,349,150.

**Count VI**
**Unjust Enrichment**
**Against all Defendants**

69.    IndyMac incorporates paragraphs 1–68 as if fully set-forth herein.

70.    Defendants, upon information and belief, all wrongfully benefited from IndyMac's wiring of mortgage disbursement funds to them by enjoying portions of those funds for their own personal use.

71.    None of the defendants were the intended beneficiaries of IndyMac's mortgage

disbursement funds.

72.    In equity and good conscience, defendants must return IndyMac's funds.

73.    As a result of this unjust enrichment, IndyMac has been damaged in an amount to be proven upon the trial of this matter, but believed to be no less than $2,349,150.

**Count VII**
**Money Had and Received**
**Against all Defendants**

74.    IndyMac incorporates paragraphs 1–73 as if fully set-forth herein.

75.    Defendants received from IndyMac an amount to be determined upon the trial of this matter, but believed to be no less than $2,349,150.

76.    That money should have been paid to IndyMac's designated beneficiaries.

77.    Not having been paid to IndyMac's designated beneficiaries, that money still belongs to IndyMac and IndyMac is legally and equitably entitled to its return.

78.    It is against equity and good conscience to allow defendants to retain that money.

79.    IndyMac has been damaged in an amount to be proven upon the trial of this matter, but believed to be no less than $2,349,150.

**WHEREFORE**, IndyMac respectfully demands judgment as follows:

1.    On Count I of the complaint (Breach of Contract), joint and several damages against all defendants in an amount to be determined upon the trial of this matter, but believed to be no less than $2,349,150.

2.    On Count II of the complaint (Conversion), joint and several damages against all defendants in an amount to be determined upon the trial of this matter, but believed to be no less than $2,349,150.

10

3.     On Count III of the complaint (Fraud), joint and several damages against all defendants in an amount to be determined upon the trial of this matter, but believed to be no less than $2,349,150.

4.     On Count IV of the complaint (Breach of Fiduciary Duty), joint and several damages against all defendants in an amount to be determined upon the trial of this matter, but believed to be no less than $2,349,150.

5.     On Count V of the complaint (Negligence), joint and several damages against all defendants in an amount to be determined upon the trial of this matter, but believed to be no less than $2,349,150.

6.     On Count VI of the complaint (Unjust Enrichment), joint and several damages against all defendants in an amount to be determined upon the trial of this matter, but believed to be no less than $2,349,150.

7.     On Count VII of the complaint (Money Had and Received), joint and several damages against all defendants in an amount to be determined upon the trial of this matter, but believed to be no less than $2,349,150.

8.     An order preliminarily enjoining and restraining the transfer of any assets held by the defendants pending final judgment in this action.

9.     Any other relief that this Court deems just and proper, together with the costs, disbursements, and attorney's fees incurred in this action.

**Jury Demand**

Plaintiff demands a trial by jury.

Dated: New York, New York
      July 31, 2007

FELDMAN WEINSTEIN & SMITH LLP
Attorneys for Plaintiff

By: _____

Eric Weinstein (EW 5423)
David J. Galalis (DG 1654)
420 Lexington Avenue, Ste. 2620
New York, NY 10170
(212) 869-7000

12

**EXHIBIT D**

UNITED STATES DISTRICT COURT/SOUTHERN DISTRICT OF NEW YORK    Attorney: FELDMAN WEINSTEIN & SMITH LLP - 1569

INDYMAC BANK, F.S.B.

Plaintiff(s)

- against -

NATIONAL SETTLEMENT AGENCY, INC., ETAL

Defendant(s)

Index #: 07 CIV 6865 (SWAIN)

Date Filed:

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

STEVEN C. AVERY BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on August 20, 2007 at 10:00 AM at

THE OFFICE OF THE SECRETARY OF STATE
41 STATE STREET
ALBANY, NY12231

deponent served the within two true copies of the SUMMONS & COMPLAINT, RULE 7.1 STATEMENT, JUDGES' RULES, 3RD AMENDED INSTRUCTIONS FOR FILING AN ELECTRONIC CASE OR APPEAL on NATIONAL SETTLEMENT AGENCY, INC., the defendant/respondent therein named,

SECRETARY    by delivering two true copies to MS. DONNA CHRISTIE personally, an agent in the office of the Secretary of State of
OF STATE     the State of New York and knew said individual to be AUTHORIZED to accept thereof.

Service upon the N.Y.S. Secretary of State under Section 306 of the Business Corporation Law and tendering the required fee of $40.00.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|-----|-----------|-----------|---------------|------------------|-----------------|
| FEMALE | WHITE | BLONDE | 35 | 5'5 | 145 |

Sworn to me on:  August 27, 2007

Linda Forman
Notary Public, State of New York
No. 01FO5031305
Qualified in New York County
Commission Expires August 1, 2010

Robin M. Forman
Notary Public, State of New York
No. 01FO6125415
Qualified in New York County
Commission Expires April 18,
2009

Larry Yee
Notary Public, State of New York
No. 01YE5015682
Qualified in New York County
Commission Expires July 26, 2009

**STEVEN C. AVERY**

Docket #: 498250

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| INDYMAC BANK, F.S.B., | : | Case No.: 07 cv 6865 |
| Plaintiff, | : |  |
| – against – | : |  |
| | : | |
| NATIONAL SETTLEMENT AGENCY, INC.; | : | **AFFIDAVIT OF SERVICE** |
| STEVEN M. LEFF; RACHEL M. LEFF; | : | |
| RICHARD A. LEFF; JOHN DOES 1–100, | : | |
| Defendants. | : | |
| | : | |

State of New York    )
                     ) ss.:
County of New York  )

I, Nelson Berrios, affirm the following under the pains and penalties of perjury:

    1.    I am not a party to this action.  I am over 18 years of age.  I reside in Queens, New York.

    2.    That on August 8, 2007 at _4:16 pm_ at

Krantz & Berman LLP
747 Third Avenue, 32nd Floor
New York, NY 10017

I served the within true copy of the **SUMMONS AND COMPLAINT, RULE 7.1 STATEMENT, THIRD AMENDED INSTRUCTIONS FOR FILING AN ELECTRONIC CASE OR APPEAL, INDIVIDUAL RULES OF THE HONORABLE LAURA T. SWAIN, INDIVIDUAL RULES OF MAGISTRATE JUDGE ANDREW J. PECK, PROCEDURES FOR ELECTRONIC CASE FILING, and GUIDELINES FOR ELECTRONIC CASE FILING** upon **Steven M. Leff**, through Larry Krantz, as authorized agent for Steven M. Leff, a defendant named therein, by delivering thereat a true copy of each to Larry Krantz personally.

That the above named individual to whom I delivered the Order to Show Cause is described as:

| Sex | Skin Color | Hair Color | Age (approx) | Height (approx) | Weight (approx) |
|-----|-----------|-----------|-------------|----------------|----------------|
| M | white | black | 43 | 5'7" | 150 lbs |

Dated: New York, New York
      August 8, 2007

                                        _Nelson Berrios_
                                             Nelson Berrios

Sworn to before me this _8th_ day of August
2007 at New York, New York
Notary Public _R AB Col_

PETER B. COHEN
Notary Public, State of New York
No. 02CO4792550
Qualified in Westchester County.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| INDYMAC BANK, F.S.B., | : | Case No.: 07 cv 6865 (LTS) |
| Plaintiff, | : | |
| – against – | : | |
| | : | |
| NATIONAL SETTLEMENT AGENCY, INC.; STEVEN M. LEFF; RACHEL M. LEFF; RICHARD A. LEFF; JOHN DOES 1–100, | : | **CERTIFICATE OF SERVICE** |
| Defendants. | : | |
| | : | |

State of New York      )
                                  ) ss.:
County of New York   )

     Eric Weinstein, pursuant to 28 U.S.C. § 1746, declares and states under penalty of perjury as follows:

     1.     I am not a party to this action. I am over 18 years of age. I reside in Brooklyn, New York.

     2.     On November 20, 2007, I served the within **Motion for Default Judgment** upon the defendants to this action, at the addresses below designated for that purpose, by causing true copies of the same to be mailed via United States First Class Mail. I did not serve a copy upon defendant National Settlement Agency, Inc., as they are not represented and their office was shut-down; however, the entity's principal is Steven Leff, who is being served.

Dated:  New York, New York
         November 20, 2007

                                   Eric Weinstein

**Attorney for Steven Leff**
Michael L. Soshnick
190 Willis Avenue, Ste 112
Mineola, NY 11501
(516) 294-1111

**Attorney for Rachel Leff**
Larry Morrison
220 East 72nd Street, 25th Fl.
New York, NY 10021
(212) 861-1224

**Attorney for Richard Leff**
Jonathan B. Bruno
Kaufman Borgeest & Ryan LLP
99 Park Avenue, 19th Floor
New York, NY 10016
(212) 980-9600, Ext. 367

**EXHIBIT E**

# COPY

1

1  UNITED STATES DISTRICT COURT
   EASTERN DISTRICT OF NEW YORK
2  ----------------------------------------x
   ABN AMRO MORTGAGE GROUP,
3
                         Plaintiff,
4

5      - against -

6
   NATIONAL SETTLEMENT AGENCY, INC.,
7  STEVEN M. LEFF, RACHEL M. LEFF and
   RICHARD A. LEFF,
8
                         Defendants.
9  ----------------------------------------x

10
                         80 Pine Street
11                       New York, New York

12

13                       October 10, 2007
                         10:13 a.m.
14

15

16      VIDEOTAPED DEPOSITION of STEVEN M.

17  LEFF, before Michele Moskowitz, a Notary

18  Public of the State of New York.

19

20

21

22

23     ELLEN GRAUER COURT REPORTING CO. LLC
         126 East 56th Street, Fifth Floor
24          New York, New York 10022
                212-750-6434
25              REF: 85508

2

```
 1    A P P E A R A N C E S:

 2

 3        CAHILL, GORDON & REINDELL, LLP

 4        Attorneys for Plaintiff

 5             80 Pine Street

 6             New York, New York   10005

 7        BY:  THOMAS J. KAVALER, ESQ.

 8

 9        MILLER & WRUBEL, P.C.

10        Attorneys for Plaintiff Lydian Private Bank

11             250 Park Avenue

12             New York, New York   10177-0699

13        BY:  CHARLES R. JACOB, III, ESQ.

14

15        FELDMAN, WEINSTEIN & SMITH

16        Attorneys for Plaintiff Indymac Bank

17             420 Lexington Avenue

18             New York, New York   10170

19        BY:  ERIC WEINSTEIN, ESQ.

20

21        KAUFMAN, BORGEEST & RYAN, LLP, ESQS.

22        Attorneys for Defendant Richard A. Leff

23             99 Park Avenue

24             New York, New York   10016

25        BY:  MICHAEL NERI, ESQ.
```

3

```
 1   A P P E A R A N C E S: (Cont'd)

 2

 3      MICHAEL L. SOSHNICK, ESQ.

 4      Attorney for Defendant Steven M. Leff

 5         190 Willis Avenue

 6         Mineola, New York  11501

 7

 8

 9      ALSO PRESENT:

10         John Martucci, videographer

11         Arthur Dobelis, Esq.

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              LEFF
 2      Q.      Mr. Leff, my name is Eric
 3 Weinstein.  I represent Indymac Bank.  I
 4 call your attention to the following loans
 5 and borrowers:  First, Cedric and Joan
 6 Holder, two loans in the approximate
 7 amounts of $555,00 and $495,000; second, to
 8 the Packards, John and Ray Packard, loan in
 9 the amount of approximately $1.4 million;
10 third, the Pennys, Marcia and Juanita
11 Penny, loan of approximately $369,000; Next
12 is Rocco Scali, loan of approximately
13 $200,000 and finally Polanco, loan of
14 approximately $540,000 or more.
15              Are you familiar with those
16 loans?
17      A.      I'll take the Fifth Amendment.
18      Q.      Did NSA receive closing
19 instructions for from Indymac on those
20 loans?
21      A.      I respectfully take the Fifth
22 Amendment.
23      Q.      Can you explain why funds from
24 those loans -- all those loans were not
25 disbursed pursuant to Indymac's closing
```

208

```
 1                    LEFF
 2    instructions and HUD-1s?
 3         A.    I'll invoke my Fifth Amendment
 4    privilege.
 5         Q.    Can you explain why moneys were
 6    not disbursed to pay off the senior liens
 7    as reflected on the HUD-1s for these loans?
 8         A.    I'll invoke my Fifth Amendment
 9    privilege.
10         Q.    Did you cause for Indymac's
11    funds to be transferred out of the NSA
12    escrow account into which they were wired?
13         A.    I'll invoke my Fifth Amendment
14    privilege.
15         Q.    To where were those funds
16    transferred?
17         A.    I'll invoke my Fifth Amendment
18    privilege.
19              MR. WEINSTEIN:  I have no
20         further questions at this time.
21              MR. SOSHNICK:  Hold on a
22         second.  Why don't you sit here.  Do
23         you have a microphone on?
24              MR. JACOB:  I'll be very brief.
25              MR. SOSHNICK:  Do you have a
```

**EXHIBIT F**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INDYMAC BANK, F.S.B., | Case No.: 07 cv 6865 (LTS) |
| Plaintiff, | |
| – against – | **JUDGMENT BY DEFAULT AGAINST NATIONAL SETTLEMENT AGENCY, INC. AND STEVEN M. LEFF** |
| NATIONAL SETTLEMENT AGENCY, INC.; STEVEN M. LEFF; RACHEL M. LEFF; RICHARD A. LEFF; JOHN DOES 1–100, | |
| Defendants. | |

Upon the motion for default judgment of plaintiff IndyMac Bank, F.S.B. and the supporting declaration of Eric Weinstein and memorandum of law, all dated November 20, 2007, it is hereby

ORDERED, that judgment be entered, under Fed. R. Civ. P. 55(b)(2) and Local Civil Rule 55.2(b), against defendants National Settlement Agency, Inc. and Steven M. Leff, jointly and severally, and in favor of plaintiff IndyMac Bank, F.S.B., in the amount of $2,349,150.00.

**SO ORDERED:**

Date: _____        _____

United States District Judge