UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INDYMAC BANK, F.S.B.,

    Plaintiff,

– against –

NATIONAL SETTLEMENT AGENCY, INC.; STEVEN M. LEFF; RACHEL M. LEFF; RICHARD A. LEFF; JOHN DOES 1–100,

    Defendants.

---

Case No.: 07 cv 6865 (LTS)

**MEMORANDUM OF LAW**

    Plaintiff IndyMac Bank, F.S.B. respectfully submits this memorandum of law in support of its motion for default judgment against defendants National Settlement Agency, Inc. ("NSA") and Steven M. Leff, under Fed. R. Civ. P. 55(b)(2) and Local Civil Rule 55.2(b).

**Background**

    Plaintiff, a residential mortgage lender, filed its complaint on July 31, 2007. It alleges, *inter alia*, NSA and Steven M. Leff misappropriated funds that were entrusted to them for purposes of disbursement at real estate closings. Plaintiff identified several loans that NSA failed to properly disburse funds on, totaling $2,349,150.00. Complaint §§ 12-41; *see also* Affidavit of Nicholas Nyland, dated August 1, 2007 (previously submitted, and revised in part on August 29, 2007). When asked in his deposition about these loans, Steven Leff invoked his Fifth Amendment privilege against self-incrimination. *See* Declaration of Eric Weinstein, dated November 20, 2007 ("Weinstein Dec."), Ex. E, pp. 207-08 (submitted herewith).

    Plaintiff served the summons and complaint upon all of the named defendants, including National Settlement Agency, Inc. and Steven Leff. *See* Weinstein Dec. Exs. C (copy of

complaint) and D (affidavits of service of summons and complaint). No answer, or other response, has been filed by NSA or Steven M. Leff, and their time to do so has long expired. The Clerk of Court entered the defaults on November 20, 2007. Weinstein Dec. ¶ B. Steven Leff's attorney has mentioned on several occasions that his client would be taking a default in this action. Weinstein Dec. ¶ 6.

In deciding a motion for default judgment, the Court must consider the following three factors: (1) "whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Mason Tenders Dist. Council v. Duce Constr. Corp.*, 2003 U.S. Dist. LEXIS 6881, at * 2 (S.D.N.Y., Apr. 25, 2003) (Swain, J.).

These factors all militate in favor of granting this motion. First, NSA's non-appearance in this action, and NSA and Steven Leff's failure to respond to the complaint, indicate willful conduct. Notably, both of these defendants failed to appear in the related-case actions, or to respond to ABN Amro Mortgage Group, Inc.'s motion for default judgment. Furthermore, Steven Leff's counsel informed plaintiff's counsel that Steven Leff would be defaulting and not otherwise defending this action. Weinstein Dec., § 6.

Second, neither NSA nor Steven Leff has a meritorious defense. By failing to answer or otherwise respond to the complaint, the allegations are deemed admitted. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). When asked in his deposition about the residential mortgage loans that IndyMac originated, Steven Leff invoked his Fifth Amendment privilege against self-incrimination. Weinstein Dec. Ex. E, pp. 207-08; *see LiButti v. United States*, 107 F.3d 110, 120 (permitting adverse inference against parties who invoke the privilege in civil actions).

Third, and clearly, IndyMac would be prejudiced by the denial of the motion. These defendants should not be allowed to evade judgment by their non-appearance in this case.

### Conclusion

For the forgoing reasons, IndyMac's motion for default judgment should be granted.

Dated: New York, New York
November 20, 2007                                        **FELDMAN WEINSTEIN & SMITH LLP**

By:    s/Eric Weinstein
Eric Weinstein (EW 5423)
David J. Galalis (DG 1654)
420 Lexington Avenue
New York, New York
(212) 869-7000
Attorneys for Plaintiff