UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INDYMAC BANK, F.S.B., : Case No.: 07 cv 6865 (LTS)
                Plaintiff, :
  – against – :
                 : **PRELIMINARY PRE-TRIAL**
NATIONAL SETTLEMENT AGENCY, INC.; : **STATEMENT**
STEVEN M. LEFF; RACHEL M. LEFF;
RICHARD A. LEFF; JOHN DOES 1–100, :
              Defendants. :

---

    **WHEREFORE** the Honorable Laura Taylor Swain issued an Initial Conference Order on August 31, 2007 and the parties having met and conferred on November 12, 2007, **NOW THEREFORE** the parties agree as follows:

    a.    <u>Nature of Action</u>:    This action concerns the alleged misappropriation of over $2 million from National Settlement Agency's ("NSA's") escrow accounts that had been wired into those accounts by IndyMac Bank, F.S.B. ("IndyMac") to be further disbursed on behalf of IndyMac's borrowers.

    b.    <u>Jurisdiction</u>:    Plaintiff asserts that this court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a) because IndyMac, a citizen of the State of California pursuant to 12 U.S.C. §§ 1462(5) and 1464(x), and the defendants, are citizens of different states, and the value of the matter in controversy exceeds $75,000, exclusive of interest and costs. Richard A. Leff believes that if the requirements of 28 U.S.C. § 1332(a) are met, this court has subject matter jurisdiction.

c. <u>Material Undisputed Facts</u>: The only presently undisputed material fact is that defendant Richard A. Leff is an attorney.

d. <u>Uncontested Legal Issues</u>: All legal issues are currently contested.

e. <u>Legal Issues to be Decided by the Court</u>: The parties anticipate that a primary legal issue to be decided by the court is whether Richard A. Leff owed a duty of care to IndyMac Bank, and if so, what that duty of care was.

f. <u>Material Disputed Facts</u>: All parties agree that at this time the following material facts are in dispute: the amount of money allegedly misappropriated from NSA's escrow accounts; who had control over the accounts; who had knowledge of the alleged misappropriation of money from NSA's escrow accounts; the current location of the money allegedly misappropriated from NSA's escrow accounts; who received the allegedly misappropriated money in whole or in part; who had control or responsibility over the operation of NSA's business; and who had control or responsibility over the closings performed by NSA. Additional material facts, corollary to those listed, may also be in dispute at this time.

g. <u>Legal Basis to Each Cause of Action</u>:

    i. Count I, Breach of Contract: Defendants had an implied-in-fact contract with IndyMac whereby defendants would act as the closing agents at and in connection with several residential real estate closings, in exchange for a fee. *See, e.g., Apex Oil Co. v. Vanguard Oil & Service Co.*, 760 F.2d 417, 422 (2nd Cir. 1985) ("[T]he existence of a contract may be established through conduct of the parties recognizing the contract.").

    ii. Count II, Conversion: Defendants exercised dominion and control over (or embezzled) the money wired by IndyMac into NSA's escrow accounts by

2

using those funds for their own purposes. *See, e.g., Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 403–404 (2nd Cir. 2006) ("According to New York law, conversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights. This includes a denial or violation of the plaintiff's dominion, rights, or possession over her property. It also requires that the defendant exclude the owner from exercising her rights over the goods.") (citations and quotations omitted).

iii. Count III, Fraud: Defendants intentionally misrepresented to IndyMac that they would act to perform the residential real estate closings without having a present intention to perform that promise. IndyMac, to its detriment, wired money into NSA's escrow accounts in reasonable reliance upon theis misrepresentation. *See, e.g., Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006). ("Under New York law, the five elements of a fraud claim must be shown by clear and convincing evidence: (1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff.").

iv. Count IV, Breach of Fiduciary Duty: Defendants, having undertaken to act, and having acted as, the closing agents in connection with several residential real estate closings, owed a duty to IndyMac to perform their functions with the utmost degree of care, skill, and diligence. Defendants

3

breached their fiduciary duty by drawing checks upon insufficient funds, by converting the funds that had been wired in trust into the escrow accounts, by failing to supervise those under their control, and by not redrawing dishonored checks, or checks that were never delivered to the designated payees. *See, e.g., Cramer v. Devon Group, Inc.*, 774 F. Supp. 176, 184–185 (S.D.N.Y. 1991) ("There are two primary elements that must be proven to establish a breach of fiduciary duty. First, it must be shown that there is a fiduciary relationship between the parties. Second, it must be shown that the fiduciary duty has been breached.") (citation omitted); *99 Commercial Street., Inc. v. Goldberg*, 811 F. Supp. 900, 906 (S.D.N.Y. 1993) ("In complying with its fiduciary duties, an escrow agent must follow the instructions of the parties and is bound to take whatever steps are necessary to fulfill its duties.") (citations omitted).

v. Count V, Negligence: Defendants owed a duty to IndyMac to ensure that the funds wired in trust to NSA's escrow accounts for disbursement at the mortgage closings were in fact present in the accounts upon which checks were drawn, and to ensure that all necessary checks were drawn and sent to the designated payees at or immediately after closing. Defendants breached their duties. *See, e.g., Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) ("To establish a prima facie case of negligence under New York law, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.") (quotation omitted).

    vi. Count VI, Unjust Enrichment: Defendants all wrongfully benefited from IndyMac's wiring of mortgage funds to NSA's escrow accounts by enjoying portions of those funds for their own personal use, none of the defendants were the intended beneficiaries of IndyMac's mortgage funds, and in equity and good conscience, defendants must return IndyMac's funds. *See, e.g., Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004) ("The basic elements of an unjust enrichment claim in New York require proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover.").

    vii. Count VII, Money Had and Received: Defendants received funds in trust from IndyMac that should have been paid to IndyMac's designated beneficiaries and it is against equity and good conscience to allow defendants to retain those funds. *See, e.g., Parsa v. State*, 64 N.Y.2d 143, 148, 485 N.Y.S.2d 27, 29–30, 474 N.E.2d 235, 237–238 (1984) (An action for money had and received "allows [a] plaintiff to recover money which has come into the hands of the defendant impressed with a species of trust because under the circumstances it is against good conscience for the defendant to keep the money.") (citation and quotations omitted).

h. <u>Legal Basis for Richard A. Leff's Defenses</u>:

    i. The Plaintiff's Complaint fails to state a cause of action for which relief may be granted against Richard A. Leff. Rule 12(b)(6).

    ii. Richard A. Leff is not liable for the acts or omissions of third persons or

       entities over which he exercised no direction or control. *See Pulka v. Edelman*, 40 N.Y.2d 781, 786, 390 N.Y.S.2d 393, 397, 358 N.E.2d 1019, 1022 (1976); *Purdy v. Public Adm'r of County of Westchester*, 72 N.Y.2d 1, 8, 530 N.Y.S.2d 513, 516, 526 N.E.2d 4, 7 (1988).

iii. The Plaintiff's purported breach of contract claim must be dismissed pursuant to the Statute of Frauds. N.Y. Gen. Oblig. Law § 5-701(a)(1).

iv. Richard A. Leff owed no duty of care to Plaintiff and was not the proximate cause of the Plaintiff's alleged damages. *See Akins v. Glens Falls City School Dist.*, 53 N.Y.2d 325, 441 N.Y.S.2d 644, 424 N.E.2d 531 (1981); *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006); *Cramer v. Devon Group, Inc.*, 774 F. Supp. 176, 184–185 (S.D.N.Y. 1991).

v. The Plaintiff's Complaint fails to comport with Rule 9(b) and should be dismissed.

vi. The Plaintiff's Complaint fails to establish that Richard A. Leff's conduct fell below the applicable standard of care.

vii. The Plaintiff's Complaint fails to join persons needed for just adjudication. Rule 12(b)(7); Rule 19.

viii. The Plaintiff's Complaint fails to establish actionable damages resulting from Richard A. Leff's alleged acts/omissions. *Akins v. Glens Falls City School Dist.*, 53 N.Y.2d 325, 441 N.Y.S.2d 644, 424 N.E.2d 531 (1981).

ix. Richard A. Leff never exercised dominion and control over the missing funds, nor did he exclude Plaintiff from exercising its rights over the

funds. *See Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 403–404 (2d Cir. 2006).

x. Richard A. Leff never made any misrepresentation or omission of fact to plaintiff with knowledge of its falsity and the intent to defraud. *See Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006).

xi. Richard A. Leff was never in possession of the missing funds and, therefore, was never enriched by any of the funds, nor did he ever enjoy any portions of those funds for his own personal use. *See Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004).

xii. Richard A. Leff was never in possession of missing funds nor did he ever have authority or control over the direction of those funds. *See Parsa v. State*, 64 N.Y.2d 143, 148, 485 N.Y.S.2d 27, 29–30, 474 N.E.2d 235, 237–238 (1984).

i. <u>Measure of Proof as to Plaintiff's Claims</u>: Plaintiff must prove all causes of action by a preponderance of the evidence, except for fraud, which the plaintiff must prove by clear and convincing evidence. *See, e.g., Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006).

<u>Measure of Proof as to Richard A. Leff's Affirmative Defenses</u>: Richard A. Leff must prove all affirmative defenses by a preponderance of the evidence, except for the affirmative defense of fraud, which Richard A. Leff must prove by clear and convincing evidence.

j. <u>Amendment to Pleadings</u>: Plaintiff anticipates amending its complaint to supplement its allegations against Richard A. Leff; to allege additional losses arising from the

misappropriation of funds in relation to an additional borrower; and to add additional responsible parties as defendants. The proposed deadline for amendment of pleadings is December 30, 2007.

    k.    Transfer to Magistrate:    The parties do not consent to the transfer of the case to a magistrate judge for any purposes except supervision of discovery.

    l.    Fed. R. Civ. P. 26(a):    No changes should be made in the form or requirements for disclosures under Fed. R. Civ. P. 26(a)(1). Said disclosures will be made on or before December 30, 2007.

    m.    Disclosure Subjects and Cut-Off:    Discovery will be required as to all disputed material facts identified in (f) above, among other corollary issues that may arise in the course of discovery. A proposed discovery cut-off date (for fact discovery) is May 30, 2008.

    n.    Expert Evidence/Discovery:    It is anticipated that an expert(s) will be required to testify as to Richard A. Leff's duty of care to IndyMac and whether his conduct fell below that duty of care. Richard A. Leff anticipates calling an expert witness(es) in rebuttal. A proposed deadline for expert discovery is July 1, 2008.

    o.    Limitations on Discovery:    The parties do not currently request that any changes be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of Court.

    p.    Settlement:    The parties have discussed the possibility of settlement and cannot currently agree to settle this action nor do they believe settlement is likely.

    q.    Jury Trial:    Plaintiff has demanded a trial by jury. The number of trial days currently estimated, for the presentation of plaintiff's and defendants' cases, is five.

    r.    Other Orders:    The parties request that the court enter the attached protective order governing the protection of confidential discovery material and the handling of

inadvertently disclosed privileged material.

| | |
|---|---|
| FELDMAN WEINSTEIN & SMITH LLP<br>Attorneys to Plaintiff IndyMac Bank<br><br>By: *[signature]*<br>Eric Weinstein (EW 5423)<br>David J. Galalis (DG 1654)<br>Yong Hak Kim (of counsel)<br>420 Lexington Avenue, Ste. 2620<br>New York, NY 10170<br>(212) 869-7000 | LAW OFFICE OF MICHAEL L. SOSHNICK<br>Attorneys to Defendant Steven M. Leff<br><br>*Counsel for Steven M. Leff has not signed this statement on the ground that Steven M. Leff has defaulted, IndyMac has moved for a default judgment, and Steven M. Leff does not intend to oppose.*<br><br>By: _____<br>Michael L. Soshnick<br>190 Willis Avenue, Ste 112<br>Mineola, NY 11501<br>(516) 294-1111 |
| LAW OFFICE OF LAWRENCE F. MORRISON<br>Attorneys to Defendant Rachel M. Leff<br><br>*Counsel for Rachel M. Leff has not signed this statement on the ground that Rachel M. Leff has filed for Ch. 11 Bankruptcy; counsel for Rachel M. Leff asserts that the action is stayed as to her.*<br><br>By: _____<br>Lawrence F. Morrison<br>220 East 72nd Street, 25th Fl.<br>New York, NY 10021<br>(212) 861-1224 | KAUFMAN BORGEEST & RYAN LLP<br>Attorneys to Defendant Richard A. Leff<br><br>By: *[signature]*<br>Jonathan B. Bruno<br>99 Park Avenue, 19th Floor<br>New York, NY 10016<br>(212) 980-9600 |

SO ORDERED: _____     DATED:
Laura Taylor Swain
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INDYMAC BANK, F.S.B., :

                Plaintiff, :

– against – :

:

NATIONAL SETTLEMENT AGENCY, INC.; :
STEVEN M. LEFF; RACHEL M. LEFF;
RICHARD A. LEFF; JOHN DOES 1–100, :

                Defendants. :

Case No.: 07 cv 6865 (LTS)

**PROTECTIVE ORDER ON CONSENT**

---

    **IT IS HEREBY STIPULATED AND AGREED**, by and among counsel for the parties, that:

    1.    This Protective Order On Consent is entered in order to expedite the flow of discovery materials, to adequately protect material entitled to be kept confidential, to facilitate the prompt resolution of disputes over confidentiality, and to govern the treatment of inadvertently produced attorney-client, work product, or otherwise privileged material.

    2.    Any party or third party witness or entity in this action ("designating party") shall have the right to designate as "confidential" any document, information, or other form of evidence or discovery the designating party believes, in good faith, embodies, contains, or reflects confidential or proprietary information ("Confidential Discovery Material"). Such documents or things may be designated confidential by placing a clearly legible "confidential" stamp on the document or thing to be so designated. In lieu of marking the original of a document or thing, if the original is not produced, the designating party may mark the copies that are produced, made, or exchanged. The designating party may also redact from documents

social security numbers and other private financial information belonging to non-parties, subject to the right of the receiving party to challenge the redaction, as provided herein. Any party, upon receiving notice of third-party subpoena, may designate any documents or things returned, or to be returned, pursuant to that subpoena, as Confidential Discovery Material.

   3.   All Confidential Discovery Material, and any information derived therefrom, shall be used solely for the purpose of prosecuting and defending against this litigation and shall not be disclosed except to Qualified Persons or as otherwise provided herein.

   4.   "Qualified Person" means:

   (a)   Attorneys of record and attorneys designated as of counsel in this litigation and employees of such attorneys to whom it is necessary that the Confidential Discovery Material be shown for the purposes of this litigation;

   (b)   Inside counsel of a party working directly on the litigation, including legal staff and support personnel who are working directly on the litigation under the direction of counsel and to whom it is necessary that the Confidential Discovery Material be shown for the purposes of this litigation;

   (c)   Counsel or other representatives of an insurer paying for the defense or prosecution of the matter to whom it is necessary that the Confidential Discovery Material be shown for the purposes of this litigation;

   (d)   Testifying and non-testifying expert witnesses, and such other independent persons retained by counsel to furnish technical or expert services, provided such persons have reviewed this Order and signed a copy of the Non-Disclosure Agreement attached to this Order;

   (e)   The agents and the employees of the parties to whom it is necessary that Confidential Discovery Material be disclosed or shown for purposes of this litigation, provided

such persons have reviewed this Order and signed a copy of the Non-Disclosure Agreement attached to this Order;

(f)     Trial witnesses to whom it is necessary that Confidential Discovery Material be disclosed or shown as reasonably necessary to their preparation or as necessary for use at trial, provided such persons have reviewed this order and signed a copy of the Non-Disclosure Agreement attached to this Order;

(g)     Named authors and indicated recipients of the materials;

(h)     Court reporters employed in connection with this matter;

(i)     The Court and any employees of the Court providing assistance in connection with this action;

(j)     Jurors sitting at the trial of the action;

(k)     Any other person who is designated as a Qualified Person by Order of this Court, after notice to all parties.

5.     Nothing in this Protective Order shall limit the right of a party to use or disclose documents or information that: (a) was lawfully in its possession prior to its receipt in discovery in this action; (b) was, is, or becomes public knowledge, not in violation of this Order; (c) becomes declassified under this Order; (d) is required to be produced, used, or disclosed pursuant to a discovery request, subpoena, or order in another action or proceeding; (e) is required to be produced, used, or disclosed pursuant to regulatory or other legal requirements; or (f) is required to be produced, used, or disclosed as otherwise required by law; provided, however, that before any disclosure is made under sections (d)-(f) above, advance notice shall be given to the party that produced the Confidential Discovery Material, except to the extent that such notice is prohibited by law, so as to enable that party to seek to object to disclosure.

6.  Counsel may, in the course of deposing a person who is not a Qualified Person, show the witness Confidential Discovery Material and examine the witness concerning such Confidential Discovery Material, provided that: (a) the witness is informed that the information is confidential and is instructed that such confidentiality must be maintained; (b) the witness has reviewed this Order and signed a copy of the Non-Disclosure Agreement attached to this Order; and (c) no persons are present during those portions of the examination concerning Confidential Discovery Material except the witness, Qualified Persons, Defendant's and Plaintiff's counsel, persons properly present at the request of Defendants or Plaintiff or their counsel, and a court reporter. By executing the Non-Disclosure Agreement and agreeing to be bound by the terms of this Order, the witness does not thereby become a "Qualified Person" as that term is defined herein, and instead is only permitted access to confidential documents or information during examination. Counsel for both parties will insure that witnesses under their control will sign a Non-Disclosure Agreement, as appropriate.

7.  Any party which finds it necessary to file in the public record of this action any documents or information which have been designated Confidential shall be permitted to do so to the extent the party uses its best, good faith efforts under the circumstances to file those documents or information in a manner that will not lead to disclosure of the confidential information sought to be protected, such as by redaction or filing under seal, subject to the right of any other party to challenge such efforts.

8.  It is not a violation of the terms of this Order to offer any Confidential Discovery Material as evidence at a trial or appeal of the matter herein. Likewise, this Order does not limit or preclude a party from making application to the Court to maintain the confidentiality of evidence proffered or admitted at trial on a case-by-case basis.

9. The inadvertent or unintentional disclosure in this litigation by a party or non-party of its own designated Confidential Discovery Material, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a claim of confidentiality, either as to the specific information disclosed or as to any other information.

10. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as confidential, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, at which time the party claiming confidentiality must satisfy the burden of showing good cause for confidential designation. The parties may by stipulation provide for exceptions to this Order and any party may seek an order of this Court modifying this Order. This Order shall be without prejudice to either party to bring before the Court at any time the question of whether any particular information or document is, or is not, in fact Confidential Discovery Material.

11. The inadvertent production of any document or thing that would be protected from disclosure pursuant to the attorney-client privilege, the work product privilege, or any other privilege or immunity shall not constitute a waiver of the applicable privilege either generally or as to the specific document, provided that the party or non-party that made the inadvertent production, within the earlier of 15 calendar days of being put on notice of such inadvertent production or within 15 calendar days of discovering the inadvertent production, notifies all counsel in writing that the document or thing was inadvertently produced. Upon receiving such

notice, the recipient of the inadvertently produced document or thing will promptly return all copies of the document or thing in its possession, custody or control, delete all versions of the document or thing on any database it maintains, and make no use of the information contained in the document or thing. Nothing herein shall limit or prevent the recipient of inadvertently produced privileged documents or things from challenging the privilege of such documents or things in accordance with the Federal Rules of Civil Procedure, as if such privileged documents or things had been withheld and described as privileged in accordance with the Federal Rules of Civil Procedure.

12. Unless the Court orders otherwise, or the parties hereto agree in writing otherwise, within forty-five (45) days after the conclusion of this litigation, including any appeals, all originals and reproductions of any documents or materials which have been designated and remain Confidential pursuant to this Order, including, without limitation, any notes, summaries, or other transcripts made therefrom, shall be returned to the producing party or non-party, unless such copies have been destroyed and the destruction thereof can be certified by counsel for the party previously in possession of such Confidential Discovery Material. The receiving party shall not make copies of the Confidential Discovery Material, except as necessary for the conduct of the litigation; however, the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential in perpetuity consistent with the terms of this Order. Insofar as this Order restricts the communication and use of the Confidential Discovery Material, the Order shall continue to be binding after the conclusion of this litigation, except that a party may seek the written permission of the designating party, or further order of the Court, with respect to dissolution or modification of this Order, or any provision thereof.

13. In the event that any party shall violate or threaten to violate the terms of this Order, the aggrieved party may immediately apply to the Court for injunctive relief against any such violation. The parties and any other persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order, notwithstanding any subsequent disposition of this action.

FELDMAN WEINSTEIN & SMITH LLP
Attorneys to Plaintiff IndyMac Bank

By: _____
Eric Weinstein (EW 5423)
David J. Galalis (DG 1654)
Yong Hak Kim (of counsel)
420 Lexington Avenue, Ste. 2620
New York, NY 10170
(212) 869-7000

LAW OFFICE OF MICHAEL L. SOSHNICK
Attorneys to Defendant Steven M. Leff

*Counsel for Steven M. Leff has not signed this order on the ground that Steven M. Leff has defaulted, IndyMac has moved for a default judgment, and Steven M. Leff does not intend to oppose.*

By: _____
Michael L. Soshnick
190 Willis Avenue, Ste 112
Mineola, NY 11501
(516) 294-1111

LAW OFFICE OF LAWRENCE F. MORRISON
Attorneys to Defendant Rachel M. Leff

*Counsel for Rachel M. Leff has not signed this order on the ground that Rachel M. Leff has filed for Ch. 11 Bankruptcy; counsel for Rachel M. Leff asserts that the action is stayed as to her.*

By: _____
Lawrence F. Morrison
220 East 72nd Street, 25th Fl.
New York, NY 10021
(212) 861-1224

KAUFMAN BORGEEST & RYAN LLP
Attorneys to Defendant Richard A. Leff

By: _____
Jonathan B. Bruno
99 Park Avenue, 19th Floor
New York, NY 10016
(212) 980-9600

SO ORDERED: _____   DATED:
Laura Taylor Swain
United States District Judge

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INDYMAC BANK, F.S.B., : Case No.: 07 cv 6865 (LTS)

                Plaintiff,

— against — 

     : **NON-DISCLOSURE AGREEMENT**

NATIONAL SETTLEMENT AGENCY, INC.;
STEVEN M. LEFF; RACHEL M. LEFF;
RICHARD A. LEFF; JOHN DOES 1–100,

                Defendants.

---

I, _____, acknowledge that I have read and understand the Protective Order on Consent in this action governing the non-disclosure of Confidential Discovery Material and that I agree to be bound thereby. I agree that I will not disclose such Confidential Discovery Material to anyone other than as provided in the Protective Order on Consent and that at the conclusion of the litigation I will return all Confidential Discovery Material to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order on Consent, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order on Consent could subject me to punishment for contempt of Court.

Dated: _____                    _____