UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

INDYMAC BANK, F.S.B.,

      Plaintiff,

  -v-

NATIONAL SETTLEMENT AGENCY, INC.
et al.,

      Defendants.

-------------------------------------------------------x
LAURA TAYLOR SWAIN, United States District Judge

No. 07 Civ. 6865 (LTS)(GWG)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 2 0 2007

## MEMORANDUM ORDER

On July 31, 2007, Plaintiff Indymac Bank, F.S.B. ("Plaintiff"), filed the above-captioned action against Defendants National Settlement Agency, Inc., Steven M. Leff, Rachel M. Leff, and Richard A. Leff, alleging that Defendants, holding themselves out as mortgage brokers, wrongfully appropriated funds entrusted to them by Plaintiff for their own use. Plaintiff now moves under Rule 55 of the Federal Rules of Civil Procedure for entry of a default judgment against two Defendants, National Settlement Agency, Inc. ("NSA") and Steven M. Leff ("Steven Leff"), and an award of judgment in the total amount of $2,349,150.00. For the following reasons, Plaintiff's motion for default is granted and the Clerk of Court shall enter judgment against Defendants NSA and Steven Leff.

In deciding a motion for default judgment, the Court must consider the following three factors: (1) "whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Mason Tenders Dist.

Council v. Duce Constr. Corp., No. 02 Civ. 9044(LTS)(GWG), 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003). The Court finds that all three factors weigh in favor of granting Plaintiff's request for default judgment.

      Both NSA's and Steven Leff's non-appearance in the action and both NSA's and Steven Leff's failure to respond to the Complaint and the instant motion practice indicate willful conduct. Further, the Court is unable to determine whether these defendants have a meritorious defense to Plaintiff's allegations because they have presented no such defense to the Court. Thus, Plaintiff's allegations are deemed admitted. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). Finally, denying the motion would be unfairly prejudicial to Plaintiff, because both NSA and Steven Leff have failed to appear, defend, or plead in response to any of the substantive allegations in Plaintiff's Complaint. Pursuant to Rule 55(a), the Court may enter default due to this failure. See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."). Accordingly, Plaintiff's motion for default judgment is granted.

      The Complaint, whose allegations are deemed admitted by Defendants NSA and Steven Leff in light of their default, specifically describes the mortgage loans involved in this case as well as the specific monetary amounts wrongfully withheld by the defendants in connection with each transaction, all of which support Plaintiff's request for the entry of judgment in the total amount of $2,349,150.00. The Court finds that there is no just reason for the delay of entry of judgment as against these two defendants, in that they have defaulted willfully, sums certain are sought and the prompt entry of judgment may be helpful in resolving insurance coverage and insolvency-related issues with respect to the liability of these defendants. See Fed. R. Civ. P. 54(b).

Accordingly, judgment shall be entered against Defendants National Settlement Agency, Inc. and Steven M. Leff, jointly and severally, in the amount of $2,349,150.00.

SO ORDERED.

Dated: New York, New York
       December 19, 2007

                                                LAURA TAYLOR SWAIN
                                                United States District Judge