UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— :

INDYMAC BANK, F.S.B.,                                  :      Case No.: 07 cv 6865 (LTS) (GWG)

                                    Plaintiff,              :

     – against –                                           :      **DECLARATION OF DAVID J.**
                                                              **GALALIS IN SUPPORT OF**
                                                        :      **INDYMAC'S ORDER TO SHOW**
                                                              **CAUSE TO COMPEL SITT ASSET**
NATIONAL  SETTLEMENT  AGENCY,  INC.;  :      **MANAGEMENT TO DELIVER TO**
STEVEN  M.  LEFF;  RACHEL  M.  LEFF;           **THE U.S. MARSHAL THE**
RICHARD A. LEFF; JOHN DOES 1–100,          :      **ATTACHED FUNDS OF STEVEN**
                                                              **M. LEFF AND NATIONAL**
                                    Defendants.    :      **SETTLEMENT AGENCY**

                                                        :

———————————————————————— :

        David J. Galalis, pursuant to 28 U.S.C. § 1746, declares and states under penalty of

perjury as follows:

        1.        I am an associate with Feldman Weinstein & Smith LLP, attorneys to plaintiff

IndyMac Bank, F.S.B. ("IndyMac").  I submit this declaration in support of IndyMac's Order to

Show Cause seeking to compel garnishee Sitt Asset Management to pay-over to the U.S.

Marshal the funds currently in its accounts belonging to defendants Steven M. Leff and National

Settlement Agency that were levied upon by way of Order of Attachment on or about October

11, 2007.

        2.        On August 16, 2007 an Order of Attachment against all the assets belonging to

defendants Steven M. Leff and National Settlement Agency, up to $2,349,150.00, was entered by

this court.  **Exhibit A.**

        3.        On or about October 2, 2007, Steven M. Leff, president of National Settlement

Agency, Inc., swore an affidavit in the related ABN Amro action (07 cv 7657) stating that Sitt

Asset Management currently holds approximately $100,000 of National Settlement Agency's

assets as a security deposit on the 12th Floor office space at 180 Madison Avenue. **Exhibit B.**

    4.     On or about October 11, 2007, the Order of Attachment was levied upon Sitt

Asset Management by the U.S. Marshal. **Exhibit C.**

    5.     Fed. R. Civ. P. 64 states that:

> [A]ll remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought . . . .

    6.     NY C.P.L.R. 6214(d) states that:

> Where property or debts have been levied upon by service of an order of attachment, the plaintiff may commence a special proceeding against the garnishee served with the order to compel the payment, delivery or transfer to the sheriff of such property or debts, or to secure a judgment against the garnishee. Notice of petition shall also be served upon the parties to the action and the sheriff. A garnishee may interpose any defense or counterclaim which he might have interposed against the defendant if sued by him. The court may permit any adverse claimant to intervene in the proceeding and may determine his rights in accordance with section 6221.

    7.     NY C.P.L.R. 6214(e) states that:

> At the expiration of ninety days after a levy is made by service of the order of attachment, or of such further time as the court, upon motion of the plaintiff on notice to the parties to the action, has provided, the levy shall be void except as to property or debts which the sheriff has taken into his actual custody, collected or received or as to which a proceeding under subdivision (d) has been commenced.

    8.     January 9, 2008 is the expiration of ninety days after the October 11, 2007 levy of

IndyMac's Order of Attachment upon Sitt Asset Management.

    9.     At least one New York court has held that the garnishee's service of a paper upon

the sheriff (or U.S. Marshal, as the case may be), stating that the garnishee agrees to hold the

property as the equivalent of the sheriff's agent, satisfies the "perfection" requirement of C.P.L.R. 6214(e). *Kalman v. Neuman*, 80 A.D.2d 116, 128–129, 438 N.Y.S.2d 109, 117 (2d Dep't 1981).

10.     IndyMac thereby respectfully requests that this court order Sitt Asset Management to either: (a) deliver to the U.S. Marshal all funds held by it that belong to or are owed to defendants Steven M. Leff and/or National Settlement Agency, or (b) to serve upon the plaintiff and U.S. Marshal a sworn letter denominating the amount and location of Steven M. Leff and/or National Settlement Agency's security deposit, along with a statement that said deposit, less the amount owed to Sitt Asset Management, is being held by Sitt Asset Management as the U.S. Marshal's agent pursuant to IndyMac's Order of Attachment.

11.     No previous request for this relief has been made.

Dated: New York, New York
        January 7, 2008

David J. Galalis