**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

INDYMAC BANK, F.S.B.,                                    Case No.: 07 CV 6865 (LTS)

                                                Plaintiff,
                        -against-                       **AFFIDAVIT IN OPPOSITION**
                                                        **TO PLAINTIFF'S**
                                                        **ORDER TO SHOW CAUSE**
NATIONAL SETTLEMENT AGENCY, INC.;
STEVEN M. LEFF; RACHEL M. LEFF;
RICHARD A. LEFF; JOHN DOES 1-100,

                                                Defendants.
-------------------------------------------------------------------x
STATE OF NEW YORK      )
                       )      ss.:
COUNTY OF NEW YORK  )

    **MARY JEAN ROSE**, being duly sworn, deposes and says:

    1.      I am the Director of Lease Administration of Sitt Asset Management,

LLC, the managing agent for 180 Madison Owners, LLC ("Landlord"), and as such I am

fully familiar with the facts and circumstances of this matter.

    2.      I submit this affidavit in opposition to the instant order to show cause for

an order compelling Landlord's managing agent, Sitt Asset Management, LLC ("Sitt"),

to: i) turn over to the U.S. Marshal all monies that it holds that belongs to or is owed to

Steven M. Leff and/or National Settlement Agency, Inc. ("NSA") in connection with a

written commercial lease dated April 2007 (the "Lease") between 180 Madison Owners

LLC, as landlord, and NSA, as tenant or ii) swear out an affidavit that the Sitt is holding

the security deposit for National Settlement Agency Inc. (less any amount owed to the

Landlord) as the U.S. Marshal's agent pursuant to the August 16, 2007 Order of

Attachment (the "Order of Attachment") heretofore entered in this matter in favor of

Plaintiff, INDYMAC BANK, F.S.B. ("Plaintiff").

3.      However, Sitt and Landlord respectfully submit, as discussed below, that they do not have any monies owed or belonging to NSA due to NSA's breach of the Lease in failing to pay certain rent and additional rent due thereunder.

4.      Therefore, based up upon the foregoing, Plaintiff's instant order to show cause should be denied.

## BACKGROUND

5.      In April 2007, Landlord leased to NSA, and NSA hired from Landlord Suite 1200, 1201, 1203 and a hallway space at 180 Madison Avenue, New York, New York 10016 (the "Premises"). However, at the time of the Lease, Landlord could only deliver over possession of Suite 1203 to NSA, with the balance of the Premises to be made available to NSA as they became available as set forth in article 1.01 of the Lease. The term of the Lease for the Premises runs through June 30, 2015. (See article 2.01 of the Lease.) (A copy of the Lease is annexed hereto as Exhibit A.)

6.      On April 26, 2007, NSA tendered two bank checks to Landlord. One was check number 781319526 in the sum of $113,413.34 while the other was check number 781319527 in the sum of $28,353.34. Copies of these checks are annexed hereto as Exhibit B.

7.      Check number 781319527 in the sum of $28,353.34 accounted for the first month's rent for Suite 1203 as set forth in Article 3.01 in the Lease in the sum of $25,100.00. The balance of this check went to the first month's rent for suite 1201 and the hallway space in the sum of $3,253.34 as set forth in Exhibit B of the Lease.

8.    Check number 781319526 in the sum of $113,413.34 went for the security deposit for: i) Suite 1203 in the sum of $100,400.00 and ii) suite 1201 and hallway space in the sum of $13,113.34, all in accordance with Article 31 of the Lease.

9.    The term of the Lease with respect to Suite 1203 commenced on July 1, 2007. Pursuant to Article 3.01 of the Lease, Tenant agreed to pay fixed rent for Suite 1203 at the rate of $25,100.00 per month plus certain additional rent charges. (See Exhibit B to the Lease.) The Lease did provide that NSA would not have to pay any part of the fixed rent for the first 60 days after the commencement date of the Lease provided that it did not default under the Lease. (*See* Article 3.02 of the Lease annexed hereto as Exhibit A. Thus, NSA was to start paying the fixed rent as of September 1, 2007.)

10.    Annexed hereto as Exhibit C is a copy NSA's tenant ledger for Suite 1203. First, it shows Landlord's receipt of the security deposit and the first month fixed rent for Suite 1203. However, Exhibit C also shows that other than the foregoing payments, NSA never paid any rent to Landlord for Suite 1203. Based upon such failure to pay its rent and as shown in Exhibit C, Landlord intends to the free fixed rent for July 2007 and August 2007 that NSA had initially received at the inception of the Lease.

11.    Equally significantly, Exhibit C hereto shows that through January 2008, NSA owes to Landlord the sum of $115,015.20 in rent and additional rent charges (the "Arrears"). With respect to Suite 1203, the Arrears already exceed the $100,400.00 that NSA paid as security for suite 1203.

12.    On October 11, 2007, Landlord commenced a summary non-payment proceeding to recover suite 1203 based upon NSA's failure to pay rent and additional rent

therefor. A copy of the notice of petition and petition for the aforementioned non-payment proceeding is annexed hereto as Exhibit D.

13.    NSA defaulted in the non-payment proceeding and was ultimately evicted from Suite 1203 on January 8, 2008.

14.    Moreover, as a result of NSA's failure to pay rent for Suite 1203, Landlord did not turn over possession of Suite 1200, Suite 1201 and the hallway space to NSA.

## THE SECURITY DEPOSIT AND RENT PAYMENTS

15.    Our attorneys advise us that there is no question that the first month's rent payment ($25,100.00) and security deposit payment ($100,400.00) made with respect to suite 1203 is not subject to attachment because under the terms of the Lease NSA owes the Landlord an amount in excess of $125,500.00 that the Landlord received from NSA.

16.    In addition, our attorneys advise us that even though possession of Suite 1201 and the hallway space was not turned over to NSA, the security deposit submitted with respect thereto is still not subject to the Order of Attachment. This is because Article 31.01 of the Lease provides that, "Tenant shall deposit with Landlord the additional sum of $13,103.34 as additional security for the performance of Tenant's obligations accruing under this Lease." (Emphasis added.) Significantly, the foregoing Lease provision does not limit the application of the $13,103.34 to defaults that solely pertain to the non-payment of rent and additional rent for Suite 1201 and the hallway space. Instead, Landlord is advised by its counsel that because the foregoing Lease article allows the Landlord to use said $13,103.34 for any defaults "accruing under this

Lease" – which would include defaults in payment of rent under Suite 1203 – said money is not subject to the Order of Attachment.

17.    Also, a previously stated upon, NSA paid one month's rent for Suite 1201 and the hallway space in the sum of $3,253.34, which was part of Check 781319527 in the sum of $28,353.34. (*See* NSA's tenant ledger for Suite 1201 and hallway space annexed hereto as Exhibit E.)

18.    Significantly, Article 5.02 of the Lease, in pertinent part, provides, that

> In the event that [NSA] is in arrears for Fixed Annual Rent or any item of Additional Rent, [NSA] waives it right, if any, to designate the items against which payments made by [NSA] are to be credited and Landlord may apply any payments made by [NSA] to any items which Landlord is its sole discretion may elect irrespective of any designation by [NSA] as to the items against which any such payment should be credited.

19.    As such, Landlord's counsel advises us that Landlord has the right to apply the rent received for Suite 1201 and hallway space toward the arrears for Suite 1203, plus such costs and expenses incurred by Landlord, including reasonable attorneys' fees for the non-payment proceeding and eviction of NSA from Suite 1203.

20.    As of the date of this affidavit, Landlord has not re-let any portion of the Premises or entered into any such lease agreement with respect thereto.

21.    Based upon the foregoing, Landlord and Sitt respectfully request that Plaintiff's instant order to show cause be denied in its entirety.

MARY JEAN ROSE

Sworn to before me this
18th day of January, 2008

Notary Public

ALFONSO DeCICCO
Notary Public, State of New York
No. 02DE6069851
Qualified in Kings County
Commission Expires  3/18/10