UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INDYMAC BANK, F.S.B.,

            Plaintiff,

– against –

NATIONAL SETTLEMENT AGENCY, INC.;
STEVEN M. LEFF; RACHEL M. LEFF;
RICHARD A. LEFF; and OPTAMERICA
MORTGAGE, INC.,

            Defendants.

Case No.: 07 cv 6865 (LTS) (GWG)

DECLARATION OF ERIC WEINSTEIN IN SUPPORT OF INDYMAC'S ORDER TO SHOW CAUSE TO COMPEL MICHAEL L. SOSHNICK TO DISGORGE AND PAY-OVER TO THE U.S. MARSHAL ANY ATTORNEY'S FEES RECEIVED FROM STEVEN M. LEFF

---

Eric Weinstein, pursuant to 28 U.S.C. § 1746, declares and states under penalty of perjury as follows:

1. I am a partner of Feldman Weinstein & Smith LLP, attorneys to plaintiff IndyMac Bank, F.S.B. ("IndyMac"). I submit this declaration in support of IndyMac's Order to Show Cause seeking to compel garnishee Michael L. Soshnick to: (a) provide a sworn account to the plaintiff of all legal fees received from Steven Leff on or after August 6, 2007, or to provide a sworn statement that no legal fees have been received; (b) provide a sworn account to the plaintiff of assets belonging to Steven Leff held since August 6, 2007 on retainer for future legal services, or for any other purpose, or to provide a sworn statement that no assets are being held; and (c) disgorge and pay-over to the U.S. Marshal, in preference of and pursuant to IndyMac's Order of Attachment, all legal fees received from Steven Leff on or after August 6, 2007, and all retainers and assets belonging or owed to Steven Leff.

## Temporary Restraining Order and Preliminary Injunction

2.  On August 6, 2007, this court entered a Temporary Restraining Order prohibiting Steven Leff from transferring his assets. **Exhibit A.**

3.  On August 6, 2007, the Temporary Restraining Order was served upon Steven Leff through his criminal defense attorney, Larry Krantz, as specified in the Temporary Restraining Order. **Exhibit B.**

4.  On August 16, 2007, this court entered a Preliminary Injunction prohibiting Steven Leff from transferring his assets. **Exhibit C.**

5.  Michael Soshnick, counsel to Steven Leff, was present in court on August 16, 2007 when the Preliminary Injunction was entered.

6.  The relevant colloquy between Michael Soshnick and The Honorable Kimba M. Wood on the point of whether attorney's fees could be paid under the preliminary injunction is attached as **Exhibit D**, pages 17–19, and is as follows:

> MR. SOSHNICK: Your Honor, I have one question before I see the proposed order. In connection with authorizing Steven Leff to use funds in the ordinary course of business, would you include in the ordinary course of business the payment of reasonable attorneys fees?
>
> THE COURT: I would not include them at this time, but you may apply to Judge Swain for that relief next week.
>
> MR. SOSHNICK: With respect to attorneys fees that he has already paid, is that something that you would want the attorneys to disgorge or would that not be something – –

THE COURT: Judge Swain can decide that. I understand you were retained just today by Steven.

MR. SOSHNICK: That's correct.

THE COURT: Has he already paid you attorneys fees?

MR. SOSHNICK: Yes.

THE COURT: How remarkable.

MR. SOSHNICK: Prior to today's proceedings.

THE COURT: Before today?

MR. SOSHNICK: I received a check today and I previously received a check prior to today.

THE COURT: I'll leave it to Judge Swain to decide that matter.

MR. SOSHNICK: I know that Mr. Krantz also received a check obviously prior to today.

THE COURT: Same ruling. Judge Swain will decide that.

MR. SOSHNICK: So in connection with any other fees that may be required to be paid.

THE COURT: They should not be paid until you have an order permitting that from Judge Swain.

MR. SOSHNICK: So you're not --

THE COURT: She will be here Monday.

MR. SOSHNICK: You're not denying the application that I'm making; you're simply saying, make it to Judge Swain?

>   THE COURT: I'm denying it without prejudice to your making it before Judge Swain. I think she'll need more facts than I now have in order to decide this.
>
>   MR. SOSHNICK: You're certainly not ordering any legal fees that were previously paid to be disgorged by either Mr. Krantz or myself, is that correct?
>
>   THE COURT: Not so long as you're each good for the amount of money you were given and I'll assume you are.
>
>   MR. SOSHNICK: Thank you very much, your Honor.

7. On or about January 10, 2008, I had a telephone conversation with Michael Soshnick wherein he told me that he had received approximately $37,000 in legal fees from Steven Leff.

8. On or about January 16, 2008, Michael Soshnick sent my associate and me a letter stating that he had received no fees from Steven Leff since the August 16, 2007 Preliminary Injunction. This letter attached an e-mail from Steven Leff to Michael Soshnick stating that the money used to retain Michael Soshnick came from a retirement account held at UBS, and that the account did not contain "tainted" funds. **Exhibit E.**

9. Whether the money used by Steven Leff to pay Michael Soshnick's legal fees was tainted is of no moment, under the plain language of the Temporary Restraining Order and Preliminary Injunction. Any legal fees paid to Michael Soshnick by Steven Leff on or after August 6, 2007 were paid to Michael Soshnick in violation of the described Orders and were retained with knowledge that their transfer to him was prohibited by the described Orders.

## Order of Attachment

10. On August 16, 2007, this court entered an Order of Attachment against all the assets belonging to defendant Steven Leff, up to $2,349,150.00. **Exhibit C.**

11. On or about October 26, 2007, the Order of Attachment was levied upon Michael Soshnick by the U.S. Marshal. **Exhibit F.**

12. If Michael Soshnick holds a retainer for legal services from Steven Leff, received legal fees from Steven Leff, or holds any other assets of Steven Leff in any other capacity, said retainer, fees, or other assets have been attached in favor of IndyMac by way of the U.S. Marshal's October 26, 2007 levy.

## Applicable Legal Standards

13. The federal rules look toward state law to govern pre-judgment attachments

    a. Fed. R. Civ. P. 64 states that:

    [A]ll remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought . . . .

14. The applicable CPLR provisions are:

    a. NY C.P.L.R. 6214(d) states that:

    Where property or debts have been levied upon by service of an order of attachment, the plaintiff may commence a special proceeding against the garnishee served with the order to compel the payment, delivery or transfer to the sheriff of such property or debts, or to secure a judgment against the garnishee. Notice of petition shall also be served upon the parties to the action and the sheriff. A garnishee may interpose any defense or counterclaim which he might have interposed against the defendant if sued by him. The court may permit any adverse claimant to intervene in the proceeding and may determine his rights in accordance with section 6221.

    b. NY C.P.L.R. 6214(e) states that:

> At the expiration of ninety days after a levy is made by service of the order of attachment, or of such further time as the court, upon motion of the plaintiff on notice to the parties to the action, has provided, the levy shall be void except as to property or debts which the sheriff has taken into his actual custody, collected or received or as to which a proceeding under subdivision (d) has been commenced.

15. January 24, 2008 is the expiration of ninety days after the October 26, 2007 levy of IndyMac's Order of Attachment upon Michael Soshnick.

16. If Michael Soshnick is in fact in possession of any assets belonging or owed to Steven Leff, then such money has been received in violation of court order. Perfection by delivery of an accounting to the U.S. Marshal, as described in *Kalman v. Neuman* is therefore not sufficient to protect IndyMac's interests. 80 A.D.2d 116, 128–129, 438 N.Y.S.2d 109, 117 (2d Dep't 1981).

**Relief Requested**

17. IndyMac thereby respectfully requests that this court order Michael Soshnick to:

    a. Provide a sworn account to the plaintiff of all legal fees received from Steven Leff on or after August 6, 2007, or to provide a sworn statement that no legal fees have been received;

    b. Provide a sworn account to the plaintiff of assets belonging to Steven Leff held since August 6, 2007 on retainer for future legal services, or for any other purpose, or to provide a sworn statement that no assets are being held;

    c. Disgorge and pay-over to the U.S. Marshal, in preference of and pursuant to IndyMac's Order of Attachment, all legal fees received from Steven

Leff on or after August 6, 2007, and all retainers and assets belonging or owed to Steven Leff.

18. No previous request for this relief has been made.

Dated: New York, New York
January 23, 2008

_____
Eric Weinstein