# EXHIBIT D

1

78gPindC1

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   INDYMAC BANK, F.S.B.,,

4                Plaintiff,

5        v.                              07 Civ.6865 (LTS)

6   NATIONAL SETTLEMENT AGENCY,
    INC., STEVEN M. LEFF, RACHEL
7   M. LEFF, RICHARD A. LEFF, JOHN
    DOES 1-100,
8
                 Defendants.
9
    ------------------------------x
10                                       New York, N.Y.
                                         August 16, 2007
11                                       3:10 p.m.

12  Before:

13                  HON. KIMBA M. WOOD,

14                                       Chief Judge

15                         APPEARANCES

16  ERIC WEINSTEIN,
    DAVID GALALIS,
17       Attorneys for Plaintiff

18  MICHAEL SOSHNICK,
         Attorney for Defendants Steven M. Leff and Richard A. Leff

19

20

21

22

23

24

25

            SOUTHERN DISTRICT REPORTERS, P.C.
                   (212) 805-0300

2

78gPindC1

1            (In open court; case called)

2        THE COURT:  Counsel, please have a seat.

3        I will begin by asking Mr. Weinstein to give me an

4    update

5        MR. WEINSTEIN:  Thank you, your Honor.

6        We are here today on the request for an order of

7    attachment and preliminary injunction against defendants

8    National Settlement Agency, Inc. and Steven Leff only.

9        And I thought the wrong guy showed up.  Behind me, I

10   believe, is Mr. Soshnick who represents Richard Leff, but he

11   just informed me that he represents Steven Leff as well.

12       THE COURT:  Now, National Settlement has defaulted so

13   far?

14       MR. WEINSTEIN:  Well, they defaulted on this order to

15   show cause.  Time to respond to the complaint has not expired.

16       THE COURT:  I think you would have to put in papers on

17   the preliminary injunction and the attachment, unless I am

18   missing something, they need notice of that.

19       MR. WEINSTEIN:  Your Honor, the criminal attorney who

20   was here last time --

21       THE COURT:  Larry Krantz --

22       MR. SOSHNICK:  -- your Honor, I have to say -- I have

23   to object to use of the words criminal defense attorney.

24       THE COURT:  Yes, I understand.  I note that Mr. Krantz

25   is not a criminal.

3

78gPindC1

1          MR. WEINSTEIN:  Mr. Krantz accepted service on behalf

2     of Steven Leff of the summons and complaint.

3          If you recall, your Honor, the last time we were here

4     Mr. Krantz said he would make his client available to accept

5     the papers.  It turns out his client did not make himself

6     available, but Mr. Krantz said he would accept service of the

7     papers on his client's behalf.

8          So I sent him a copy of the summons and complaint for

9     both Steven Leff and National Settlement Agency.  Steven Leff

10    is the president of that company.  We also have served National

11    Settlement Agency through the Secretary of State.  Also service

12    was made previously to their office.  Somebody was at the

13    office to accept the papers.  However, that person claimed to

14    be an employee of another company, Guardian Bureau, Inc., which

15    is also owned by Steven Leff operating at the same office, but

16    is apparently a different company.

17         So we made a few attempts on service of National

18    Settlement Agency.

19         THE COURT:  All right, the order to show cause that

20    you submitted, and that I signed on August 6, indicates that

21    opposition papers can be served on a schedule to be determined

22    at the August 7 hearing.

23         Can you remind me of whether National Settlement

24    Agency should be permitted time to respond to the request for a

25    preliminary injunction?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

4

78gPindC1

1      MR. WEINSTEIN:  Well, if I may, a second order to show

2  cause was signed by the Court on August 8, 2007.  And I have

3  that with me, your Honor.

4      THE COURT:  I have it here.  It was just in the wrong

5  place.

6      MR. WEINSTEIN:  That order to show cause was sent

7  along with the summons and complaint to Mr. Krantz's office on,

8  I believe it was the 8th.

9      THE COURT:  All right.

10     MR. WEINSTEIN:  I'd love to see their opposition

11  papers if they have any.  I would be glad to accept them.

12     And if the Court were to entertain some sort of

13  temporary restraints, I would be inclined to extend the time

14  for National Settlement Agency to explain where the money is.

15  But I don't know if anybody is here to speak for them.

16     THE COURT:  Mr. Soshnick, are you here to speak for

17  National Settlement?

18     MR. SOSHNICK:  Your Honor, although my clientele base

19  has doubled with respect to this litigation to include Steven

20  Leff in addition to Richard Leff, I haven't been retained by

21  National Settlement Agency.  So I am without authority to speak

22  on their behalf at all.

23     THE COURT:  Well, they may appear to be in default of

24  my August 8 order, they have not appeared here.

25     What I am asking you, Mr. Weinstein, is, technically,

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

5

78gPindC1

1   what do you say underlies the grant of the preliminary

2   injunction rather than a default judgment?

3          MR. WEINSTEIN:  At this point a default judgment, I

4   believe, is probably premature because the time has not run to

5   answer the complaint.  That's at least 20 days from the day of

6   service.

7          So I think technically if they are in default of

8   anything at this point, they are in default of whatever

9   obligations they had to serve papers in opposition to this

10  motion.  And to appear on this return date.

11         THE COURT:  And what do you want me to do?

12         MR. WEINSTEIN:  And, therefore, I would ask the Court

13  to enter the order of attachment and preliminary injunction

14  with respect to National Settlement Agency.  And also to

15  consider the same application with respect to Steven Leff.

16  Although I imagine his attorney will have something to say

17  about that.

18         THE COURT:  All right, now, bearing in mind the Second

19  Circuit's standard for granting what is essentially a

20  preliminary injunction, how do you meet each prong of it?

21         MR. WEINSTEIN:  Okay, your Honor, Indymac, the

22  plaintiff, has submitted an affidavit through an officer, Nick

23  Nyland, N-Y-L-A-N-D, outlining the losses that Indymac

24  suffered, and the attempts to contact National Settlement

25  Agency for an explanation as to why escrow funds appear to have

78gPindC1

1   disappeared from the escrow funding account.  These were

2   fiduciary funds wired into National Settlement Agency's escrow

3   funding account for the purpose of closing real estate

4   transactions.

5        And what happened was that several of the lien holders

6   in these transactions were not paid off.  And Indymac is now in

7   a position of having to pay off those lien holders on their

8   own, in a sense double paying the amounts of each loan, because

9   the first set of monies that was wired into the NSA escrow

10  account disappeared.

11       THE COURT:  I am looking at the Second Circuit's

12  standard.  You cited in your papers a CPLR standard.  I am not

13  sure what we are proceeding under, but I assume we have to find

14  irreparable harm.

15       MR. WEINSTEIN:  Yes, your Honor, the Court has to

16  find, for purposes of the attachment, we look to Federal Rule

17  64, which then sends us to the CPLR, Article 62.

18       And for purpose of the attachment under Article 62, we

19  have to find a ground for attachment, as enumerated in that

20  article.  In this case it is the dissipation of funds, which is

21  subsection 3 of CPLR 6201.  A likelihood of success on its

22  claims against National Settlement Agency and Steven Leff in

23  this case.  A claim that is in excess of any counterclaims that

24  may exist.  And irreparable harm to the plaintiff.

25       And I believe that all of those are clearly and

7

78gPindC1

1    adequately set forth in the papers that were submitted, your

2    Honor.

3    THE COURT:  All right, now, with respect to National

4    Settlement, there is no lawyer here to speak for them.  And so

5    I rely solely on the papers before me, which were submitted by

6    Indymac.

7    From those papers it appears that National Settlement

8    Agency has dissipated funds.  It also appears that Indymac is

9    likely to succeed on the merits of its lawsuit against National

10   Settlement Agency.  That the amount due Indymac is in excess of

11   any counterclaim that might exist.  And that there will be

12   irreparable harm to Indymac if an attachment is not issued

13   because of the dissipation of funds.  I thus order the

14   attachment.

15   MR. WEINSTEIN:  We have a proposed order, your Honor,

16   that we will submit.

17   THE COURT:  Okay, good.  Do you have it right now?

18   MR. WEINSTEIN:  I do but it includes Steven Leff.

19   THE COURT:  Well, we better get to Steven Leff, then

20   we will get to the order.

21   MR. WEINSTEIN:  Thank you, your Honor.

22   THE COURT:  Mr. Soshnick, would you like to speak

23   against the request for an attachment on your client's assets?

24   MR. SOSHNICK:  May I first hear a basis from the

25   plaintiff as to attaching Steven Leff's assets?

8

78gPindC1

1      THE COURT:  You may.

2      MR. WEINSTEIN:  Steven Leff is the president of

3  National Settlement Agency.  He had check-signing authority for

4  the company.  Calls to him for an explanation of what occurred

5  have gone unanswered.  And I would have imagined that he would

6  have shown up here today to testify at a hearing as to what

7  happened to those funds.

8      THE COURT:  Now, you, I take it, you also would argue

9  that it appears that he has been responsible for a dissipation

10 of funds.  I don't know whether you are including his own funds

11 or only National Settlement Agency?

12     MR. WEINSTEIN:  Yes --

13     THE COURT:  -- you are trying to attach his own funds?

14     MR. WEINSTEIN:  Yes, I am, your Honor.

15     THE COURT:  What are the grounds for attaching his

16 funds?

17     MR. WEINSTEIN:  We received, I don't have a written

18 submission, we just received some materials from Chase

19 Manhattan Bank, the holder of the, or at least some bank

20 accounts for National Settlement Agency, as well as accounts in

21 the name of Steven and Rachel Leff.  And for Rachel Leff by

22 herself.

23     And it appears there has been quite a bit of activity

24 in and out of those accounts.

25     In fact, your Honor, I digress for a moment, because,

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

9

78gPindC1

1    and I know this is not this Court's case, and we are burdening

2    the Court with a lot here, if your Honor recalls at the last

3    hearing we agreed, that is the plaintiff agreed, to forebear on

4    its application with respect to Rachel Leff and Richard Leff

5    pending the outcome of some expedited discovery.  And Richard

6    Leff did appear for a deposition.  And then we received the

7    materials, some materials from Chase Manhattan Bank.

8            And we have another application, not with respect to

9    Richard but only with respect to Rachel, showing large-scale

10   transfers of amounts -- of monies going to Rachel's personal

11   account from the escrow funding account.  $400,000 on May 24 of

12   2007 and another $230,000 on June 22, 2007, which is right

13   around the time that the shenanigans at National Settlement

14   Agency appear to have been going on.

15           So we appear not only on this application for National

16   Settlement Agency and Steven Leff pursuant to the order to show

17   cause, but also to ask the Court to sign another order to show

18   cause with respect to Rachel Leff with respect to her funds as

19   well.

20           So I am not sure I completely answered the question.

21           THE COURT::  Well, let's take the Leffs one by one.

22           With respect to Rachel, I think what you are telling

23   me is you wish to file an order to show cause that would bring

24   her before the Court to answer to your allegations.

25           MR. WEINSTEIN:  Yes, your Honor.

78gPindC1

1          THE COURT:  And so you are not asking today for an

2   attachment.

3          MR. WEINSTEIN:  Not ex parte against Rachel Leff,

4   correct.

5          THE COURT:  Okay, now, let's move to Steven.

6          MR. WEINSTEIN:  We were here last week and Mr.

7   Soshnick, while wearing the hat of Richard Leff's attorney, was

8   placing the blame on Steven Leff.  And Richard Leff, in his

9   deposition, did the same thing.  Said that his brother was a

10  control freak, was involved in every aspect of the company's

11  operations.  And has not answered a request for information as

12  to where the funds went.

13         Rachel Leff is not a signer on the National Settlement

14  Agency escrow funding accounts, Steve Leff is.

15         THE COURT:  Now, fitting your request with respect to

16  Steven Leff, within Article 62 of the CPLR, what do you have by

17  way of grounds for attachment?

18         MR. WEINSTEIN:  There are actually separate grounds

19  for Rachel and Steven.

20         Rachel apparently is a nondomiciliary of the State of

21  New York, which will bring us under CPLR --

22         THE COURT:  I assume you will deal with Rachel on

23  papers, and we need only deal with Steven.

24         MR. WEINSTEIN:  Yes, to Article 6201 sub3, the

25  standard is, or the grounds are a likelihood of dissipating

11

78gPindC1

1    funds of Indymac.

2        And I guess the question is, if not Steven who ran the

3    company, then who?  And if not Steven, then why is he not here

4    to say it is not me?

5

6

7        (Continued on next page)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

78GMINDC2

1          MR. WEINSTEIN:  If the funds were dissipated at a

2    National Settlement Agency escrow funding account and Steven

3    Leff had control over that account, then he should be held

4    responsible for there being dissipated unless he's got a

5    reasonable explanation for what happened.

6          MR. SOSHNICK:  May I speak to counsel for a minute?

7          THE COURT:  All right.

8          MR. SOSHNICK:  Your Honor, I appreciate the

9    opportunity to speak to counsel for the plaintiff.

10          With respect to this matter, it's my understanding

11    that counsel for the plaintiff is seeking an attachment with

12    respect to Steven Leff.  I don't believe that a sufficient

13    showing has been made at this hearing at this time to justify

14    that.  All that we've heard is that funds at National

15    Settlement Agency were misappropriated in favor of Rachel Leff.

16    We did not hear that any of those funds were misappropriated in

17    favor of Steven Leff.  And the last time we were here, same

18    counsel, same plaintiff represented that Rachel Leff was the

19    CEO of National Settlement Agency.  So I don't believe that

20    when counsel comes here and says, funds from National

21    Settlement Agency were diverted to Rachel Leff that that

22    somehow should mean that not only there should be an attachment

23    with respect to Rachel Leff but there should be an attachment

24    with respect to Steven Leff.

25          THE COURT:  Let's pause for a moment.  Please pause.

13

78GMINDC2

1   The total amount Mr. Weinstein attributed to Rachel taking is

2   about $630,000.  I have papers from Indymac that substantiate

3   their claim that more than $2 million has been misappropriated.

4           Is it true that Steven Leff was the only person with

5   signing power on National Settlement Agency's checking account?

6           MR. SOSHNICK:  No, your Honor, no, that's not true.

7           MR. WEINSTEIN:  There was an administrative assistant,

8   60-plus year-old woman named Arlene Oppenheimer who has been

9   subpoenaed, but I don't have any grounds to believe that the

10  administrative assistant is the person who was dissipating

11  funds and wiring them into the account of Steven Leff's wife.

12          Mr. Soshnick, do you wish to say anything further?

13          MR. SOSHNICK:  Your Honor, my point is that at this

14  time there has been an insufficient showing by the plaintiff.

15  And the fact that Steven has not submitted to any informal

16  discussions with Indymac Bank or being deposed by them is not a

17  basis for an attachment.  These proceedings were just recently

18  commenced and it's my understanding that the attorney who

19  previously appeared, because he was served, as the criminal

20  defense attorney for Steven Leff is not even in the United

21  States of America.

22          THE COURT:  Who is it, Larry Krantz?

23          MR. SOSHNICK:  Right.

24          THE COURT:  So what?

25          MR. SOSHNICK:  What I'm saying to you, your Honor,

14

78GMINDC2

1    this case was initiated against Mr. Leff by serving Mr. Krantz.

2    I was just retained this afternoon by Steven to represent him

3    in regard to these proceedings. And so far I have not heard

4    enough, as far as I'm concerned, for this Court to grant the

5    extraordinary remedy of an attachment of all of Steven Leff's

6    assets.

7        MR. WEINSTEIN: Your Honor, we have a bond in place.

8    If the Court deems it necessary, the bond could continually be

9    increased and Steven Leff could walk into this courtroom and

10   move to vacate that attachment order and preliminary

11   injunction, and we'll at that time get to the bottom of this.

12       But what he's doing is evading, A, service of the

13   papers when Mr. Krantz said he was going to produce Steven Leff

14   at his office at 11:30 a.m. the day after that conference we

15   had last week, and Steven Leff was not there. Larry Krantz was

16   good enough to accept the summons and complaint on Steven

17   Leff's behalf. Now we hear that Steven Leff, who himself may

18   very well be in this country, chose not to show up for the

19   hearing today and to send his lawyer instead. And I just don't

20   see -- the man should have to answer for what happened to at

21   least $2.4 million that disappeared from the company that he

22   was controlling and operating and which he had check signing

23   authority for.

24       THE COURT: I order Mr. Steven Leff to appear in court

25   at 1 p.m. tomorrow in this courtroom to answer with any

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

78GMINDC2

1    opposition he has to the entry of an attachment and a

2    preliminary injunction.  I note that Indymac appears to have

3    met the governing standard, but I'll give Steven Leff a chance

4    to be heard.

5             MR. SOSHNICK:  Your Honor, could I just ask until

6    Monday because tomorrow I have a whole bunch of things going

7    on.

8             THE COURT:  No, I can't do that.

9             MR. SOSHNICK:  I know I can't be here tomorrow.

10            THE COURT:  I understand.

11            MR. SOSHNICK:  He has two small children, your Honor.

12   He's going through a divorce proceedings.

13            THE COURT:  This is no reason for him not to show up

14   in court.  Where are your other appearances and where?

15            MR. SOSHNICK:  Your Honor, I have appearances in

16   Nassau County in the morning with respect to three matters, two

17   at the district court, one at the county court, and I also --

18            THE COURT:  What do you have in the afternoon?

19            MR. SOSHNICK:  In the afternoon, your Honor, I have a

20   conference with another attorney and with clients scheduled in

21   my office at 2:00.  I wasn't expecting when he came here that I

22   would have to return tomorrow afternoon, but Monday I'm free

23   and Tuesday I'm free.

24            THE COURT:  I am no longer in part I and I would be

25   foisting this on another judge who has no background on this,

78GMINDC2

1  which would not be fair.  And, in any event, there is no reason

2  to delay this another day.  I will set this for 1 p.m. and I

3  would assume that you can change your other commitment to

4  accommodate that if you wish to accompany Steven Leff here.

5  I'll see you tomorrow at 1 p.m.

6        MR. WEINSTEIN:  One thing, your Honor.  I believe the

7  TRO extends by its terms -- today is the tenth day that the

8  TRO --

9        THE COURT:  In any event, you need to move to --

10        MR. WEINSTEIN:  To extend it by one day, your Honor.

11        THE COURT:  There is no reason not to extend it for

12  ten days.

13        MR. SOSHNICK:  Your Honor, based upon what I know

14  about this matter, I don't believe that Mr. Leff is going to be

15  able to testify at a hearing tomorrow.  If he were required to

16  be here, it's my belief that he would have to assert his Fifth

17  Amendment privilege against self-incrimination.

18        MR. WEINSTEIN:  Your Honor, I believe we can draw an

19  adverse inference from that in this civil proceeding and would

20  ask that today the Court enter the attachment order.  Of

21  course, Mr. Steven Leff at any time could bring a motion to

22  vacate it down the road, I would think, at any time.  I don't

23  know the rules.  But I see Indymac being prejudiced here and

24  Steven Leff suffering not a whole lot of prejudice if he can

25  walk back into this courtroom or into Judge Swain's courtroom.

78GMINDC2

| | |
|---|---|
| 1 | THE COURT:  In my view, Steven Leff's apparent |
| 2 | unwillingness to respond to the facts asserted by Indymac |
| 3 | suggest that he, as the controlling person at National |
| 4 | Settlement Agency, Inc., was responsible for dissipation of |
| 5 | funds of that entity.  I find that from Indymac's papers filed |
| 6 | so far, Indymac is likely to succeed on the merits of its |
| 7 | claims against Steven Leff and the amount of its claims exceed |
| 8 | the amount of any counterclaim that might exist.  I thus order |
| 9 | attachment of Steven Leff's funds, and I enjoin him from |
| 10 | dissipating any of the named defendants' assets or pay any debt |
| 11 | to any of the named defendants up to $2,349,150 plus interest |
| 12 | costs, et cetera, but excluding the ordinary usual living and |
| 13 | business expenses of the defendant. |
| 14 | Now, I'm ready to sign an order to that effect.  I |
| 15 | have one order that was previously given to me.  Do you have a |
| 16 | different order? |
| 17 | MR. WEINSTEIN:  This is the order.  I'm passing up the |
| 18 | order. |
| 19 | THE COURT:  Has Mr. Soshnick seen it?  He needs to see |
| 20 | it before I can look at it. |
| 21 | MR. SOSHNICK:  Your Honor, I have one question before |
| 22 | I see the proposed order.  In connection with authorizing |
| 23 | Steven Leff to use funds in the ordinary course of business, |
| 24 | would you include in the ordinary course of business the |
| 25 | payment of reasonable attorneys fees? |

78GMINDC2

1      THE COURT:  I would not include them at this time, but

2  you may apply to Judge Swain for that relief next week.

3      MR. SOSHNICK:  With respect to attorneys fees that he

4  has already paid, is that something that you would want the

5  attorneys to disgorge or would that not be something --

6      THE COURT:  Judge Swain can decide that.  I understand

7  you were retained just today by Steven.

8      MR. SOSHNICK:  That's correct.

9      THE COURT:  Has he already paid you attorneys fees?

10      MR. SOSHNICK:  Yes.

11      THE COURT:  How remarkable.

12      MR. SOSHNICK:  Prior to today's proceedings.

13      THE COURT:  Before today?

14      MR. SOSHNICK:  I received a check today and I

15  previously received a check prior to today.

16      THE COURT:  I'll leave it to Judge Swain to decide

17  that matter.

18      MR. SOSHNICK:  I know that Mr. Krantz also received a

19  check obviously prior to today.

20      THE COURT:  Same ruling.  Judge Swain will decide

21  that.

22      MR. SOSHNICK:  So in connection with any other fees

23  that may be required to be paid.

24      THE COURT:  They should not be paid until you have an

25  order permitting that from Judge Swain.

78GMINDC2

```
1        MR. SOSHNICK:  So you're not --
2        THE COURT:  She will be here Monday.
3        MR. SOSHNICK:  You're not denying the application that
4   I'm making; you're simply saying, make it to Judge Swain?
5        THE COURT:  I'm denying it without prejudice to your
6   making it before Judge Swain.  I think she'll need more facts
7   than I now have in order to decide this.
8        MR. SOSHNICK:  You're certainly not ordering any legal
9   fees that were previously paid to be disgorged by either
10  Mr. Krantz or myself, is that correct?
11       THE COURT:  Not so long as you're each good for the
12  amount of money you were given and I'll assume you are.
13       MR. SOSHNICK:  Thank you very much, your Honor.
14       THE COURT:  Now I need the order.
15       MR. SOSHNICK:  I've just been handed a copy.
16       THE COURT:  Page 2 of the order, paragraph 2.  Filling
17  in the first blank is having appeared by Mr. Soshnick.
18       MR. WEINSTEIN:  We didn't know if anybody was going to
19  appear today, your Honor.
20       THE COURT:  Mr. Soshnick, you've seen the draft order.
21  Do you have any problem that you have not already discussed
22  with respect to this order?
23       MR. SOSHNICK:  Your Honor, on page 3, there is a
24  paragraph that says:  Ordered that pursuant to Federal Rule of
25  Civil procedure 64 and Civil Practice Law and Rules Section
```

78GMINDC2

1    6220, on or before August 20, 2007, Steven M. Leff and National

2    Settlement Agency, Incorporated shall provide counsel for

3    plaintiff a sworn affidavit enumerating in detail each and

4    every bank account, investment account, investment, commercial

5    paper, parcel of real property, motor vehicle, water craft or

6    other personal property of $10,000 of value or more, whether

7    they are held personally or in trust and the location and

8    garnishee of each.   I do object to that paragraph, your Honor.

9             THE COURT:   Your ground?

10            MR. SOSHNICK:   As I indicated earlier, based upon what

11   I know about this case, I don't believe that Steven Leff will

12   testify under oath or make a sworn affidavit, as this requires,

13   and that he would be asserting his Fifth Amendment privilege

14   against self-incrimination.

15            THE COURT:   I will let that abide the event.   The date

16   set is August 20.   You have time to at that point see Judge

17   Swain.

18            MR. SOSHNICK:   I just don't want him to possibly face

19   contempt proceedings by not submitting the sworn affidavit that

20   you're ordering and, therefore, I want it to be clear that I

21   don't anticipate that any sworn affidavit will be forthcoming

22   because I anticipate that he will be asserting his Fifth

23   Amendment privilege against self-incrimination.

24            THE COURT:   I'm leaving to Judge Swain the question

25   whether any of the information requested is subject to a Fifth

78GMINDC2

1    Amendment assertion and right.  It may well be, but I'm leaving

2    that up to her.

3         I have signed the order of attachment with respect to

4    Steven Leff and National Settlement Agency, Inc.

5         MR. WEINSTEIN:  Your Honor, I have a reasonably thin

6    set of papers with reasonably telling evidence regarding Rachel

7    Leff.  I'm handing it up to the Court.

8         THE COURT:  I take it I don't need to read it until --

9    you want me to sign an order to show cause?

10         MR. WEINSTEIN:  Yes, your Honor.

11         THE COURT:  I have signed the order to show cause with

12    respect to Rachel Leff.  Rachel Leff will need to appear before

13    Judge Swain A, room 17C, August 21 at 11 a.m., which is when

14    she hears motions.  I've set a date for her papers to be in by

15    August 20, 2007, at 5 p.m., and any reply by plaintiff is due

16    two hours before the return date and time.

17         Is there anything further?

18         MR. WEINSTEIN:  A matter of housekeeping, your Honor.

19    The original order, the order of attachment and order to show

20    cause, I should probably leave that with the Court.  I don't

21    know if I should be E-filing those or should the Court.

22         THE COURT:  My deputy can tell you that.

23         THE DEPUTY CLERK:  We will take the order.

24         THE COURT:  I find, pursuant to Rule 65 of the Federal

25    Rules of Civil Procedure, that the temporary restraining order

22

78GMINDC2

1    I have already entered should be extended for another ten days

2    for good cause shown in Indy's papers that the funds have been

3    dissipated and that the defendants have responsibility for that

4    dissipation, and that leads to a finding that plaintiffs are

5    likely to succeed in this case and that they will suffer

6    irreparable harm absent a TRO.

7        MR. SOSHNICK:  If I may, your Honor, when you said

8    defendants you're not including Richard Leff.

9        MR. WEINSTEIN:  He's right.  The plaintiff Indymac has

10   agreed to forbear seeking injunctive relief at this time

11   against Richard Leff.

12       THE COURT:  Then the TRO that I'm extending does not

13   apply to Richard Leff.

14       MR. WEINSTEIN:  While I like to have the extra

15   protection, I think the combination of the attachment order,

16   which contains a preliminary injunction, and this new order to

17   show cause with respect to Rachel probably covers everything

18   that was really needed in that TRO.  So I think given that the

19   order of attachment has been signed with the preliminary

20   injunction and this new order to show cause against Rachel, the

21   TRO could probably expire.  I hate to give up some relief that

22   the Court just granted me.

23       THE COURT:  What is the bottom line?

24       MR. WEINSTEIN:  I think the TRO is duplicative at this

25   point, your Honor, because we now have an order of attachment

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

23

78GMINDC2

1  with preliminary injunction with National Settlement Agency and

2  Steven Leff, and we also have an order to show cause with

3  temporary restraints against Rachel Leff.

4      MR. SOSHNICK:  On behalf of Richard Leff I want to

5  underscore that there is a substantial likelihood that the

6  plaintiff will not succeed on the merits as to Richard Leff

7  because he is totally blameless.  He did not have check writing

8  authority with respect to National Settlement Agency accounts.

9  He did not misappropriate any funds, he did not benefit from

10  the misappropriation of any funds --

11      THE COURT:  Are you representing both Steven and

12  Richard Leff?

13      MR. SOSHNICK:  Yes, I am, your Honor.

14      THE COURT:  Are you in a position to represent to me

15  that they do not have a conflict of interest such that they

16  should have separate counsel?

17      MR. SOSHNICK:  Your Honor, I've spoken with both

18  Richard and Steven about that issue and each one understands

19  the very different positions of the other.  They both know me

20  for over 20 years, and we have discussed the potential for a

21  conflict, and they have both indicated to me that they waive

22  any potential conflict with respect to me representing both of

23  them.

24      THE COURT:  I will leave it to Judge Swain to have a

25  Curcio hearing if she wishes.  That would mean that Steven Leff

24

78GMINDC2

1    would have to come to court along with Richard Leff at a Curcio

2    hearing.

3              MR. SOSHNICK:  If that's ordered by the Court.

4              THE COURT:  By Judge Swain, if it's ordered.

5              MR. WEINSTEIN:  For now, your Honor, there is no

6    application against Richard Leff, though.

7              THE COURT:  Is there anything further you need?

8              MR. WEINSTEIN:  No, thank you, your Honor.

9              THE COURT:  The TRO is not extended because it's been

10   replaced by similar relief.  Thank you, counsel.

11                             o0o

12

13

14

15

16

17

18

19

20

21

22

23

24

25