UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
INDYMAC BANK, F.S.B.,

                              Plaintiff,

-against-

NATIONAL SETTLEMENT AGENCY, INC.;
STEVEN M. LEFF; RACHEL M. LEFF;
RICHARD A. LEFF; JOHN DOES 1-100,

                              Defendants.
----------------------------------------------------------------x

Case No.: 07 CV 6865 (LTS)

**AFFIDAVIT**

STATE OF NEW YORK   )
                             ) ss.:
COUNTY OF NEW YORK )

Joseph Antonacci, being duly sworn, deposes and says that:

1. I am the Director of Operations for Sitt Asset Management LLC, the managing agent for the petitioner landlord, 180 Madison Owners LLC ("Landlord"). As such, I am familiar with the facts and circumstances set forth in this affidavit.

2. I submit this affidavit in connection with the issue of the "Commencement Date" as that term is defined in the April 2007 lease (the "Lease") between Landlord and National Settlement Agency, Inc. ("Tenant").

3. Article 22.02 of the Lease provides that the "Tenant shall prepare by a registered architect and/or license professional engineer, at its sole cost and expense … final and complete dimensional architectural, mechanical, electrical and structural drawings for Tenant's Initial Alteration Work."

4. In addition, pursuant to Exhibit C of the Lease, the Landlord agreed to provide "the new building installation based upon Tenant's architectural plans" and that

"Landlord's cost for said new building installation shall not exceed $40.00 psf." (The said work is hereinafter referred to as the "Initial Work.")

5. Tenant hired Barry Holden Architects to prepare drawings in order for the construction of the Initial Work to take place.

6. Subsequent to the Tenant's architect's completion of the drawings and the Landlord's approval thereof, the Landlord bid out the Initial Work to general contractors.

7. When the bids came back, Steven Leff, of the Tenant, advised me that he did not like any of the general contractors that had agreed to perform the Initial Work. Instead, he advised me that that the Tenant would hire its own general contractor. As a result of the foregoing, the Landlord agreed: i) to let the Tenant hire its own general contractor for the Initial Work and ii) to pay up to the amount of the $40.00 per square foot for the cost of the Initial Work as set forth in the Lease. The Tenant hired J&M Industries Inc. ("J&M") as its general contractor for the Initial Work.

8. On or about May 10, 2007, J&M entered into the Tenant's premises and began its work. Thereafter, J&M commenced its performance of the Initial Work as evidenced by the photos annexed hereto as Exhibit A. That the Tenant's contractor commenced work at the Tenant's premises is further evidenced by the invoice from Sitt Asset Management LLC to Tenant annexed hereto as Exhibit B evidencing the freight charges incurred by Tenant as a result of deliveries of materials in connection with the Initial Work.

9. On or about July 9, 2007, J&M walked off the job. Jim Fauci of J&M advised me that it walked off the job because the Tenant was not paying its architect and,

therefore, the architect would not review or approve the progress payments unless he was paid.

10. According to the terms of the Lease, the Commencement Date of the Lease was expected "to be on or about July 1, 2007." (Lease, Art. 2.01.) (The rent commencement date was the Commencement Date subject however to an initial sixty day free rent period. (Lease, Art. 3.02.))

11. There are two significant pieces of evidence demonstrating that the Commencement Date cannot be pushed past the July 1, 2007 date contemplated in the Lease. One is Article 22.03 of the Lease, which states that "any delay in completion of [the Initial Work] caused due to Tenant ... shall not postpone the Commencement Dates as set forth in this Lease." The other is a document is a release that the Tenant signed after it was agreed that J&M would perform the Initial Work. In the release, which is annexed hereto as <u>Exhibit C</u> and dated May 11, 2007, the Tenant states that:

> National Settlement Agency, Inc. further acknowledges that [Landlord] will not be responsible for any delay in the delivery date as long as the delay was not caused by the actions of [Landlord]."

12. As set forth above, the Landlord did not cause the delay in the Initial Work; the Tenant did. Therefore, the Commencement Date should not be delayed past the July 1, 2007 date contemplated by the Lease.

_____
Joseph Antonacci

Sworn to before me this
19th day of February 2008

_____
Notary Public

CHRISTINE PASCUCCI
NOTARY PUBLIC, STATE OF NEW YORK
No. 01PA6070385
QUALIFIED IN RICHMOND COUNTY
MY COMMISSION EXPIRES MARCH 4, 20__

3