UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| INDYMAC BANK, F.S.B., : | Case No.: 07 cv 6865 (LTS)(GWG) |
| Plaintiff, : |  |
| : | **REPLY MEMORANDUM OF LAW** |
| – against – |  |
| : |  |
| NATIONAL SETTLEMENT AGENCY, INC.; : |  |
| STEVEN M. LEFF; RACHEL M. LEFF; RICHARD |  |
| A. LEFF; and OPTAMERICA MORTGAGE, INC., : |  |
| Defendants. : |  |
| : |  |

IndyMac Bank, F.S.B. ("IndyMac") respectfully submits this reply memorandum of law in further support of its motion for judgment and/or turnover against nonparties 180 Madison Owners, LLC and Sitt Asset Management, LLC (collectively, "Landlord").

**Reply**

Landlord concedes they commingled all of the funds. Landlord introduces affidavits and exhibits to support the argument that they delivered possession of Suite 1203 (conceding they never delivered possession of Suite 1201 or the hallway space). Their argument is flawed, self-contradictory and, most importantly, irrelevant.

Landlord has been in this business long enough to know that under New York law, commingling security-deposit funds with personal or operating funds is never justified, and may be considered larcenous. *See People v. Yannett*, 49 N.Y.2d 296, 303, 401 N.E.2d 410, 413, 425 N.Y.S.3d 300, 303 (1980) (withholding trust funds constitutes larceny by embezzlement); *People v. Lyon*, 82 A.D.2d 516, 520, 442 N.Y.S.2d 538, 541 (2d Dep't. 1981) ("the unlawful retention of [security deposit funds] has been held sufficient to sustain an indictment for larceny").

The law is clear: "Commingling of security deposit funds with a landlord's personal funds is a conversion and tenant has an immediate right to recover the funds." *LeRoy v. Sayers*, 217 A.D.2d 63, 68, 635 N.Y.S.2d 217, 221 (1st Dep't 1995) (granting summary judgment against landlord).

The right of setoff does not apply to the converted funds; rather, it applies only to mutual debts, *i.e.*, when they are due to and from the same persons in the same capacity. *See Westinghouse Credit Corp. v. D'Urso*, 278 F.3d 138, 149 (2d Cir. 2002) (finding lack of mutuality where one party asserts rights as trust beneficiary and the other asserts a contractual obligation); *Matter of Margolis & Meadow*, 252 A.D. 513, 514, 299 N.Y.S. 873 (1st Dep't 1937) (allowing set-off would ratify the diversion); *Ruzicka v. Rager*, 305 N.Y. 191, 199; 111 N.E.2d 878, 882 (1953) (same rule of mutuality applies to counterclaims). Landlord converted NSA's money immediately upon receipt. IndyMac is seeking turnover from Landlord in their capacity as trustee. Landlord is improperly seeking a set off or counterclaim (against the turnover) in a different capacity—as a creditor of NSA's alleged rent obligations.

Landlord's sole case precedent, *Pollack v. Springer*,[1] has been discredited. Its authority was questioned by the Second Circuit Court of Appeals. *See Fore Improvement Corp. v. Selig*, 278 F.2d 143, 146 (2d Cir. 1960) ("It is not altogether clear that *Pollack v. Springer* represents the prevailing view in New York at the moment"). It was then criticized by the Appellate Division, Second Department in the leading case *Matter of Perfection Tech. Servs. Press, Inc.*,

---

[1] 195 Misc. 523, 91 N.Y.S.2d 847 (N.Y. City Ct.), *modified*, 196 Misc. 1015, 95 N.Y.S.2d 527(N.Y. Sup. Ct. 1949). Landlord also cites selectively from New York Jurisprudence (Second), for the proposition that a security deposit is not a conventional trust, because the tenant's right to the money is contingent on his satisfying his obligations to the landlord. N.Y. Jur. 2d, Landlord and Tenant, § 647. But as the section expressly states, this presupposes that the landlord has not commingled the funds. In such a case, as stated in the very next section—conspicuously absent from Landlord's brief—the landlord forfeits all rights. *Id.*, § 648.

22 A.D.2d 352, 356, 256 N.Y.S.2d 166, 169 (2d Dep't 1965), *aff'd without opinion*, 18 N.Y.2d 644, 219 N.E.2d 424, 273 N.Y.S.2d 71 (1966).

Landlord tries without success to squirm out of the law, by arguing that they obtained a judgment against NSA before IndyMac filed this motion—a clearly irrelevant fact. IndyMac's order of attachment (*see* Stipulation, Exhibit A), and the Marshal's levy upon Landlord (Exhibit B), predate the judgment (Exhibit F). Moreover, the judgment is purely possessory and has no money component.

Nor is the judgment *res judicata*, for purposes of the commencement date of the lease. The doctrine does not apply to a default judgment in a summary eviction proceeding that is based only upon Landlord counsel's verified petition.[2] For the doctrine to apply, the sworn statement must be made by the petitioner, not his counsel. *Brown v. Mayor*, 66 N.Y. 385, 391 (1876); *Steiger v. Feldman*, 94 Misc. 243, 244, 157 N.Y.S. 1042, 1043 (N.Y. Sup. Ct. 1916). The case cited by Landlord, *Feeney v. Licari*, did not involve a summary proceeding by a landlord against a tenant.

As for the commencement date of Suite 1203, Landlord submits no evidence establishing that the contractor walked off because they had not been paid. On the contrary, Landlord concedes that they agreed to pay the contractor (up to $40.00 per square foot), but submits no proof that they made any payment.

Even if the walk-off was attributed to NSA, and the work is deemed "substantially completed" so as to be ready for Landlord's required delivery, it does not automatically follow that the lease term commenced. The lease requires that Landlord provide NSA with 15-day's

---

[2] In the petition, Landlord's counsel alleges "Respondent . . . is the tenant of the Premises who entered into possession thereof under the [Lease]." (Exhibit K, ¶ 2).

prior, written notice as to the Commencement Date. (Exhibit C, § 12.01). No such notice was given.

Finally, Landlord argues that their delivery of keys to NSA's contractor on May 9, 2007 constitutes delivery of possession. This is inconsistent with their argument that delivery was made on July 1, 2007. Landlord never delivered possession of Suite 1203.

## Conclusion

Landlord had no right to disregard the Marshal's levy and hold the funds they converted, as a setoff against supposed rent obligations. This Court should enter judgment against Landlord and order Landlord to turn over (to the U.S. Marshal) all funds they received from NSA, plus interest from April 17, 2007, when the funds were converted (by deposit into Landlord's operating account).

Dated: New York, New York
      April 8, 2008

                                  **FELDMAN WEINSTEIN & SMITH LLP**
                                  Attorneys for IndyMac Bank, F.S.B.

                     By:    s/Eric Weinstein_____
                               Eric Weinstein (EW 5423)
                               David J. Galalis (DG 1654)
                               Yong Hak Kim (of counsel)
                               420 Lexington Avenue, Ste. 2620
                               New York, NY 10170
                               (212) 869-7000