UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
INDYMAC BANK, F.S.B.,                     Case No.: 07 CV 6865 (LTS)

                       Plaintiff,

-against-

NATIONAL SETTLEMENT AGENCY, INC.;
STEVEN M. LEFF; RACHEL M. LEFF;
RICHARD A. LEFF; JOHN DOES 1-100,

                       Defendants.
---------------------------------------------------------------x

      OBJECTIONS OF SITT ASSET MANAGEMENT LLC AND 180
      MADISON OWNERS LLC TO REPORT AND RECOMMENDATIONS
      OF GABRIEL GORENSTEIN DATED AUGUST 14, 2008 GRANTING
      PLAINTIFF'S MOTION FOR A TURNOVER ORDER.

Pursuant to Federal Rules of Civil Procedure 72(b)(2), 180 MADISON OWNERS LLC and SITT ASSET MANAGEMENT LLC ("Landlord") hereby submit their objections to the Report and Recommendation of United States Magistrate Judge Gabriel Gorenstein dated August 14, 2008 (the "Report"). The Report granted the motion of the plaintiff, INDYMAC BANK, F.S.B. ("Plaintiff"), which sought a turnover order in the principal amount of $141,766.68 (the "Funds") as against Landlord.

Plaintiff's turnover motion alleged that Landlord or its managing agent, Sitt Asset Management LLC, failed to segregate the sum of $141,766.68, which defendant NATIONAL SETTLEMENT AGENCY, INC. ("NSA") paid to Landlord as first month's rent and rent security deposit. According to Plaintiff, as a judgment creditor of NSA, it is entitled to a turnover of the Funds pursuant to N.Y. Gen. Oblig. Law §7-103. The Report adopted Plaintiff's argument and granted its motion.

1

Significantly however, as discussed below and established in the record before Magistrate Gorenstein, only a portion of the Funds that NSA turned over to Landlord constituted a security deposit that would even be subject to the provisions of N.Y. Gen. Oblig. Law §7-103. The balance of the Funds, which was tendered to Landlord as a first month's rent, is not subject to N.Y. Gen. Oblig. Law §7-103 and therefore is not susceptible to any turnover order.

For the foregoing reason, and additional grounds discussed below, Landlord objects to the Report.

## STATEMENT OF FACTS

The following facts, insofar as they are pertinent to Landlord's objection and presented to Magistrate Gorenstein are set forth hereinbelow.

In April 2007, Landlord leased to NSA, and NSA hired from Landlord Suite 1203 and Suite 1201 and a hallway space at 180 Madison Avenue, New York, New York 10016 (the "Premises").

On April 26, 2007, NSA tendered two bank checks to Landlord. One was check number 781319526, in the sum of $113,413.34, while the other was check number 781319527, in the sum of $28,353.34. (A copy of these two checks is annexed as Exhibit D to the Stipulation of Documents, which was submitted to Magistrate Gorenstein.)

Check number 781319527, in the sum of $28,353.34, accounted for the first month's rent for Suite 1203 as set forth in Article 3.01 in the Lease in the sum of $25,100.00. The balance of this check went to the first month's rent for suite 1201 and

the hallway space in the sum of $3,253.34 as set forth in Exhibit B of the Lease. (The Lease was attached as Exhibit C to the Stipulation of Documents.)

Check number 781319526, in the sum of $113,413.34, went for the security deposit for: i) Suite 1203 in the sum of $100,400.00 and ii) suite 1201 and hallway space in the sum of $13,113.34, all in accordance with Article 31 of the Lease.

Thus, significantly, of the $141,766.68 in Funds that NSA tendered to Landlord, the sum of $28,353.34 represents a first month's rent payment. In the Report, Magistrate Gorenstein concluded that in addition to the security deposit tendered by NSA to Landlord (in the sum of $113,413.34) being subject to the turnover order, NSA's payment of first month's rent for Suite 1203 and 1201 was also subject to turnover under N.Y. Gen. Oblig. Law §7-103. For the reasons that follow, this was error.

**ARGUMENT**

I. Landlord is Entitled to Keep the First
   Month's Rent for Suite 1203 and Suite 1201

It is undisputed that other than the first month's fixed rent in the sum of $25,100.00 NSA paid for upon the execution of the Lease, NSA did not pay any rent or additional rent for Suite 1203. The arrears for Suite 1203 totaled $115,015.20 through January 2008. (See Exhibit E to Stipulation of Documents.) Similarly, NSA never paid any rent for Suite 1201 and the Hallway Space. For the reasons set forth in pages 11 and 12 of Landlord's Memorandum of Law in opposition to Plaintiff's turnover motion, Landlord was entitled to payment of at least the first month's rent for Suite 1201 and the Hallway Space.

> N.Y. Gen. Oblig. Law §7-103 states in pertinent part that:
>
> 1. Whenever money shall be deposited or advanced on a contract or license agreement for the use or rental of real property as security for performance of the contract or agreement or to be applied to payments upon such contract or agreement when due, such money, with interest accruing thereon, if any, until repaid or so applied, shall continue to be the money of the person making such deposit or advance and shall be held in trust by the person with whom such deposit or advance shall be made and shall not be mingled with the personal moneys or become an asset of the person receiving the same

The above quoted statutory language makes clear that N.Y. Gen. Oblig. Law §7-103 only applies to monies deposited or advanced "as security for performance of the contract or agreement." Case law clearly supports the proposition that N.Y. Gen. Oblig. Law §7-103 only applies to security deposits. (See e.g. JA-MO ASSOCIATES, INC. v. 56 FULTON ST. GARAGE CORP. et. al 30 A.D.2d 287, 291 N.Y.S.2d 62 (1st Dept. 1968) where the Appellate Division refused to return to plaintiff monies deposited with the landlord where the landlord was not required to hold the funds "as security in trust pursuant to the provisions of section 7-103." Id. at 290, 65; and MERCANTILE EXCHANGE LEASING CORPORATION v. ASTOR-BROADWAY HOLDING CORP., 4 Misc.2d 135, 159 N.Y.S.2d 1003 (Sup. Ct. New York Co. 1956) where the court held that "as to the second cause of action, section 233 of the Real Property Law must be strictly construed as relating to deposit of security for performance of the lease with respect to the use of the property as a tenant." Id. at 136, 1005. (Section 233 of the Real Property Law is the predecessor statute to N.Y. Gen. Oblig. Law §7-103.)

The Report did not recognize the distinction. Instead, the Report simply cites to LeRoy v. Sayers, 217 A.D.2d 63, 635 N.Y.S.2d 217 (1st Dept. 1995) for the proposition that N.Y. Gen. Oblig. Law §7-103 also applies to "rent advances." (Report, p.

6-7). However, LeRoy v. Sayers is a very distinguishable case from the one at bar because in that case the premises leased by the plaintiff- tenant was destroyed by fire before the tenant could even move in. But, in the case at bar, as established by the affidavits of Joseph Antonacci and Salim Kukaj and Landlord's accompanying Memorandum of Law, the "Commencement Date" occurred as of July 1, 2007 under the terms of the Lease thereby triggering NSA's obligation to have paid rent as of that date.

The foregoing constitutes error and should not be incorporated as part of this court's decision in this matter.

II.  Plaintiff is not Entitled to a Return of the
     Security Deposit as a Result of any Commingling

The Report also concluded that the leading case cited by Landlord, Pollack v. Springer 195 Misc. 523, 91 N.Y.S2d 847 (Civ. Ct., Bronx Co. 1949) *modified* 196 Misc. 1015, 95 N.Y.S.2d 527 (A.T. 1st Dept. 1949), was inapplicable to the case at bar.

In Pollack v. Springer (*Supra*), the landlord had obtained a judgment for rent arrears the tenant sought to recover his security deposit based upon a violation of the predecessor statute to N.Y. Gen. Oblig. Law §7-103(1). The Civil Court granted the tenant's request for relief finding that the judgment that the landlord had previously obtained for the rent arrears could not be offset against the tenant's claim. Significantly, however, the Appellate Term, First Department, which has jurisdiction over Bronx and New York counties, modified the Civil Court's ruling to hold that the prior judgment obtained against the tenant could be offset against the tenant's claim for a return of the security deposit.

5

The same rule should be applied to the case at bar, particular since there is no dispute that NSA has failed to pay the arrears through March 2008.

## CONCLUSION

For the foregoing reasons, the recommendations in the Report should be rejected.

Dated: New York, New York
August 22, 2008

CYRULI SHANKS HART & ZIZMOR LLP

By: _____
Marc J. Schneider (MS 3438)

Attorneys for Sitt Asset Management, LLC and 180 Madison Owners, LLC

420 Lexington Avenue, Suite 2320
New York, New York 10170
(212) 661-6800