UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| INDYMAC BANK, F.S.B., | Case No.: 07 cv 6865 (LTS) (GWG) |
| Plaintiff, | |
| – against – | **RESPONSE TO OBJECTIONS TO THE REPORT AND RECOMMENDATIONS** |
| NATIONAL SETTLEMENT AGENCY, INC.; STEVEN M. LEFF; RACHEL M. LEFF; RICHARD A. LEFF; and OPTAMERICA MORTGAGE, INC., | |
| Defendants. | |

IndyMac Bank, F.S.B., pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, respectfully submits this memorandum responding to the objections filed by 180 Madison Owners, LLC and Sitt Asset Management, LLC (hereinafter collectively, "Landlord"), to the Report and Recommendations of United States Magistrate Judge Gabriel W. Gorenstein, dated August 14, 2008 (hereinafter, the "Report").

**The Entire Commingling is Governed by Statute**

Landlord argues first that of the $141,766.68 at issue (*i.e.*, tendered to Landlord, commingled, and subject to turnover), $28,353.34 should not be turned over because that sum represents first-month's rent, not security deposit.

Under the applicable statute, this is a distinction without a difference. The statue applies equally to rent advances:

> Whenever money shall be deposited or advanced on a contract . . . for the use or rental of real property as security . . . *or to be applied to payments upon such contract* . . . such money, with interest accruing thereon . . . until repaid or so applied, shall continue to be the money of the person making such deposit or advance and shall

>be held in trust by the person with whom such deposit or advance shall be made and shall not be mingled with the personal monies or become an asset of the person receiving same.

N.Y. Gen. Oblig. Law § 7-103 (emphasis supplied).  By Landlord's admission, the rent advance of $28,353.34 was commingled upon deposit before it was applied to payment upon the contract, *i.e.*, the lease.

Landlord's argument that the statute "only applies to security deposits" fares no better under the two cases cited, either.  *Ja-Mo Assocs., Inc. v. 56 Fulton Street Garage Corp.*, 30 A.D.2d 287, 291 N.Y.S.2d 62 (1st Dep't 1968); *Mercantile Exchange Leasing Corp. v. Astor-Broadway Holding Corp.*, 4 Misc.2d 135, 159 N.Y.S.2d 1003 (New York Sup. Ct. 1956), *modified*, 3 A.D.2d 833, 161 N.Y.S.2d 677 (1st Dep't 1957), *aff'd w'out opinion*, 4 N.Y.2d 910, 151 N.E.2d 92, 174 N.Y.S.2d 661 (1958).

The *Ja-Mo* case is easily distinguishable.  The tenant's payment to the landlord—by the express, unambiguous, contract between them—was not a security deposit or rent advance, but a loan, secured by a mortgage, to allow the landlord pay off its various debts to enable it to acquire title to the premises and be in a position to enter into the proposed lease.  *See In re Ampitheatre, Inc.*, 405 F.2d 309, 312 (2d Cir. 1968) (explaining the decision).  Landlord here presented no such facts and made no such argument.

The *Mercantile Exchange* case was apparently cited in error: it was modified on appeal.  The plaintiff paid a $25,000 deposit to the landlord, cancelled the lease, brought an action under for return of the money for violation of the predecessor statute.  The lower (supreme) court held that the $25,000 deposit was not covered by the statute.  The Appellate Division, First Department modified the decision, holding judgment for return of the money "should have been

granted" because the deposit "falls within the statute" and the landlord "commingl[ed] the money deposited with its own funds." 3 A.D.2d at 833, 161 N.Y.S.2d at 677.

Landlord lamely attempts to distinguish a case on-point. In *LeRoy v. Sayers*, 217 A.D.2d 63, 69, 635 N.Y.S.2d 217 (1st Dep't 1995), the Appellate Division, First Department, was clear in stating that the statute applies to rent advances. Likewise here, Landlord violated the statute by commingling upon deposit (on April 18, 2007)—before the tenant had yet moved in; indeed, before the date Landlord alleges was the commencement date of the lease.

Landlord's second argument is that the entire sum is not subject to turnover, relying (again) exclusively on *Pollack v. Springer*, 195 Misc. 523, 91 N.Y.S.2d 847 (Bronx Civ. Ct.), *modified*, 196 Misc. 1015, 95 N.Y.S.2d 527 (App. Term 1949). As a preliminary matter, and as pointed out in the Report, the case is distinguishable because the landlord had obtained a money judgment against the tenant, whereas here Landlord obtained only a judgment of eviction, not a money judgment.

Moreover, Landlord overstates the precedential value of that case, by trumpeting that it was decided by the "Appellate Term, First Department, which has jurisdiction over Bronx and New York Counties." The appellate *term* is not the appellate *division*. The appellate term consists of two or three supreme-court justices assigned to hear appeals from certain lower courts, including (in the case at issue) Bronx Civil Court, and appeals from the appellate term go to the appellate division. *See* David D. Siegel, *New York Practice*, § 13 at p. 17 (4th ed.). And as the Report made clear, the several decisions of the appellate division and the Second Circuit Court of Appeals have cast discredit upon the *Pollack v. Springer* case.

**Judgment Should Enter in the Amount of $141,766.68 Plus
Prejudgment Interest of 9% per Annum from the Date of Commingling**

In the Report's conclusion, Magistrate Judge Gorenstein recommended judgment in the amount of $141,766.68 plus prejudgment interest, as well as "briefing on the amount and rate of interest." Because this is a diversity case, issues bearing on prejudgment interest are governed by state law. *Baker v. Dorfman*, 239 F.3d 415, 425-26 (2d Cir. 2000). Under section 5001 of the New York Civil Practice Law and Rules (CPLR), prejudgment interest is awarded from the date the cause of action existed—here, on April 18, 2007, when Landlord commingled the funds. *See id*; *see also Computer Enter., Inc. v. Aronson*, 2002 U.S. Dist. LEXIS 7150 at *31 (S.D.N.Y., Apr. 19, 2002) (citing New York cases for the proposition that CPLR 5001 applies "to actions that sound in conversion."). Under CPLR 5004, the rate of interest is nine percent per annum.

**Conclusion**

In this most recent round of briefing, Landlord misreads the statute and cites bad and irrelevant law. The Court should adopt the Report, and award judgment in the amount of $141,766.68 plus prejudgment interest at the statutory rate of nine percent per annum from April 18, 2007.

Dated: New York, New York
September 3, 2008

                                         **FELDMAN WEINSTEIN & SMITH LLP**
                                         Attorneys for IndyMac Bank, F.S.B.

By:    s/Eric Weinstein_____
         Eric Weinstein (EW 5423)
         David J. Galalis (DG 1654)
         Yong Hak Kim (of counsel)
         420 Lexington Avenue, Ste. 2620
         New York, NY 10170
         (212) 869-7000