```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
```

INDYMAC BANK, F.S.B.,

       Plaintiff,

  -v-                                              No.  07 Civ. 6865 (LTS)(GWG)

NATIONAL SETTLEMENT AGENCY, INC.,
et al.,

       Defendant.

```
-------------------------------------------------------x
```

In re: Special Proceeding Brought by IndyMac
Bank, F.S.B. against 180 Madison Owners
LLC and Sitt Asset Management, LLC

```
-------------------------------------------------------x
```

### MEMORANDUM ORDER AND OPINION ADOPTING
### REPORT AND RECOMMENDATION

        On August 14, 2008, Magistrate Judge Gabriel W. Gorenstein issued a Report and

Recommendation ("Report") recommending that the turnover motion of IndyMac Bank, F.S.B.

("IndyMac") be granted and that 180 Madison Owners, LLC, and Sitt Asset Management, LLC

("the Landlord"), be directed to pay IndyMac the sum of $141,766.68, plus pre-judgment interest.

(Docket Entry No. 92.)  Timely objections to the Report were received from the Landlord.

IndyMac filed a response to the Landlord's objections, without making any objections of its own.

The Court has reviewed thoroughly all of these submissions, including IndyMac's submissions on

the rate of interest.

        When reviewing a Report and Recommendation, the Court "may accept, reject or

modify, in whole or in part, the findings or recommendations made by the magistrate judge". 28 U.S.C.A. § 636(b)(1)(C) (West. Supp. 2006). The court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343 (WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992). Objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate judge's proposal. Camardo, 806 F. Supp. at 381-82.

The Court has considered thoroughly the Landlord's objections and has considered de novo the points raised. Familiarity with the proceedings and documents provided by the parties, as well as the contents of the Report itself, is presumed. For the following reasons, the Court adopts Judge Gorenstein's recommended conclusion and orders that the Landlord pay IndyMac the sum of $141,766.68, plus pre-judgment interest.

The Landlord's objections assert that the Report erred as follows: 1) the Report did not treat as separate the check for the sum of $28,353.34, which was to be paid against the first month's rent and therefore did not fall within the ambit of N.Y. Gen. Oblig. Law § 7-103; and 2) the Report incorrectly applied Pollack v. Springer, 91 N.Y.S.2d 847 (Civ. Ct., Bronx Co. 1949), *modified*, 95 N.Y.S.2d 527 (N.Y. App. Term 1st Dept. 1949).

Section 7-103 of the General Obligations Law provides, in relevant part, that:

1. Whenever money shall be deposited or advanced on a contract or license

> agreement for the use or rental of real property as security for performance of the contract or agreement or to be applied to payments upon such contract or agreement when due, such money, with interest accruing thereon, if any, until repaid or so applied, shall continue to be the money of the person making such deposit or advance and shall be held in trust by the person with whom such deposit or advance shall be made and shall not be mingled with the personal moneys or become an asset of the person receiving the same . . . .

N.Y. Gen. Oblig. Law § 7-103(1) (McKinney 2001). The Landlord contends that the check for the first month's rent is not covered by this provision upon the theory that the statute applies only to monies deposited or advanced as security for performance of the contract or agreement. However, the statute also specifically covers monies deposited or advanced "to be applied to payments upon such contract or agreement when due." The check in the amount of $28,353.34 was paid by National Settlement Agency, Inc. ("NSA"), pursuant to the Agreement of Lease ("the Lease") between the Landlord and NSA. It was dated April 18, 2007, and the "Commencement Date" of the Lease was to be "on or about July 1, 2007." (Docket Entry No. 87, Exhibit C.) In light of the fact that the Lease provided that rent came due in the first calender month of the "Term" (defined as the period beginning on the Commencement Date), the rent payment of $28,353.34 constituted "money . . . advanced on a contract . . . to be applied to payments upon such contract or agreement" and fell within the plain language of section 7-103. Therefore, when the Landlord deposited this check, along with the other in the sum of $113,413.34, into a general operating account, it did so in contravention of N.Y. Gen. Oblig. Law § 7-103.

Next, the Landlord makes a general objection to the Report's finding that the Landlord is not entitled to set off the rent arrears due under the Lease against the total amount of the checks. The Landlord contends that <u>Pollack</u> allows it to use the judgment it obtained on November 23, 2007, against NSA to apply the security deposit and other money advanced on the

contract to satisfy its rental arrears.  However, the Landlord does not contest the Report's factual finding that the November 23, 2007, judgment was entered in the amount of $0.00, nor was that finding clearly erroneous.  (Docket Entry No. 87, Exhibit F.)  Therefore, even if Pollack were to apply, the Landlord would not have been entitled to set off any amount of the sums advanced to it by NSA pursuant to this judgment.

The Court has also thoroughly considered the remaining findings of fact and conclusions of law contained in the Report to which neither of the parties raised objections.  After such careful consideration, the Court finds no clear error.

For the foregoing reasons, the Court adopts the Report and accepts its recommendation that 180 Madison Owners, LLC, and Sitt Asset Management, LLC, be directed to pay to IndyMac the sum of $141,766.68, plus pre-judgment interest.  N.Y. C.P.L.R. § 5004 provides that interest is calculated at a rate of nine percent.  Furthermore, N.Y. C.P.L.R. § 5001(b) states that interest should be computed from the "earliest ascertainable date the cause of action existed."  In this case, that date with respect to NSA was May 1, 2007, the date on which the Landlord recorded the relevant payments on its Tenant Ledgers.  (Docket Entry No. 87, Exhibits E and G.)

## CONCLUSION

The Court hereby grants Indymac's turnover motion and adopts Judge Gorenstein's Report.  180 Madison Owners, LLC, and Sitt Asset Management, LLC, are hereby directed, jointly and severally, to pay to IndyMac the sum of $141,766.68, plus pre-judgment interest at the statutory rate of nine per centum per annum from May 1, 2007, through the date of this judgment.  The Clerk

of Court is respectfully requested to enter judgment accordingly and to terminate Docket Entries Nos. 81 and 82.

SO ORDERED.

Dated: New York, New York
October 31, 2008

_____
LAURA TAYLOR SWAIN
United States District Judge